**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br>            Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br>            Defendant. | Case No. 7:24-cv-00033-DC-DTG <br><br> **JURY TRIAL DEMANDED** |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to the Court's May 6, 2024 Order Setting Initial Pretrial Conference ("May 6 Order," Dkt. 26) and Local Rule CV-16, Plaintiff VirtaMove, Corp. ("Plaintiff" or "VirtaMove") and Defendant Google LLC ("Defendant" or "Google") submit their Joint Discovery/Case Management Plan.

The Parties jointly agree that Judge Counts' Order Governing Patent Proceedings ("Midland OGP") governs this case. The parties have met and conferred and are submitting separate proposed schedules as detailed below.

***Questions in May 6 Order***: The Parties provide the following responses to the questions from the Court's May 6 Order:

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

No issues exist regarding jurisdiction.

**2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

**3. What are the causes of action, defenses, and counterclaims pled?**

VirtaMove's Complaint accuses Google of infringing U.S. Patent Nos. 7,519,814 ("the '814 patent") and 7,784,058 ("the '058 patent"), by making, using, selling, offering for sale, and/or importing into the United States the Accused Product, which the Complaint identifies as Google's Migrate to Containers. The current legal issues in dispute raised by VirtaMove's Complaint, which may change as the case progresses include,

A.  The proper construction of the asserted claims of the Asserted Patents;

B.  Whether Google infringes the Asserted Patents under 35 U.S.C. § 271;

C.  The nature and amount of damages and interest, if any, to which VirtaMove is entitled;

D.  The nature and amount of costs and reasonable attorney's fees, if any, to which VirtaMove is entitled; and

E.  Whether this case is exceptional within the meaning of 35 U.S.C. § 285.

On April 23, Google filed a Motion to Dismiss (Dkt. 21), on the following grounds: (1) VirtaMove fails to provide plausible allegations of direct infringement by Google's Migrate to Containers product, (2) VirtaMove fails to allege key legal requirements for indirect infringement, (3) VirtaMove fails to adequately plead the knowledge requirement for pre-suit indirect infringement and compliance with the marking statute as required for pre-suit damages, and (4) the Asserted Patents are ineligible under 35 U.S.C. § 101.  On May 21, VirtaMove filed an Amended Complaint.  Google response is currently due June 4.

Google has not yet answered the Complaint, but Google intends to plead defenses of non-infringement, invalidity, failure to mark/limitation of damages, and may also plead defenses of prosecution history estoppel, and unenforceability, among other defenses. Google also seeks costs and reasonable attorney's fees and a declaration VirtaMove's case is exceptional within the meaning of 35 U.S.C. § 285.

**4.  Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties have not stipulated to any facts, but will negotiate in good faith to determine if any factual issues may be resolved and/or stipulated that streamline the case.  The parties expect to be able to reach stipulations on the file histories of the asserted patents, and other authenticity issues.

**5.  State the parties' view and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

The parties generally agree that the discovery plan should default to what is set in the Midland OGP.  The Midland OGP sets the default discovery limits for interrogatories, RFA's, RFP's, depositions, and expert depositions. The parties agree to these limits for general discovery. Regarding expert depositions, should additional time be necessary, the parties will meet and confer in good faith about additional time.  For example, if an expert opines on more than one patent, additional deposition time may be necessary.

The Parties agree that electronic service of documents between the parties is adequate means of service of documents pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Google has provided VirtaMove with a draft of a proposed Protective Order and Electronically Stored Information ("ESI") Order on May 17.

**Discovery Dispute Procedure**:

VirtaMove's Position: The Midland OGP lacks a discovery dispute procedure. VirtaMove proposes that for general discovery disputes, the parties will raise them with the Court by emailing TXWDml_NoJudge_Chambers_WA_JudgeGilliland@txwd.uscourts.gov with a joint dispute chart that is otherwise in accordance with the procedures set in Judge Albright's OGP.

Google's Position:  Google seeks the Court's guidance as to the appropriate discovery dispute procedure to follow in this case, including whether it should be the procedures set forth in Judge Albright's OGP given that the case was filed in the Midland/Odessa Division and not the Waco Division.

