# SCHEDULE C

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 7:24-cv-00033-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

**SCHEDULING ORDER**

On May 30, 2024, the Court conducted a conference in the above entitled and numbered case. All parties appeared through counsel. As a result of such hearing, and pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Default Timeline | Proposed Date | Deadline |
|---|---|---|
| 1 week before the parties' proposed scheduling order is due to be filed with the Court | 6/25/24 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 7 weeks after the parties' proposed scheduling order is due to be filed | 9/17/24 (including 4 additional weeks from default for a similar, albeit shorter, | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under |

| Default Timeline | Proposed Date | Deadline |
|---|---|---|
| with the Court/8 weeks after contentions) | extension than for VirtaMove's infringement contentions) | section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9 weeks after the parties' proposed scheduling order is due to be filed with the Court | 10/1/24 | Parties exchange claim terms for construction. |
| 11 weeks after the parties' proposed scheduling order is due to be filed with the Court | 10/15/24 | Parties exchange proposed claim constructions. |
| 12 weeks after the parties' proposed scheduling order is due to be filed with the Court | 10/22/24 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 13 weeks after the parties' proposed scheduling order is due to be filed with the Court | 10/29/24 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after the parties' | 11/12/24 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |

| Default Timeline | Proposed Date | Deadline |
|---|---|---|
| proposed scheduling order is due to be filed with the Court | | |
| 17 weeks after the parties' proposed scheduling order is due to be filed with the Court | 12/5/24 (providing additional time for Thanksgiving) | Plaintiff files Responsive claim construction brief. |
| 19 weeks after the parties' proposed scheduling order is due to be filed with the Court | 12/23/24 (slightly longer with December schedules) | Defendant files Reply claim construction brief. |
| 21 weeks after the parties' proposed scheduling order is due to be filed with the Court | 1/9/24 (extended for holidays) | Plaintiff files Sur-Reply claim construction brief. |
| 3 business days after submission of Plaintiff's Sur-Reply claim construction brief | 1/15/25 | Parties submit Joint Claim Construction Statement. See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 22 weeks after the | 1/16/24 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed). |

| Default Timeline | Proposed Date | Deadline |
|---|---|---|
| parties' proposed scheduling order is due to be filed with the Court | | |
| 23 weeks after the parties' proposed scheduling order is due to be filed with the Court | 1/23/25 | Markman Hearing |
| 1 business day after *Markman* hearing | 1/24/25 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing | 3/6/25 | Deadline to add parties. |
| 8 weeks after *Markman* hearing | 3/20/25 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing | 5/15/25 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman* hearing | 7/24/25 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after *Markman* hearing | 8/21/25 | Close of Fact Discovery |
| 31 weeks | 9/4/25 (added | Opening Expert Reports |

| Default Timeline | Proposed Date | Deadline |
|---|---|---|
| after *Markman* hearing | additional week from default) | |
| 35 weeks after *Markman* hearing | 10/2/25 | Rebuttal Expert Reports |
| 38 weeks after *Markman* hearing | 10/23/25 | Close of Expert Discovery |
| 39 weeks after *Markman* hearing | 10/30/25 | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* hearing | 11/13/25 (added additional week) | Dispositive motion deadline and Daubert motion deadline. |
| 42 weeks after *Markman* hearing | 12/4/25 (added additional week given Thanksgiving) | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after *Markman* hearing | 12/18/25 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 8 weeks before trial | 12/18/25 | Parties to contact Court to confirm their pretrial conference and trial dates. |
| 45 weeks after *Markman* hearing | 1/8/26 (added to avoid the holidays) | Serve objections to rebuttal disclosures and File Motions in-limine. |
| 46 weeks after *Markman* hearing | 1/22/26 (added additional week) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions in limine. |
| 47 weeks after *Markman* | 1/29/26 | Deadline to meet and confer regarding remaining objections and disputes on motions in limine. |

| Default Timeline | Proposed Date | Deadline |
|---|---|---|
| hearing | | |
| 3 business before Final Pretrial Conference | 2/7/26 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in limine. |
| 49 weeks after *Markman* hearing (or as soon as practicable) | 2/12/26 (moved two weeks later due to holidays) | Final Pretrial Conference. Held in person. |
| 52 weeks after *Markman* hearing (or as soon as practicable) | 3/5/26 | Jury Selection/Trial. |