IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 7:24-cv-00033-DC-DTG <br><br> **JURY TRIAL DEMANDED** |

## JOINT PROPOSED SCHEDULE SUBMISSIONS

Pursuant to the Court's direction at the May 30, 2024 Initial Pretrial Conference, and Plaintiff VirtaMove, Corp. ("Plaintiff" or "VirtaMove") and Defendant Google LLC ("Defendant" or "Google"), the parties met and conferred but could not reach agreement on a schedule. Thus, the parties submit their proposals for a case schedule in attached Exhibit A.

**Google's Position:**

Google's Proposed Schedule: Google's proposed schedule uses VirtaMove's requested date of June 25, 2024 for its infringement contentions and corresponding disclosures. This is five weeks later than when they were already due (May 20[1]), as explained in the parties' Joint Discovery/Case Management Plan. Dkt. 28, 11-12), and discussed further below. But contrary to

---

[1] "Not later than one week before the parties' proposed scheduling order is due to be filed with the Court, the plaintiff shall serve their preliminary infringement contentions chart . . . ." August 2, 2022 Standing Order Governing Patent Proceedings for the Western District of Texas Midland/Odessa and Pecos Divisions ("OGP"). The OGP further requires that "[t]he parties shall submit a proposed scheduling order to the Court within thirty (30) days after the Court enters its Order for Scheduling Recommendations." Per the OGP, the parties were required to submit a scheduling order on May 27, which would have made VirtaMove's infringement contentions due on May 20.

1

VirtaMove's repeated characterizations, Google's proposed schedule is based on *VirtaMove's* requested June 25 date as its starting point. The OGP deadlines are tied to when the plaintiff serves its infringement contentions first. If VirtaMove were to serve its infringement contentions earlier, then the schedule could also proceed to trial earlier.

Google proposes that its invalidity contentions and corresponding disclosures would be due September 10. This adds three weeks to the default time between infringement contentions and invalidity contentions. This extension is facially reasonable given the longer five-week extension VirtaMove requested for its own infringement contentions, which Google agreed to provide to VirtaMove. So it is surprising that VirtaMove would not agree to this extension simply as a matter of professional courtesy. Indeed, VirtaMove agreed to a three-week extension of invalidity contentions in its two cases regarding the same Asserted Patents in the Eastern District of Texas against HPE and IBM where VirtaMove sought a three-week extension for its infringement contentions. *Hewlett Packard Enterprise Company*, 2:24-cv-0009, Dkt. 43.

Google also seeks this additional time due to the complexity of the issues in this case. Indeed, as Google explained to VirtaMove, Google seeks this extension not just for the invalidity contentions, but for the corresponding disclosures, including the technical document production. Google also does not know what claims VirtaMove will assert, if any, beyond the two identified in the Amended Complaint. That VirtaMove has not yet provided plausible allegations of direct infringement of the only accused product, Migrate to Containers (Dkt. 21, 3-5), makes this process even more difficult. And there are two patents in different families. Google needs VirtaMove's infringement contentions first to investigate these issues. VirtaMove oddly argues that "Google also appears to be confused about when its technical production is due. An extension of invalidity contentions does not affect Google's technical production." But under both parties proposed

schedules, invalidity contentions and the corresponding disclosures are due at the same time.

The remaining dates in Google's schedule generally follow the default in the Midland OGP, which the parties agree applies in this case. Dkt. 28, 1 ("The Parties jointly agree that Judge Counts' Order Governing Patent Proceedings ("Midland OGP") governs this case.") In a few instances (as noted in Google's proposed schedule), Google proposed additional time where it would be useful for the parties to have more time to complete tasks, some of which VirtaMove itself has similarly added time for, such as accounting for holidays or the time between the close of fact discovery and opening expert reports.

