# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC. § | |
| d/b/a RevelHMI, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | NO. MO:23-CV-00077 |
| § | |
| APPLE, INC., § | |
|     *Defendant*. § | |

## ORDER FOR SCHEDULING RECOMMENDATIONS

In an effort to assist the parties in resolving this dispute as expeditiously and efficiently as possible, and in accordance with the Local Court Rules of the Western District of Texas, and the Standing Orders of the undersigned:

IT IS HEREBY ORDERED that the parties shall submit a proposed scheduling order to the Court within thirty (30) days from the date of this order. The content of the proposed scheduling order shall include proposals for all deadlines set out in the form for scheduling order attached hereto and contained in Appendix "A" to the Standing Order Governing Patent Proceedings. The parties shall endeavor to agree concerning the contents of the proposed order, but in the event they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule submitted to the court. **The scheduling proposals of the parties shall be considered by the trial court, but the setting of all dates is within the discretion of the Court.** The parties shall indicate in the proposed order that they have in fact conferred as required by the federal rules of procedure.

In all cases, the *Markman* hearing shall be initially scheduled for 23 weeks after the parties submit their proposed scheduling order to the Court.

Not later than one week before the parties' proposed scheduling order is due to be filed with the Court, the plaintiff shall serve their preliminary infringement contentions chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. The plaintiff shall also identify the priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in the suit.

Seven weeks after the parties submit their proposed scheduling order to the Court, the defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the defendant contends are indefinite or lack written description under § 112, and (3) an identification of any claims the defendant contends are directed to ineligible subject matter under § 101. The § 101 contention shall (1) identify the alleged abstract idea, law of nature, and/or natural phenomenon in each challenged claim; (2) identify each claim element alleged to be well-understood, routine, and/or conventional; and (3) to the extent not duplicative of §§ 102/103 prior art contentions, prior art for the contention that claim elements are well-understood, routine, and/or conventional. The defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s).

Plaintiff must file a notice informing the Court when an IPR is filed, the expected time for an institution decision, and the expected time for a final written decision, within 2 weeks of the filing of the IPR.

It is so **ORDERED**.

SIGNED this 30th day of August, 2023.

                                                  DAVID COUNTS  
                                                  UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| RESONANT SYSTEMS, INC. § | |
| d/b/a RevelHMI, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | NO. MO:23-CV-00077 |
| § | |
| APPLE, INC., § | |
|     *Defendant*. § | |

**SCHEDULING RECOMMENDATIONS**

| Deadline | Item |
|---|---|
| 30 days after the Court enters its Order for Scheduling Recommendations | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. |
| 1 week before the parties' proposed scheduling order is due to be filed with the Court | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 7 weeks after the parties' proposed scheduling order is due to be filed with the Court | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9 weeks after the parties' proposed scheduling order is due to be filed with the Court | Parties exchange claim terms for construction. |
| 11 weeks after the parties' proposed scheduling order is due to be filed with the Court | Parties exchange proposed claim constructions. |
| 12 weeks after the parties' | Parties disclose extrinsic evidence. The parties shall disclose |

| | |
|---|---|
| proposed scheduling order is due to be filed with the Court | any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 13 weeks after the parties' proposed scheduling order is due to be filed with the Court | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after the parties' proposed scheduling order is due to be filed with the Court | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 17 weeks after the parties' proposed scheduling order is due to be filed with the Court | Plaintiff files Responsive claim construction brief. |
| 19 weeks after the parties' proposed scheduling order is due to be filed with the Court | Defendant files Reply claim construction brief. |
| 21 weeks after the parties' proposed scheduling order is due to be filed with the Court | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of Plaintiff's Sur-Reply claim construction brief | Parties submit Joint Claim Construction Statement. |
| 22 weeks after the parties' proposed scheduling order is due to be filed with the Court | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| 23 weeks after the parties' proposed scheduling order is due to be filed with the Court | *Markman* Hearing. |
| 1 business day after *Markman* hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing | Deadline to add parties. |
| 8 weeks after *Markman* hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion). |
| 26 weeks after *Markman* | Deadline for the first of two meet and confers to discuss |

|  | significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court to arrange a teleconference with the Court to resolve the disputed issues. |
|---|---|
| 30 weeks after *Markman* hearing | Close of Fact Discovery. |
| 31 weeks after *Markman* hearing | Opening Expert Reports. |
| 35 weeks after *Markman* hearing | Rebuttal Expert Reports. |
| 38 weeks after *Markman* hearing | Close of Expert Discovery. |
| 39 weeks after *Markman* hearing | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* hearing | Dispositive motion deadline and *Daubert* motion deadline. |
| 42 weeks after *Markman* hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after *Markman* hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* hearing | Serve objections to rebuttal disclosures; file motions *in limine.* |
| 46 weeks after *Markman* hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 47 weeks after *Markman* hearing | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 8 weeks before trial | Parties to contact Court to confirm their pretrial conference and trial dates. |
| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after *Markman* hearing (or as soon as practicable) | Final Pretrial Conference. Held in person unless otherwise requested. |
| 52 weeks after *Markman* hearing (or as soon as practicable) | Jury Selection/Trial. |