# EXHIBIT 1

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | |
|---|---|
| In re Patent Application of: )<br>**ROCHETTE ET AL.** )<br> )<br>Serial No. **10/946,536** )<br> )<br>Filing Date: **SEPTEMBER 21, 2004** )<br> )<br>Confirmation No. **7612** )<br> )<br>For: **COMPUTING SYSTEM HAVING USER** )<br>    **MODE CRITICAL SYSTEM ELEMENTS** )<br>    **AS SHARED LIBRARIES** )<br>_____ ) | Atty. Docket No.:<br>**78803 (120-2 US)**<br><br>Art Unit: **4113**<br><br>Examiner:<br>**SYED A. RONI** |

**AMENDMENT**

**EFILED**

Dear Sir:

    In response to the Office Action dated November 18, 2008 please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.

**Remarks** begin on page 7 of this paper.

    ****************************************************************

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **10/946,536**
Filed: **09/21/2004**
_____/

## REMARKS

Claims 1-20 are pending in this application and are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claim 1 recites the phrase "said software applications" in line 9 of the claim. As the Examiner correctly points out, there are three different "software applications" recited in lines 1, 6, and 8, and it is unclear which "software applications" are being referred to by the phrase.

Claims 1, 6 and 8 have been amended to obviate this indefiniteness and the term "plurality of software applications" recited in the preamble is consistently used within the body of the claims.

Claims 1-20 are rejected under 35 U.S.C. § 102 (b) as being anticipated by U.S. Patent 6,260,075 B1 ("Cabrero et al.").

Claim 1 of the instant application has been amended so as to more clearly distinguish from the teachings of Cabrero et al. and to more distinctly define the invention.

Applicants have carefully considered the Examiner's reasons for rejecting claim 1 and would like to clarify substantial differences between Cabrero et al. and the newly amended claim 1 of the instant application.

7

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **10/946,536**
Filed: **09/21/2004**
_____/

     The Examiner states in the Office Action that Cabrero et al. teach a computer system employing a micro-kernel (i.e. a kernel), which uses common shared libraries. This is correct, however, Cabrero et al. make no mention of "operating system critical system elements" or "shared library critical system elements". It is fully acknowledged that Cabrero et al. describe shared libraries. However, the claimed invention utilizes such shared libraries as a way of duplicating critical system elements provided by the operating system and Cabrero et al. do not do this. In a system having a micro-kernel, critical services such as TCP IP, and file services are stand alone applications that are not part of the micro-kernel, thus, they do not reside within the micro-kernel, this in fact being a difference in the structure of a micro-kernel from a monolithic kernel. This difference, in fact, gives rise to the claimed invention. Applicants' claim is to a computing system for executing a plurality of software applications comprising an operating system having an operating system kernel having OS critical system elements (OSCSEs) for running in kernel mode; and, a shared library having critical system elements (SLCSEs) stored therein for use by the <u>plurality of</u> software applications in user mode wherein the OSCSEs are replicated as SLCSEs stored in the shared libraries. Therefore, a TCP IP application within the user library is used by a voice processing application like Skype, such that TCP IP becomes part of the application requesting it, wherein it can be tailored to handing Skype and general purpose requests for TCP IP can be provided by the OS, since the CSE resides in both the kernel and in the shared library.

     Claims 2 and 3 define embodiments, with further distinctions over Cabrero et al.

8

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **10/946,536**
Filed: **09/21/2004**
_____/

can be run simultaneously. Furthermore, a CSE may have several unique instances running from different applications requesting the service from a shared library, where at the same time the same service, i.e. TCP IP, may be running in a more general purpose manner from within the kernel.

In view of the amended claims and the Applicants' comments regarding the patentable differences over the system taught by Cabrero et al., Applicants believe that the claims of the instant application are now in condition for allowance.

Early and favorable reconsideration of the application would be appreciated.

Should any minor informalities need to be addressed, the Examiner is encouraged to contact the undersigned attorney at the telephone number listed below.

Please charge any shortage in fees due in connection with the filing of this paper, including Extension of Time fees, to Deposit Account No. 50-2810 and please credit any excess fees to such deposit account.

                                              Respectfully submitted,

                                              /CHRISTOPHER F. REGAN/
                                              Christopher F. Regan
                                              REG. NO. 34,906

                                              Customer No.: 27975

Telephone: (407) 841-2330    Date:     February 18, 2009

18