# EXHIBIT 2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Patent Application of:<br>**ROCHETTE ET AL.** | Atty. Docket No.:<br>**78802 (120-1 US)** |
| Serial No. **10/939,903** | Art Unit: **2139** |
| Filing Date: **SEPTEMBER 13, 2004** | Examiner:<br>**RONALD BAUM** |
| Confirmation No. **5216** | |
| For: **SYSTEM FOR CONTAINERIZATION OF APPLICATION SETS** | |

**AMENDMENT**

**EFILED**
Commissioner of Patents

Dear Sir:

    In response to the Office Action dated June 3, 2008 please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper.

**Remarks** begin on page 10 of this paper.

    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **10/939,903**
Filed: **09/13/2004**
_____/

    [122] The second method employed to create a container file system uses an existing server, for example a computer or server already installed at a customer site. This is also shown in Figure 3. The applications of interest may have been installed on an existing server before the introduction of the software and data structures in accordance with this invention. <u>Files are copied from the existing server 32, including system files</u> and application specific files to network storage. Once the files are copied from the existing server a container is created from those files.
(underlining added)

    [131] In some embodiments of the invention, the method involves installing at least one of the pluralities of applications in a <u>container's own root file system.</u>
(underlining added)

    Applicants would respectfully like to point out one significant distinction between the invention of Forbes et al. and the instant invention defined in the amended claims of this invention; and more particularly amended Claim 1.

    Applicants' claimed invention is defined as having a <u>plurality of servers</u> with operating systems that differ, operating in disparate computing environments. Applicants' claimed invention is defined as having "secure" containers of application software which include OS files that are <u>copies or modified copies</u> of OS files while preserving the original OS files by "not" overwriting them. These OS file copies reside with each container and are modified if necessary so as to be compatible with the applications that are to be run from any

15

```
In re Patent Application of:
ROCHETTE ET AL.
Serial No. 10/939,903
Filed:  09/13/2004
_____/
```

given container. That is to say one container may be running an application that is compatible with Solaris 8, and another container may be running an application that has been written for and compatible with Solaris 10. Therefore, different containers on a single server are capable of running applications designed for different operating systems.

In contrast, Forbes et al. provide a software package manager that uses a distribution unit containing components for a software package and a manifest file that describes the distribution unit to manage the installation, execution, and uninstallation of software packages on a computer. Information in the manifest file pertaining to a software package is stored in a code store data structure upon installation of the package. The manifest file also contains information that permits the software package manager to resolve any software dependencies upon installation. The software package manager uses the code store data structure to locate the required components when the software is executed and to remove the components appropriately when the software is uninstalled.

Therefore, Forbes et al. teach a software package manager for running a software package on a system for which it was intended to run. More particularly, if the system was written or coded to be run on Windows XP, Forbes et al.'s package manager can execute on Windows XP.

Since the teaching of Forbes et al. directly instructs replacing older versions of software with newer versions by writing over older versions with newer versions, Forbes et al.

16

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **10/939,903**
Filed: **09/13/2004**
_____/

are not capable of having different versions run under the same Operating System together.

    Applicants provide containers that are isolated and wherein each container has the necessary operating system files for an application to run and wherein different containers may have different versions of the same software.

    Forbes et al. do not allow this. Forbes et al. teach replacement of older files with newer versions.

    There is not a hint or a suggestion of having different versions of the same software on the system at the same time. There is no hint or suggestion of the provision of isolated containers of software to allow this.

    Turning now to Fig. 3b of Forbes et al., the drawing (below) illustrates that contrary to Applicants' claimed invention, files are not copies in the Forbes et al. patent, they are replacements.  This difference is important. Replacing an operating system file as Forbes et al. do, would not allow Applicants' claimed invention to function in the way in which it was designed.

    In Forbes et al., boxes 343 and 353 show <u>removing</u> an older file and <u>replacing that older file</u> with an updated file. Boxes 359 and 361 indicate the same; "remove and replace". Since these files are removed and replaced, Forbes et al. do not use an isolated "<u>copy</u>" that is stored within a container. More particularly, Forbes et al. do not teach multiple

17

In re Patent Application of:
**ROCHETTE ET AL.**
Serial No. **10/939,903**
Filed: **09/13/2004**
_____/

after their software execution begins. Therefore they do not monitor/intercept/compare/ and forward system calls. When the Forbes et al. software is fully loaded, it executes. In the instant invention, after execution begins, the steps of monitoring/intercepting/comparing and forwarding system calls is performed. No such steps are taught by Forbes et al.

In view of the foregoing amendments to the claims and remarks, it is respectfully submitted that the instant application is now in condition for allowance.

Early and favorable reconsideration of the application would be appreciated.

Should any minor informalities need to be addressed, the Examiner is encouraged to contact the undersigned attorney at the telephone number listed below.

Please charge any shortage in fees due in connection with the filing of this paper, including Extension of Time fees, to Deposit Account No. 50-1465 and please credit any excess fees to such deposit account.

Respectfully submitted,

/CHRISTOPHER F. REGAN/
Christopher F. Regan
REG. NO. 34,906

Customer No.: 27975

Telephone: (407) 841-2330        Date:    September 3, 2008

48