UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 7:24-cv-00033-DC-DTG |

**MOTION TO EXTEND DEADLINE FOR VENUE OR JURISDICTIONAL MOTION**

Google respectfully seeks a four-week extension of the current June 25 deadline for any venue or jurisdictional motion without good cause to July 24, which is consistent with the Waco OGP.[1]  The current June 25 date, eight days after the court issued the Scheduling Order (Dkt. 34, 1), is also the same date that VirtaMove's preliminary infringement contentions are due.  Google's requested four-week extension is needed so that Google can address and investigate whatever product(s) VirtaMove is actually accusing and the accused functionality in this case for any venue motion. Specifically, VirtaMove's Complaint and Amended Complaint identify Google's Migrate to Containers as the "Accused Product." But subsequent to the Court's Scheduling Order, VirtaMove made clear it intends to add additional, yet presently unidentified, accused products in its preliminary infringement contentions. Google is simply requesting sufficient time for Google to investigate VirtaMove's contentions on the unidentified products that VirtaMove has made clear

---

[1]  The Waco OGP provides the deadline for venue motions without good cause is the later of eight weeks after receiving service or three weeks after the CMC. And preliminary infringement contentions are due one week before the CMC. Thus, under the Waco OGP, the deadline for venue motions without good cause is four weeks after preliminary infringement contentions are due, which here would be July 24 as Google is requesting.  This acknowledges that infringement contentions are relevant before any deadline on a venue motion.

it intends to add before determining whether to file a venue motion, and prepare such a motion if appropriate. Although VirtaMove has agreed to a one-week extension of the current June 25 date, one week is not sufficient time to investigate and prepare a venue motion on any, as of yet unknown, additional products VirtaMove might add. And any venue motion Google brings should appropriately address what is actually accused in the case. Google's Motion and requested extension to remedy this issue should be granted.

## ARGUMENT

As detailed in Google's initial Motion to Dismiss, the only "Accused Product" specifically identified by VirtaMove in the Complaint was Google's "Migrate to Containers." Dkt. 21, 3-5. But the infringement charts attached to the Complaint do not provide specific allegations of infringement as to the accused Migrate to Containers product. VirtaMove's Amended Complaint does not remedy this issue. Rather, it again identifies Migrate to Containers as the only Accused Product and attaches infringement charts that appear to be identical to those attached to the original complaint. Dkt. 36, 3-4. Thus, Google has moved to dismiss the Amended Complaint as well for failing to plausibly plead infringement. *Id.*

Given that the Scheduling Order set the deadline for a venue motion as the same date as the preliminary infringement contentions, Google asked VirtaMove whether VirtaMove planned to add additional accused products beyond Migrate to Containers in the preliminary infringement contentions. Ex. 1, 3. Google explained that if VirtaMove would not be adding accused products beyond the previously identified Migrate to Containers a shorter extension of the date for a venue motion, like the week VirtaMove eventually offered, would be sufficient, or possibly unnecessary altogether. *Id.* VirtaMove refused to directly answer Google's question, noting it would identify additional products with its infringement contentions on June 25. *Id.*

Instead, VirtaMove argued that what it eventually accuses in the preliminary infringement

-2-

contentions is irrelevant to the venue analysis, citing inapposite cases concerning unrelated venue issues.[2] *Id.* Thus, under VirtaMove's logic, it could accuse only Migrate to Containers in its complaint, accuse an entirely different product in its infringement contentions, and only Migrate to Containers would be relevant to the venue analysis. But that would undermine the entire venue analysis, such as the convenience of witnesses who are actually expected to testify at trial. It would also allow a plaintiff to identify an accused product in its complaint that it views favorably for its purposes for venue, only to later actually accuse another product that is not favorable.

Because Google does not know what VirtaMove will add as accused products before VirtaMove's preliminary infringement contentions are due on June 25, however, Google cannot prepare a venue motion addressing unknown products by that same date. Rather, if VirtaMove does add additional products, as it seems almost certain to do, Google will need time to investigate those products and the facts relevant to venue as they relate to those products. Thus, Google's requested extension of four weeks from the date of VirtaMove's preliminary infringement contentions reasonably allows for that. Again, this is the same timeframe provided in the Waco OGP between preliminary infringement contentions and the deadline for venue motions without good cause. VirtaMove's suggested far shorter one-week timeframe does not provide such sufficient time.[3]

---

[2] In *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013), the Court found that it was improper to rely on the "judicial economy involved in retaining the very cases that were the subject of the transfer motion." In *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960), the Supreme Court found "we do not see how the conduct of a defendant after suit has been instituted can add to the forums where 'it might have been brought.'" (quoting *Paramount Pictures, Inc. v. Rodney*, 186 F.2d 111, 119 (3d Cir. 1950) (Hastie, J., dissenting)).

[3] Google is not seeking to relitigate issues from the Scheduling Order as VirtaMove has suggested. Ex. 1, 1. Indeed, it was only after the Scheduling Order was issued by the Court that VirtaMove made clear it will be adding new products beyond Migrate to Containers.

## **CONCLUSION**

For the reasons stated above, Google's Motion seeking a four-week extension of the current June 25 deadline for any venue or jurisdictional motion without good cause to July 24 should be granted. After service of VirtaMove's preliminary infringement contentions on June 25, Google will inform the Court of the additional products that VirtaMove has added; or alternatively, that VirtaMove has not added additional accused products and whether that moots the need for an opposed Motion.

Dated:  June 24, 2024

*/s/ David A. Perlson*
David A. Perlson (*pro hac vice pending*)
davidperlson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Fax:  (415) 875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
1300 I Street NW, Suite 900
Quinn Emanuel Urquhart & Sullivan, LLP
Washington, District of Columbia 20005-3314
Telephone:  (202) 538-8000
Fax:  (202) 538-8100


*/s/ Katharine L. Carmona*
Katharine Lee Carmona
Texas State Bar No. 00787399
kcarmona@jw.com
Jackson Walker L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 (facsimile)

Erica Benites Giese
Texas State Bar No.  24036212
egiese@jw.com
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 (facsimile)

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)

*Counsel for Defendant Google LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 23, 2024, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

Dated:  June 24, 2024　　　　　　　　　　/s/ Katharine L. Carmona
　　　　　　　　　　　　　　　　　　　　Katharine Lee Carmona