# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 7:24-cv-00033-DC-DTG <br><br> **JURY TRIAL DEMANDED** |

## **VIRTAMOVE, CORP.'S OPPOSITION TO GOOGLE'S MOTION TO EXTEND DEADLINE FOR VENUE OR JURISDICITONAL MOTION**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................. 1
II.    PROCEDURAL HISTORY ................................................................................................. 2
   A.   The Pleadings Repeatedly Identify GKE and Cloud Run ...................................................... 2
   B.   The Court Already Heard and Ruled on This Dispute ........................................................... 3
   C.   Google's Bad Faith Meet and Confer Results In Manufactured Facts .............................. 3
III.   GOOGLE'S LACK OF DILIGENCE IS NOT GOOD CAUSE FOR A 4 WEEK EXTENSION ................................................................................................................................ 4
IV.    GOOGLE IMPROPERLY REARGUES AN ISSUE IT ALREADY LOST ..................... 5
V.     THE DEADLINE ENSURES "TOP PRIORITY" TO PREVENT DELAYS ................... 6
VI.    CONCLUSION: GOOGLE WAS NOT DILIGENT .......................................................... 7

**TABLE OF AUTHORITIES**

**Cases**

*In re Apple Inc.*,
  52 F.4th 1360 (Fed. Cir. 2022) .................................................................................. 7

*In re EMC Corp.*,
  501 F. App'x 973 (Fed. Cir. 2013) ............................................................................. 6

*In re Nintendo Co., Ltd.*,
  544 F. App'x 934 (Fed. Cir. 2013) ............................................................................. 6

*In re TikTok, Inc.*,
  85 F.4th 352 (5th Cir. 2023) ....................................................................................... 7

*VirtaMove, Corp. v. Amazon.com Inc.*,
  No. 7:24-cv-00030 (W.D. Tex. Jan. 26, 2024) ................................................... 2, 3, 6

## I.     INTRODUCTION

Google seeks an unprecedented extension of nearly 1 month for its deadline to file a ransfer motion, not for good cause, but due to its own lack of diligence. Google argues that it needs this month to investigate the accused products under its baseless and irrelevant assumption that "VirtaMove made clear it intends to add additional, yet presently unidentified, accused products" to this case. Dkt. 38 at 1. In supplemental briefing filed the business night before this opposition is due, Google clarified that its erroneous belief is that "on June 25, VirtaMove did add two new accused products, Google Cloud Run and Google Kubernetes Engine" to this case. Dkt. 40 at 1. But these are not new products. The original complaint identified both Google Cloud Run and Google Kubernetes Engine five months ago in January 2024:

> 12.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as, e.g., Google's Migrate to Containers, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '814 patent, for example:
>
> Use Migrate to Containers to modernize traditional applications away from virtual machine (VM) instances and into native containers that run on Google Kubernetes Engine (GKE), GKE Enterprise clusters, or Cloud Run platform. You can migrate workloads from VMs that run on VMware or Compute Engine, giving you the flexibility to containerize your existing workloads with ease. Migrate to Containers supports modernization of IBM WebSphere, JBoss, Apache, Tomcat, WordPress, Windows IIS applications, as well as containerisation of Linux-based applications.
>
> https://cloud.google.com/migrate/containers/docs/getting-started.

Dkt. 1 ¶¶ 12, 21 (highlighted to show accused products). Google's baseless motion should be denied.

## II. PROCEDURAL HISTORY

### A. The Pleadings Repeatedly Identify GKE and Cloud Run

Plaintiff filed a pair of cases against Amazon and Google only 5 days apart. Dkt. 1 (filing this *Google* case on Jan. 31, 2024); *VirtaMove, Corp. v. Amazon.com Inc.*, No. 7:24-cv-00030 (W.D. Tex. Jan. 26, 2024) ("*Amazon* case"). The original January complaint against Google and the charts attached thereto repeatedly identify Google Kubernetes Engine and Cloud Run. Dkt. 1 ¶¶ 12, 21; Dkt. 1-2, *passim*; Dkt. 1-4, *passim*.

> Use Migrate to Containers to modernize traditional applications away from virtual machine (VM) instances and into native containers that run on Google Kubernetes Engine (GKE), Anthos clusters, or Cloud Run platform. You can migrate workloads from VMs that run on VMware or Compute Engine, giving you the flexibility to containerize your existing workloads with ease.
>
> https://cloud.google.com/migrate/containers/docs/getting-started, Last accessed on June 17, 2023
>
> Given that, using tools like Migrate to Containers is a uniquely smart, efficient way to modernize traditional applications away from virtual machines and into native containers. Our unique automation approach extracts critical application elements from a VM so you can easily insert those elements into containers running on Google Kubernetes Engine (GKE), without artifacts like guest OS layers that VMs need but that are unnecessary for containers.
>
> https://cloud.google.com/blog/products/containers-kubernetes/how-migrate-for-anthos-improves-vm-to-container-migration, Last accessed on June 17, 2023

Dkt. 1-2 at 1 (annotated).