**Protective Order and ESI Order**:

VirtaMove's Position: VirtaMove received Google's draft Protective Order that proposes a non-mutual prosecution and acquisition bar that prohibits only VirtaMove from participating in post-grant proceedings (e.g., IPR's, *ex parte* reexamination proceedings), as well as prohibiting VirtaMove (not an NPE) from acquiring patents on related technology.  VirtaMove notified Google on May 23, 2024 that any prohibition should be mutual, that prosecution bars should be limited to the drafting or amendments of claims and specifications, and that an acquisition bar is improper. VirtaMove would appreciate any guidance the Court may have on these issues that may become highly contentious.

As to the ESI order, the OGP requires good cause for seeking email discovery, but Question 6 from Appendix N appears to contemplate ESI production. VirtaMove requests the Court's guidance as to the conflicting suggestions.

Google's Position: VirtaMove's request for "guidance" is premature.  Although Google provided its proposed draft Protective Order and ESI Order on May 17, VirtaMove has provided

no specific comments or redlines to these proposals, nor have the parties met and conferred as to them.  VirtaMove simply informed Google that it did not agree to certain provisions noted above and would be seeking Court guidance in this document. Google informed VirtaMove that this was inappropriate and requested that the parties meet and confer first and present any disputes to the Court as needed.  VirtaMove refused.  Google requests that the Court allow the parties to complete their meet and confer and present issues as needed in the normal course.

As to the specific points VirtaMove raises, to the extent the Court is inclined to address them before the parties have met and conferred, prosecution and acquisition bars are typical in patent litigation. VirtaMove presents no reasoned basis for its expressed concerns in the draft Protective Order Google sent to VirtaMove and indicates it simply does not agree with them as written. There is no practical way for the Court or Google to address these concerns before the parties have met and conferred and the Court should reject VirtaMove's request for guidance to Google's prejudice without the context that would be appropriate and necessary for both the Court and Google to address disputes.

The Midland OGP is clear as to email discovery and the parties should follow it.  There is nothing "conflicting" in Appendix N, as VirtaMove states.  Appendix N simply poses questions.

**Deposition time**:

VirtaMove's Position: Depositions should not count as 3 hour minimum. A witness may simply not be knowledgeable, or a witness (especially third parties) may not show up for their depositions. Plaintiff will not hold inefficient depositions.

Google's Position: Each deposition should count as a minimum of 3 hours of time to deter inefficient, wasteful depositions. This presents abuse of the deposition process where there are only hours limit preventing taking of numerous short depositions, while still allowing for more

than the ten depositions limit under F.R.C.P. 30(2)(A)(i).  VirtaMove's concerns are illusory.  If a witness does not show up, that would not count as three hours.  And it is unclear in what circumstance a deposition would be appropriately taken where the witness has no knowledge.

**6.   What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

Discovery has not commenced in this case. Discovery is expected to proceed as described in the Midland OGP, which includes potential venue/jurisdictional discovery, followed by claim construction discovery, with general discovery beginning the day after the initially set *Markman* hearing date.

**Expected non-venue discovery:**

VirtaMove's Position: Discovery will be needed on all issues relevant to its infringement allegations, including technical documents and source code inspection.  Discovery will be needed on damages, including Google's sales and revenue related to the accused products, comparable licenses, and other documents relevant to the *Georgia Pacific* factors in determining a reasonable royalty. Discovery will also be needed on Google's pre-suit knowledge of VirtaMove and its patents.

Google's Position: Discovery will be needed on all issues relevant to Google's defenses to VirtaMove's claims of patent infringement and damages, including any documents and things listed in VirtaMove's Statement above. Specifically, Google will require discovery on the following issues:

a. VirtaMove's contentions for patent infringement of the asserted patents;

b. VirtaMove's contention that it is owed damages for Google's alleged infringement of the asserted patents;

c. damages related discovery, including license agreements and other documents relevant to the *Georgia Pacific* factors in determining a reasonable royalty;

d. the invalidity of the asserted patents, including any third party prior art to the asserted patents;

f. any inequitable conduct conducted by VirtaMove, the prior assignees of the asserted patent, the patent prosecutors involved in prosecuting the asserted patents, the inventors, and others involved in the prosecution of the asserted patents;

g. the unenforceability of any or all of the asserted patents;

h. VirtaMove's standing to sue Google for infringement of the asserted patents;

i. What a reasonable royalty is for the infringement according to the *Georgia Pacific* factors; and

j. any limitation to damages, such as a license or failure to mark.