Google's proposal includes a trial date of February 9, 2026. This is three weeks *earlier* than the March 2 trial date VirtaMove "recommended" to the Court in its "Schedule A" in the parties' May 28 Joint Statement (Dkt. 28, 9-10; 28-1, 6; 28-2, 6), advocated for at the May 30 Initial Pretrial Conference and proposed to Google on June 3. Google revised its previously proposed schedule (Dkt. 28-5, 7) with a March 5, 2026 trial date because VirtaMove now argues this trial date, despite its prior proposal of effectively the same trial date, was too late. VirtaMove's unhelpful repeated allegations that Google is somehow "manufacturing delays" for procedural advantage due to IPRs, in relation to the Amazon case, or for some other untoward reasons is simply untrue and pure conjecture. And VirtaMove's representation that Google has refused to compromise is demonstrably false.[2] Google has done its best to come up with a reasonable compromise without prejudicing either party and with a workable schedule starting with VirtaMove's requested June 25 date for infringement contentions.

---

[2] VirtaMove also mischaracterizes the meet and confer process as Google somehow being "unreasonable" as to trial dates. What Google continually objected to was VirtaMove's insistence on using November 2025 as the "default" trial and similar attempts to start at a trial date and work back from there. As Google repeatedly explained to VirtaMove, given the manner in which the schedule is set in the Midland OGP based on the initial dates, it was not practical to do that.

3

VirtaMove's Proposed Schedule: VirtaMove's proposed schedule diverges from the Midland OGP from the get go.  The Midland OGP provides that infringement contentions and corresponding disclosures are due 1 week before the parties' proposed scheduling order is due to be filed with the Court, as noted above.  The Court's May 6 Order Setting Pretrial Conference Via Zoom (Dkt. 26) indicated that the parties' proposed schedule is due 3 days before the May 30 hearing, so May 27, making VirtaMove's contentions due on May 20.  There is no ambiguity here nor any lack of "notice" to VirtaMove as to when its infringement contentions were due as it claims justifies its requested (and unopposed) June 25 date   And despite Google's agreement to have VirtaMove's infringement contentions due five weeks later than they were otherwise due, VirtaMove will only agree to a one week extension for Google's invalidity contentions.  This one-sided extension is demonstrably unfair.

In any event, even though the actual date for VirtaMove's infringement contentions came and went without service of those contentions, VirtaMove continues to use this May 21 (or May 20) date as the baseline for its arguments.  Specifically, VirtaMove has consistently insisted to Google that "[t]he default trial should be November 3, 2025," which is again based on VirtaMove having provided infringement contentions on May 21 (or May 20), which it did not.  VirtaMove argues that Google's proposal has *Markman* at 33 weeks from submission of the schedule rather than the default 23 weeks.  But this "default" again assumes infringement contentions were served on May 20, which did not occur.  So these dates and arguments are simply not relevant other than to show any "delay" is caused by VirtaMove itself.

As noted above,VirtaMove itself proposed a March 2026 trial date in its submission to the Court on May 28, which is later than Google's current proposal.  This makes VirtaMove's insistence on an earlier trial date than Google proposes even more unreasonable.  VirtaMove

argues May 20 is the operative date for the default schedule because Google argued that the infringement contentions were due on that date. This makes no sense either. Google has agreed to set the infringement contentions at whichever date VirtaMove wants. But whatever date VirtaMove chooses is then the date on which the schedule should be based off. That Google correctly points out that VirtaMove ignored the May 20 date does not mean that this date should be the baseline for calculating the trial date. Were VirtaMove genuinely concerned about moving the trial date earlier, it could move its date for infringement contentions earlier. VirtaMove blames Google for the very same "delay" it itself has created.[3]

As Google also explained to VirtaMove, its proposed trial date of December 15, 2025 is problematic. This date right before (and perhaps trial and deliberations into) the holidays is likely to provide difficulties and conflicts generally, and particularly for witnesses, including those (which would be most if not all) who would be traveling to Midland for trial. It could also create conflicts for jurors and impact their deliberations.