On April 15, 2024, Google filed its first Motion to Dismiss, specifically noting the relevance of GKE and Cloud Run:

> Case 7:24-cv-00033-DC-DTG   Document 21   Filed 04/23/24   Page 10 of 28
>
> Containers." Compl. ¶¶12, 21, Exs. 2 and 4. As the materials VirtaMove cites state, Migrate to Containers is used "to modernize traditional applications away from virtual machine (VM) instances and into native containers that run on Google Kubernetes Engine (GKE) or Cloud Run platform." Compl. ¶¶12, 21. In other words, Migrate to Containers is a tool that puts applications

Dkt. 22 at 4.

On May 28, 2024, Google had not decided if it would move to transfer. Dkt. 28 at 7 ("Google's Position: Google is continuing its investigation as to whether it will file a motion to transfer."). On June 7, 2024, just over one week later, Amazon filed its motion to transfer. *Amazon* case Dkt. 31. Initial infringement contentions have not yet been served in the Amazon case. Google is now seeking permission to file its transfer motion nearly two months later than Amazon—on July 24, 2024—despite the Google case being filed only 5 days after the *Amazon* case.

### B. The Court Already Heard and Ruled on This Dispute

The Court already rejected Google's argument. The parties already argued about whether or not Google and VirtaMove should have the same fair notice that deadlines have started running, *including for the transfer motion*. The parties briefed this issue, argued it orally, and then briefed it again. Dkt. 28-2 at 2 (VirtaMove proposing simultaneous transfer motion/contention deadlines); Dkt. 28-4 (same); Dkt. 28-5 at 2 (Google omitting transfer motion deadline); Exhibit A at 12–13. The parties specifically argued about whether the infringement contentions and transfer motion should be due on the same day, and Google's argument was rejected. Dkt. 33 at 5–6 (Google's argument that is rehashed in this Motion for Extension), 9 (VirtaMove's argument); Dkt. 34 at 1.

### C. Google's Bad Faith Meet and Confer Results In Manufactured Facts

When Google sought a 4-week extension of its deadline to file a transfer motion, VirtaMove's counsel responded with its standard offer of granting a 1-week extension, as long as 1) it is fair, and 2) it is not used against VirtaMove. Dkt. 38-1 at 5. But Google would ultimately reject this because "it is unclear that VirtaMove has actually offered any extension to that date that did not come with unreasonable conditions." *Id.* at 1.

3

Initially during the meet and confer process, Google rearticulated the same concern it briefed during the scheduling disputes, that it did not know what was accused until infringement contentions were served. *Id.* at 4. VirtaMove tried to confirm that its offer of a 1-week extension would be sufficient if Google received a "timely" confirmation of all accused products. *Id.* at 3–4. Initially, Google *seemed* to agree but never clearly committed. *Id.* Thus, VirtaMove offered to "timely" confirm all accused products, and VirtaMove further assured Google that, under the law, any post-complaint developments were irrelevant to transfer. *Id.* at 2.[1] VirtaMove even withdrew its earlier request to extend its PICs due date in parallel and would serve them on June 25, 2024. *Id.* at 2, 5. This combination gave Google everything it wanted—aside from 3 extra weeks.  The 1-week extension should have sufficed. VirtaMove did not refuse to confirm the accused products, nor did VirtaMove insist on waiting until July 25, as Google argues. *Id.* at 1–5; *cf.* Dkt. 38 at 2.

Somehow, Google concluded from this offer, "it appears VirtaMove intends to identify accused products in its PICs in addition to and/or other than Migrate to Containers, one week is insufficient." *Id.*  at 1. VirtaMove never said it intended to identify any new products that were not already identified in the complaint and PICs.

### III. GOOGLE'S LACK OF DILIGENCE IS NOT GOOD CAUSE FOR A 4 WEEK EXTENSION

Google has no good cause to delay its transfer motion by 4 weeks. Google had notice of GKE and Cloud Run when it received the January Complaint and attached infringement charts, but Google failed to timely investigate them to prepare a transfer motion. The statement in Google's supplemental notice ("VirtaMove did add two new accused products, Google Cloud Run and Google Kubernetes Engine") indicates that Google overlooked the repeated identifications of

---

[1] *See* citations therein.  It is uncontroversial that parties cannot game a transfer motion using post-complaint developments.

4

GKE and Cloud Run in the pleadings and erroneously believes these "new" accused products warrant further investigation before it files a transfer motion. But neither GKE nor Cloud run are "new" at this stage. Google's lack of diligence to the products mentioned in the pleadings and the charts attached to the pleadings is not good cause.