Google reserves the right to seek discovery on any and all other topics pertinent to this dispute that may be identified based on initial disclosures and further proceedings in the case.

**Venue discovery:**

VirtaMove's Position: VirtaMove proposes that if a venue or jurisdictional motion is filed, that all general discovery immediately open. This will allow the Court to have the most specific and reliable evidence to decide any venue or jurisdictional issues. Given how complex and fact-intensive venue discovery has become in view of recent cases and the conflict of laws between the Fifth Circuit and the Federal Circuit, VirtaMove will at minimum seek leave to serve more than the default limits of venue and jurisdictional discovery.

Google's Position: Google is continuing its investigation as to whether it will file a motion to transfer.  Google's investigation is hampered by VirtaMove's failure to provide plausible

allegations of infringement as to the Accused Product such that Google can determine what is actually accused. Dkt. 21, 3-5. Regardless, Google opposes opening all general discovery immediately upon the filing of a venue or jurisdictional motion and proposes that the parties follow the Midland OGP: "Except regarding venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the Markman hearing. Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant it."

VirtaMove's vague reference to "recent cases" and "conflict of laws" provides no basis to depart from this rule, much less why "specific and reliable evidence," whatever that means, cannot be obtained using the Court's normal procedures and limits patent cases.  To the extent VirtaMove contends venue related discovery is needed in this case beyond the default limits, the parties should meet and confer regarding what "limited" additional discovery VirtaMove seeks and the "exceptional circumstances" that VirtaMove contends require it.  But doing so now, especially without any pending venue motion, is premature.

**7.  What, if any, discovery disputes exist?**

There are no discovery disputes at this time.

**8.  Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have not discussed filing a proposed order pursuant to FRE 502, but are agreeable to discussions and receiving the Court's guidance on the desirability of doing so.

9.  **Have the parties discussed early mediation?**

The parties have not discussed early mediation but appreciates any guidance the Court may give on whether it intends to require mediation.

*Appendix N*: The Parties provide the following responses to the remaining default standard questions from the Appendix N not addressed above:

**6. Are there any issues about preservation of discoverable information? and 7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The Midland OGP addresses electronically-stored information. The parties agree to this limitation and procedure, except that VirtaMove seeks clarification on how this conflicts with Appendix N. As noted above, Google has also sent VirtaMove a draft proposed ESI Order that addresses these issues and does not agree there is any conflict with Appendix N.

**9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties have not made initial disclosures.

*Other issues*:

The parties met and conferred but could not reach agreement on a schedule.  Thus, the parties are submitting competing proposed scheduling orders. VirtaMove's proposals are in Schedules A-1, A-2, B-1, and B-2.  Google's Proposal is in Schedule C.

VirtaMove's position: The related case *VirtaMove, Corp. v. Amazon.com, Inc.*, No. 7:24-cv-00030-DC-DTG is also referred to Judge Gilliland and involves the same asserted patents as in this case against Google.  VirtaMove suggests that these cases be set on the same schedule and/or consolidated for efficiency, as the Court sees fit.  VirtaMove proposes **Schedule A-1 (clean) and A-2 (with notes)**, which allows time in June for the Court to schedule a case management conference for the *Amazon* case. All deadlines thereafter are set using July 9, 2024 as the initial

infringement contention deadline date, with deadlines thereafter generally in accordance with the OGP, with minor adjustments for holidays. VirtaMove recommends this schedule to synchronize the cases in the interest of efficiency, with the lowered numbered case having priority for trial.