VirtaMove's proposed schedule also includes a "Deadline for any venue or jurisdictional motion without good cause." This deadline is not in the Midland OGP that the parties agree covers this case and should be rejected on this basis alone. Moreover, in VirtaMove's schedule, this date is the same date infringement contentions are due. VirtaMove justifies this date by the *Waco* OGP, which does not apply to this case pending in Midland. But even in the Waco OGP, which VirtaMove ignores in its selective citation of the rule, venue motions are due the *later* of 8 weeks

---

[3] VirtaMove's apparent inability to provide infringement contentions at this time is particularly odd given that it appears to have been planning this case for some time. The infringement charts attached to the Complaint and Amended Complaint (which are identical), repeatedly reference a last accessed date of June 17, 2023, almost a *year* ago, for the linked citations quoted in the charts. E.g., Am. Compl., Ex. 2, 1-15.

after receiving service or 3 weeks after the CMC. And under the Waco OGP, infringement contentions are due 1 week before the CMC. VirtaMove of course did not serve its infringement contentions one week before the CMC because it says they were not due. This is another instance of VirtaMove unfairly picking and choosing the provisions from OGPs, applicable here or not, that it feels are helpful, like the venue deadline in the Waco OGP, and ignoring deadlines it feels are unhelpful, e.g. the default due date for infringement contentions in the Midland OGP (and Waco OGP). VirtaMove's selective application of rules should be rejected and the applicable Midland OGP, which has no such deadline, should be applied. VirtaMove argues that this date is necessary to avoid delays in the Markman hearing, but to the extent VirtaMove believes Google delays too long in moving to transfer it can make that argument in opposing Google's motion. But it certainly does not justify VirtaMove's assertion that Google should file a venue motion before it even knows what is accused in this case, which it does not by either the Amended Complaint or Complaint. *See* Dkt. 21, 3-5.

VirtaMove's schedule also includes various dates in italics, such as those in the Court's Standing Order.[4] Although Google has no objection to including dates from this Court's Standing Order, Google's proposal follows what the parties previously agreed, that the Midland OGP governs this case.

**VirtaMove's position:**

Generally:

Google has taken an unreasonable and hypocritical approach: it insists that the deadlines have started running for infringement contentions such that an "extension" is needed, but that

---

[4] https://www.txwd.uscourts.gov/wp-content/uploads/2023/11/ProposedSchedulingOrderTemplate.pdf.

6

deadlines have not yet started running for either the Markman hearing or trial, so these dates should be set arbitrarily late.  Google appears to be delaying the case as long as possible for procedural advantages, such as to delay this case beyond a possible IPR decision, or to ensure that its case goes to trial after the Amazon case. Google's hypocritical line of reasoning leads a schedule that violates Judge Counts's OGP, which states, "In all cases, the *Markman* hearing shall be initially scheduled for 23 weeks after the parties submit their proposed scheduling order to the Court," and that trial should be "52 weeks after *Markman* hearing (or as soon as practicable)."  OGP at 1, 8. Thus, if Google's takes the position that the proposed schedule was due on May 20, 2024 triggers all OGP deadlines, then Google's proposed *Markman* date of January 9, 2024 is 33 weeks later— 50% longer than what Judge Counts has ordered.

Google has been unreasonable throughout this process.  Indeed, VirtaMove has been able to reach mutual extensions with other, more reasonable parties like HP and IBM, who are not trying use these mutual extensions as an excuse to delay *Markman* and trial. After the CMC, VirtaMove offered the parties to split the difference in trial date, agree on trial in early or mid January 2026, and work backward from there, but Google has insisted that it would not compromise or work backward.  In contrast, VirtaMove offers a later trial date (December 15, 2025) in comparison what it originally proposed in Schedule B (November 3, 2025).

Google's unreasonable positions appear to have resulted from the fact that it did not realize that Judge Gilliland's "Order Setting Initial Pretrial Conference Via Zoom" (Dkt. 26) instructed the parties to file the "undersigned standing order," referring to Judge Gilland's scheduling template and not referring to the Exhibit A of the OGP.  Indeed, on June 4 at 9:07 pm Central time, Google objected to including every single one of Judge Gilliland's separate deadlines in the parties' proposed schedules.  Google has since reversed course on the inclusion of these dates after

receiving an explanation from VirtaMove's counsel, but Google has not reversed course on which deadlines were triggered by the submission of Judge Gilliland's schedule. Google also appears to be confused about when its technical production is due. An extension of invalidity contentions does not affect Google's technical production.