Regardless of whether GKE and Cloud Run are new accused products (they aren't), Google cannot dispute that it knew about the relevance of GKE and Cloud Run because Google mentioned these in its Motion to Dismiss back in April. Dkt. 21 at 4. Google knew that Migrate to Containers (which Google does not contend is "new") is used in connection with Cloud Run and GKE. For this independent reason, Google knew that Cloud Run and GKE were relevant to its motion to dismiss, and for the same reason, Cloud Run and GKE would be relevant to Google's defenses at trial. By April 2024, Google should have fully investigated the relevant Cloud Run and GKE witnesses and evidence in support of a motion to transfer.

Google's motion for an extension of time is based on its own lack of diligence to both parties' filings that identify GKE and Cloud Run, not based on any newly identified products. There is no good cause, and Google's Motion for Extension should be denied. Dkt. 38.

## IV.    GOOGLE IMPROPERLY REARGUES AN ISSUE IT ALREADY LOST

Google's Motion for Extension improperly rehashes the same argument that Google already presented and lost. Dkt. 33 at 5–6 (arguing same); Dkt. 34 at 1 (adopting transfer motion deadline over Google's argument). Because Google already lost this argument, Google needed to meet the standard for reconsideration, but it did not even articulate this standard, much less meet it.

Alternatively, Google's "Motion for Extension" may be viewed as an early motion for leave to file a late transfer motion for good cause. As explained above, Google's lack of diligence

5

to the repeated identification of GKE and Google Cloud in the filings is not good cause. Amazon's June 7, 2024 transfer motion proves that a diligent defendant had plenty of time a motion, despite the Amazon complaint being filed just 5 days before the Google complaint. *Amazon* case Dkt. 31. Initial infringement contentions have not yet been served in the Amazon case.

Google has not found any case finding good cause for leave to file a transfer motion 1 month late in the WDTX under a similar set of facts.

## V.  THE DEADLINE ENSURES "TOP PRIORITY" TO PREVENT DELAYS

Delaying the transfer motion goes against the default rules of the WDTX and against guidance of the Fifth Circuit and the Federal Circuit.

For reference, Judge Albright's OGP requires that "A motion to transfer anywhere shall be filed within 3 weeks after the CMC or within 8 weeks of receiving or waiving service of the complaint, whichever is later." OGP 4.4 § IV.  Had this default rule applied to this case, Google's transfer motion would have been due on June 20, which is 3 weeks after the May 30, 2024 CMC, so Google's transfer motion should have already been filed. Google's June 25, 2024 transfer motion deadline was already an effective "extension" from the default date.  Had the 8-week deadline from the February 2, 2024 service date applied, Google's transfer motion would have been due back on March 29, 2024.

The Federal Circuit repeatedly stressed "the importance of addressing motions to transfer at the outset of litigation." *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013). Transfer motions must be filed early because "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013).  When this Court tried to push back the transfer motion due dates so that there would be less "speculation" about the facts of the case, the Federal Circuit

6

granted a mandamus petition and reversed such a decision. *In re Apple Inc.*, 52 F.4th 1360, 1362 (Fed. Cir. 2022). Just last year, the Fifth Circuit specifically warned this Court against transfer-related delays. *In re TikTok, Inc.*, 85 F.4th 352, 363 (5th Cir. 2023).

## VI.    **CONCLUSION: GOOGLE WAS NOT DILIGENT**

The basis of Google's motion—that VirtaMove added/is adding new products to be investigated over the next 3 weeks—has no support in the record. Google's lack of diligence to the accused products in this case is not good cause, and its rehashed Motion for Extension (Dkt. 38) should be denied *with prejudice*. A proposed order is provided herewith.

Dated: July 1, 2024                                 Respectfully submitted,

                                                    By: *Qi (Peter) Tong*

                                                    Reza Mirzaie (CA SBN 246953)
                                                    rmirzaie@raklaw.com
                                                    Marc A. Fenster (CA SBN 181067)
                                                    mfenster@raklaw.com
                                                    Neil A. Rubin (CA SBN 250761)
                                                    nrubin@raklaw.com
                                                    James A. Milkey (CA SBN 281283)
                                                    jmilkey@raklaw.com
                                                    Amy E. Hayden (CA SBN 287026)
                                                    ahayden@raklaw.com
                                                    Jacob Buczko (CA SBN 269408)
                                                    jbuczko@raklaw.com
                                                    James Tsuei (CA SBN 285530)
                                                    jtsuei@raklaw.com
                                                    Christian W. Conkle (CA SBN 306374)
                                                    cconkle@raklaw.com
                                                    Jonathan Ma (CA SBN 312773)
                                                    jma@raklaw.com
                                                    Daniel B. Kolko (CA SBN 341680)
                                                    dkolko@raklaw.com
                                                    **RUSS AUGUST & KABAT**
                                                    12424 Wilshire Boulevard, 12th Floor
                                                    Los Angeles, CA 90025

Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served via EFS on July 1, 2024 to all counsel of record.

*/s/ Peter Tong*
Peter Tong