VirtaMove proposes **Schedule B-1 (clean) and B-2 (with notes)** to accommodate Google's argument that infringement contentions were already due, and that Google should receive a 2-week invalidity contention extension for every week of extensions on the infringement contentions. Judge Counts usually enters an "Order for Scheduling Recommendations" that explicitly sets an initial deadline for infringement contentions, in accordance with his OGP. *See, e.g., Resonant Systems, Inc. v. Apple Inc.,* No. MO:23-cv-00077, Dkt. 31 (W.D. Tex. Aug. 30, 2023). Despite this specific order missing from the docket in this pending case, Google contends that Judge Gilliland's "Order Setting Initial Pretrial Conference Via Zoom" (Dkt. 26) is an equivalent, so the deadline for initial infringement contentions was May 20, 2024, and that Google is entitled to a 2 week invalidity contention extension for every 1 week of infringement contention extension received by VirtaMove. Google's understanding is wrong, and Google has no justification for needing 2 weeks of extension for every 1 week given to VirtaMove. Nonetheless, VirtaMove proposes **Schedule B-1 (clean) and B-2 (with notes)** to accommodate Google's insistence on the starting date, granting Google's 2-for-1 extensions, and keeping the *Markman* and trial dates off the same event (23 weeks after filing the scheduling order, and 52 weeks thereafter, respectively). Google's case will proceed to trial first.

VirtaMove opposes Google's schedule, which attempts to unfairly characterize the Order Setting Initial Pretrial Conference Via Zoom as triggering a deadline for Plaintiff's infringement contentions, but that the same event does not trigger a *Markman* hearing 23 weeks thereafter, nor

does it keep trial 1 year after *Markman*. Google's schedule is unfairly inconsistent and departs from the default schedule.

Google's Position (Schedule C): Judge Counts' August 2, 2022 OGP provides that infringement contentions and corresponding disclosures are due 1 week before the parties' proposed scheduling order is due to be filed with the Court. The Court's May 6 Order Setting Pretrial Conference Via Zoom (Dkt. 26) indicated that the parties' proposed schedule is due 3 days before the May 30 hearing, so May 27. As noted in an email by counsel for VirtaMove to the Court, May 27 is a holiday so the parties requested this be moved to May 28. One week before that is Monday, May 21 (or May 20 if use the May 27 date).

While VirtaMove contends that this date had not been triggered yet because Judge Counts has not entered an "Order for Scheduling Recommendations" per section I of the OGP, the OGP provides that infringement contentions are due "1 week before the parties' proposed scheduling order is due to be filed with the Court." VirtaMove simply decided not to follow the Court's Orders. Also, VirtaMove fails to acknowledge in its position, as it conceded to Google in the parties' meet and confer on the schedule, that it needs an extension (previously to June 17, now, now June 25) to provide infringement contentions and is not ready to proceed with them now.[1] As VirtaMove has put it: "It is merely the time we estimate is needed after receiving confirmation that the clock has started running." This is directly contrary to any professed urgency or desire to

---

[1] VirtaMove's apparent inability to provide infringement contentions at this time is particularly odd given that it appears to have been planning this case for some time. The infringement charts attached to the Complaint and Amended Complaint (which are identical), repeatedly reference a last accessed date of June 17, 2023, almost a *year* ago, for the linked citations quoted in the charts. E.g., Am. Compl., Ex. 2, 1-15. VirtaMove also sought and obtained a three-week extension (with a commensurate three-week extension of invalidity contentions) in its two cases regarding the same Asserted Patents in the Eastern District of Texas against VirtaMove also brought two additional cases regarding the same Asserted Patents in the Eastern District of Texas against HPE and IBM. *Hewlett Packard Enterprise Company*, 2:24-cv-0009, Dkt. 43.

follow the Court's default schedule. In any event, VirtaMove's infringement contentions were already due and that date has passed.[2]

Nevertheless, to avoid disputes, Google indicated to VirtaMove that if it wanted an extension to submit infringement contentions and the corresponding disclosures at a later date, Google would be willing to cooperate with VirtaMove on that, but that Google should get a corresponding extension to its invalidity contentions. VirtaMove previously indicated it needed until June 17 to provide its infringement contentions. Thus, Google's proposed a schedule includes VirtaMove's preferred date for infringement contentions (and the corresponding disclosures) of June 18,[3] which is a four week extension. It then provided for a commensurate four week extension of invalidity contentions (and the corresponding disclosures) to September 10. The remaining dates in Google's schedule follow the default in the OGP, other than a few instances (as noted in Google's proposed schedule) where additional time is added for holidays or where some additional time would be useful for the parties to complete tasks, which adds only about four weeks to the schedule. In other words, Google agreed to VirtaMove's extension request for infringement contentions, included the corresponding extension to invalidity contentions (that VirtaMove agreed to), and otherwise followed the default OGP with a few noted, reasonable exceptions. When VirtaMove changed its preferred date for infringement contentions to June 25, Google agreed to that now five week extension as well. So Google's proposed schedule uses the June 25 date for infringement contentions, but still keeps the four week extension for Google's invalidity