<u>VirtaMove's position on VirtaMove's Proposed Schedule:</u>

The Court should adopt VirtaMove's proposed schedule because it closely aligns with Judge Counts's default schedule in his OGP. It gives fair notice to all parties and makes balanced minor adjustments for holidays with offsets to comply with Judge Counts's OGP. VirtaMove is given fair notice of a future deadline to file its invalidity contentions. Google is the only party getting an "extension" of contentions.

VirtaMove's schedule begins by setting VirtaMove's date for contentions as June 25, 2024. VirtaMove respectfully submits this is because it needs a few weeks of clear notice to prepare its full contentions. VirtaMove understood that Judge Counts's OGP causes the deadlines to start running once he issues his "Order for Scheduling Recommendations." OGP at 1; *see* Ex. A (example from *Resonant Systems, Inc. v. Apple, Inc.*, 7:23-cv-00077, Dkt. 31). Judge Counts's OGP envisions that the deadline for invalidity contentions starts running from when the Court orders the submission of a scheduling order in the format of Exhibit A of his OGP. OGP at 1 ("The content of the proposed scheduling order shall include proposals for all deadlines set out in the form for scheduling order attached hereto as Exhibit 'A'" of the OGP); *see also* Ex. A at 1 (explicitly setting infringement contention deadline). Judge Gilliland's "Order Setting Initial Pretrial Conference Via Zoom" (Dkt. 26) is not the deadline-triggering document referenced in Judge Counts's OGP, and Judge Gilliland's Order instructs the parties to file the "undersigned standing order," referring to Judge Gilland's scheduling template and not referring to the Exhibit

8

A of the OGP.[5]  Thus, no deadline for any OGP dates has started to run.  At minimum, VirtaMove lacked clear notice and respectfully asks the Court to provide clear notice of such deadlines at the future date of June 25, 2024 without characterizing this as an "extension" of an already lapsed deadline.

The deadline for a venue or jurisdictional motion is needed to ensure that it does not delay the rest of the schedule.  The Court is familiar with the tactical effect of no deadline: parties file transfer motions shortly before *Markman*, and because the Court cannot issue a *Markman* ruling before a transfer decision, the whole schedule gets delayed.  VirtaMove proposes setting the date with the same notice given to VirtaMove.  This notice is equally fair to both sides.  For reference, Judge Albright's OGP 4.4 sets this deadline as 8 weeks after receiving the complaint or 3 weeks after the CMC. Here, 3 weeks after the May 30 CMC would be June 20.

The rest of VirtaMove's schedule closely tracks Judge Counts's default schedule. For each date, VirtaMove's proposed schedule indicates the time in weeks allowed for a task in comparison to the logically triggering event (usually the preceding deadline).  Deviations from the default allocations of times are **bolded**.

First, the time for invalidity contentions is increased from 8 weeks to 9 weeks, at Google's insistence that this technology is complex, even though an extension for Google is not really warranted. There are only 2 patents that are only 12 and 20 columns long, and Google has had them for months now.  This extension to Google's invalidity contentions is offset with a 1 week reduction to the next mutual deadline.

From there until the *Markman* hearing, VirtaMove's proposed schedule tracks the default schedule with the exception of adding a week for Thanksgiving.

---

[5] Indeed, at the CMC, Darryl Adams appears to have encountered the same dispute regarding which schedule needed to submitted in a case before Judge Pittman.

From there, VirtaMove's proposed schedule continues to track the default schedule up through fact discovery, which is reduced by 1 week to allow extra time for both parties to prepare their opening expert reports. This is mutual—it allows Google extra time to prepare its opening invalidity report. Google appeared to oppose this until VirtaMove pointed out that it is hypocritical for Google to insist it needs extra time for invalidity contentions, but not for its invalidity expert report.

From there, VirtaMove's proposed schedule tracks the default, except that the CMC is pushed back one week to accommodate the Thanksgiving holidays. Trial will begin on December 15, 2025, which is about 52 weeks after *Markman*, as ordered in Judge Counts's OGP. Trial is expected to take 1 week, so it will end before the week of Christmas.

Otherwise, VirtaMove's proposed schedule includes all dates from Judge Gilliland's default schedule in italics.