---

[2] While VirtaMove asserts Google "attempts to unfairly characterize the Order Setting Initial Pretrial Conference Via Zoom as triggering a deadline for Plaintiff's infringement contentions, but that the same event does not trigger a *Markman* hearing 23 weeks thereafter, nor does it keep trial 1 year after *Markman*," this too is incorrect. These dates fall later due to *VirtaMove's* requested extension of its infringement contentions, which as detailed below just shows its "Schedule B" should be rejected.

[3] Google's schedule used June 18 instead of June 17 so deadlines do not fall on Mondays.

contentions.

Even though Google is in actuality seeking to accommodate VirtaMove's schedule requests, VirtaMove oddly argues that Google is seeking a two week extension for its invalidity contentions for every one week of VirtaMove's extensions. This makes no sense. A patent defendant needs a plaintiff's contentions of infringement to understand which claims are being asserted in this case against which products and how the plaintiff is reading those claims on the accused products.[4] That is why infringement contentions come first as they do in every jurisdiction with local patent rules. As adding additional time for VirtaMove's infringement contentions does not provide additional time for Google's invalidity contentions, an extension of VirtaMove's infringement contentions is not an extension of Google's invalidity contentions at all. The Court should reject VirtaMove's argument to the contrary.

In any event, despite Google's agreement to VirtaMove's requested now five week extension to serve infringement contentions, VirtaMove refuses to agree to Google's reasonable

---

[4] *See e.g.*, Peter S. Menell et al., Patent Case Management Judicial Guide 7.B.1. (2009) *available at* 2009 WL 1740199 ("Ordinarily, plaintiff-patent holders have the initial advantage in patent litigation, controlling the timing of the litigation and having the opportunity to prepare and plan the infringement case well in advance of filing suit. Defendants, on the other hand, must investigate and develop non-infringement and invalidity positions while already in the throes of litigation. Consequently, typical local patent rules . . . require the plaintiff early in the litigation to provide detailed infringement contentions first, allowing the defendant some reasonable time thereafter to prepare and serve invalidity contentions."); *accord Indus. Print Techs., LLC v. O'Neil Data Sys., Inc.*, No. 3:15-CV-01101-M, 2018 WL 398745, at *3 (N.D. Tex. Jan. 11, 2018) (cleaned up) ("Local Patent Rule 3-1 requires a party claiming patent infringement to disclose its asserted claims and preliminary infringement contentions early in the litigation so that the case takes a clear path . . . . Shortly after service of infringement contentions, defendants serve preliminary invalidity contentions . . . The purpose of this structure is to streamline the discovery process by narrowing the issues for claim construction and trial."); *Connectel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (cleaned up) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun. Patent Rule 3-1 requires the plaintiff to state specific theories of infringement' in their PICs. Specific theories create a specific trajectory for the case.").

proposal.  Instead, VirtaMove improperly proposes two schedules that are both directly contrary to this Court's OGP and that prejudice Google.  For one of its proposals ("B"), VirtaMove includes the same extensions for infringement contentions (June 25) and invalidity contentions (September 17) as Google's proposal, but then sets dates for all other deadlines as if VirtaMove served its infringement contentions on May 10.  As the Court is aware, the staggered and ordered schedule of the OGP follows the common practice in patent cases of sequencing infringement contentions first, invalidity contentions next, and claim construction after that. Because VirtaMove's proposal does not follow this sequencing, it includes anomalies like the parties briefing claim construction before Google's invalidity contentions are even due.  This prejudices Google by not allowing it sufficient time to develop its theories and positions and will inevitably lead to inefficiency by having claim construction disputes occur late as the parties' theories will not be developed and disclosed as they would be under the normal sequence of the OGP.  There is no reason to uproot the common and sensible normal sequencing under the OGP, and VirtaMove provides none. Certainly, that VirtaMove is not prepared to proceed under this Court's normal timelines on the basic first step of infringement contentions, does not provide any basis to do so to Google's prejudice. Indeed, such contentions are required in every case and require no information or discovery from Google.  It appears that VirtaMove is simply not prepared to do them in a timely manner in its own case.  VirtaMove's schedule should be rejected.