<u>VirtaMove's position on Google's Proposed Schedule:</u>

Google's schedule is based on an assumption that the triggering date for all deadlines was the May 20, 2024 submission of the first proposed schedules. If this is the case, then under Judge Counts's OGP, the *Markman* date should be set for 23 weeks thereafter, on October 28, 2024, and trial should be set on October 27, 2025. Google proposes a *Markman* date of January 9, 2025 trial date of February 9, 2026—extending the schedule by 15 weeks. Google is turning what it calls a "5-week extension" of infringement contentions into a 15 week trial extension. Google generally achieves this by using numerous extensions of certain deadline without corresponding offsets of other deadlines, and by causing important dates to fall repeatedly fall on holidays such that extensions are repeatedly necessitated. VirtaMove does not generally oppose holiday extensions or individual extensions here and there, but the result is unreasonable on its face.

Google objects to a number of important deadlines that VirtaMove proposes to include, such as the deadline for consenting to a magistrate judge. This is an important filing in cases that have been referred to a magistrate judge, and it should be filed before possible rulings at the pretrial conference.

In summary, the Court should reject Google's schedule because 1) it attempts to manufacture a 5-week extension for invalidity contentions without giving Plaintiff clear notice that these were due, 2) it then turns this manufactured 5-week extension into a 15-week trial delay, and 3) it omits important deadlines.

| Dated: June 5, 2024 | Respectfully submitted, |
|---|---|
| | By: */s/ Qi (Peter) Tong*<br><br>Reza Mirzaie (CA SBN 246953)<br>rmirzaie@raklaw.com<br>Marc A. Fenster (CA SBN 181067)<br>mfenster@raklaw.com<br>Neil A. Rubin (CA SBN 250761)<br>nrubin@raklaw.com<br>James A. Milkey (CA SBN 281283)<br>jmilkey@raklaw.com<br>Amy E. Hayden (CA SBN 287026)<br>ahayden@raklaw.com<br>Jacob Buczko (CA SBN 269408)<br>jbuczko@raklaw.com<br>James Tsuei (CA SBN 285530)<br>jtsuei@raklaw.com<br>Christian W. Conkle (CA SBN 306374)<br>cconkle@raklaw.com<br>Jonathan Ma (CA SBN 312773)<br>jma@raklaw.com<br>Daniel B. Kolko (CA SBN 341680)<br>dkolko@raklaw.com |

|  | **RUSS AUGUST & KABAT**<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025<br>Telephone: (310) 826-7474<br><br>Qi (Peter) Tong (TX SBN 24119042)<br>**RUSS AUGUST & KABAT**<br>4925 Greenville Ave., Suite 200<br>Dallas, TX 75206<br>Telephone: (310) 826-7474<br><br>*Attorneys for Plaintiff VirtaMove, Corp.*<br><br><br>By:  */s/ David Perlson*<br>David A. Perlson (pro hac vice pending)<br>davidperlson@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone: (415) 875 6600<br>Fax: (415) 875 6700<br><br>Deepa Acharya<br>deepaacharya@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>Washington, District of Columbia 20005-3314<br>Telephone: (202) 538 8000<br> Fax: (202) 538 8100<br><br>Katharine Lee Carmona<br>Texas State Bar No. 00787399<br>kcarmona@jw.com<br>Jackson Walker L.L.P.<br>100 Congress Avenue, Suite 1100<br>Austin, Texas 78701<br>(512) 236-2000<br>(512) 236-2002 (facsimile)<br><br>Erica Benites Giese<br>Texas State Bar No. 24036212<br>egiese@jw.com<br>1900 Broadway, Suite 1200 |

|  | San Antonio, Texas 78215<br>(210) 978-7700<br>(210) 978-7790 (facsimile)<br><br>Nathaniel St. Clair, II<br>Texas State Bar No. 24071564<br>nstclair@jw.com<br>2323 Ross Avenue, Suite 600<br>Dallas, Texas 75201<br>(214) 953-6000<br>(214) 953-5822 (facsimile)<br><br>*Counsel for Defendant Google LLC* |
|---|---|

## **CERTIFICATE OF SERVICE**

I certify that on June 5, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Qi (Peter) Tong*
Qi (Peter) Tong