VirtaMove also provides a second schedule ("A") that moves out infringement contentions and related disclosures even further, to July 9, purportedly to allow the *Amazon* case to catch up. This is effectively a ***50 day*** extension and far later than the Court's normal practice of infringement contentions being due before the parties even submit a schedule.  Here too, Google indicated that it would agree to this requested extension with a commensurate extension to Google for invalidity

contentions. But VirtaMove would not agree to *any* extension of Google's invalidity contentions under this proposal. Rather, VirtaMove's schedule provides for a due date of September 3 for Google's invalidity contentions, which is simply the default 8 weeks after infringement contentions under the OGP.  It would be demonstrably unfair and prejudicial for VirtaMove to obtain such a significant and unusual extension to provide infringement contentions and for Google to obtain no extension at all for invalidity contentions.   Here too, VirtaMove provides no justification for obtaining an even *longer* extension for its infringement contentions than its other proposed schedule, with no corresponding extension to Google at all.   Notably, VirtaMove has taken no action to move or request the Court set a schedule in the *Amazon* case.  Rather, it seems VirtaMove seems to be taking advantage of the situation by using the lack of a request for a scheduling order in the *Amazon* case as a pretext to obtain the extension of infringement contentions it admittedly needs in this case to Google's prejudice.

Finally, while VirtaMove says its Schedules A and B just add additional time to accommodate holidays, that is not correct.  In both, VirtaMove includes three weeks, rather than the default one week, between close of fact discovery and the date for opening export reports.  But VirtaMove's extension in Schedule A puts opening expert reports due two days after Labor Day when the default one week would not conflict with this holiday.  And VirtaMove's two-week extension for opening expert reports in Schedule B also does not appear to be needed by holidays. Here too, VirtaMove simply wants to give itself more time. . While Google does not object to an extension of these dates, such extensions should be available for both parties where appropriate.

| Dated: May 28, 2024 | Respectfully submitted, |
|---|---|
| | By: */s/ Qi (Peter) Tong*<br><br>Reza Mirzaie (CA SBN 246953)<br>rmirzaie@raklaw.com<br>Marc A. Fenster (CA SBN 181067)<br>mfenster@raklaw.com<br>Neil A. Rubin (CA SBN 250761)<br>nrubin@raklaw.com<br>James A. Milkey (CA SBN 281283)<br>jmilkey@raklaw.com<br>Amy E. Hayden (CA SBN 287026)<br>ahayden@raklaw.com<br>Jacob Buczko (CA SBN 269408)<br>jbuczko@raklaw.com<br>James Tsuei (CA SBN 285530)<br>jtsuei@raklaw.com<br>Christian W. Conkle (CA SBN 306374)<br>cconkle@raklaw.com<br>Jonathan Ma (CA SBN 312773)<br>jma@raklaw.com<br>Daniel B. Kolko (CA SBN 341680)<br>dkolko@raklaw.com<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025<br>Telephone: (310) 826-7474<br><br>Qi (Peter) Tong (TX SBN 24119042)<br>**RUSS AUGUST & KABAT**<br>4925 Greenville Ave., Suite 200<br>Dallas, TX 75206<br>Telephone: (310) 826-7474<br><br>*Attorneys for Plaintiff VirtaMove, Corp.*<br><br><br>By: */s/ David A. Perlson*<br>David A. Perlson (*pro hac vice*)<br>davidperlson@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor |

San Francisco, California 94111-4788
Telephone: (415) 875 6600
Fax: (415) 875 6700

Deepa Acharya
deepaacharya@quinnemanuel.com
1300 I Street NW, Suite 900
Quinn Emanuel Urquhart & Sullivan, LLP
Washington, District of Columbia 20005-3314
Telephone: (202) 538 8000
 Fax: (202) 538 8100

Katharine Lee Carmona
Texas State Bar No. 00787399
kcarmona@jw.com
Jackson Walker L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 (facsimile)

Erica Benites Giese
Texas State Bar No. 24036212
egiese@jw.com
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 (facsimile)

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I certify that on May 28, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Qi (Peter) Tong*
Qi (Peter) Tong