# EXHIBIT A

```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TEXAS
                         MIDLAND-ODESSA DIVISION

VIRTAMOVE, CORP.,                        ) MO:24-CV-00033-DC-DTG
                                         )
   Plaintiff,                            )
                                         )
v.                                       ) MIDLAND, TEXAS
                                         )
GOOGLE LLC,                              )
                                         )
   Defendant.                            ) MAY 30, 2024

        ***************************************************
          TRANSCRIPT OF INITIAL PRETRIAL CONFERENCE VIA ZOOM
              BEFORE THE HONORABLE DEREK T. GILLILAND
        ***************************************************

APPEARANCES:

FOR THE PLAINTIFF:    QI (PETER) TONG
                      RUSS AUGUST & KABAT
                      12424 WILSHIRE BOULEVARD, SUITE 12TH FLOOR
                      LOS ANGELES, CALIFORNIA 90025

FOR THE DEFENDANT:    KATHARINE L. CARMONA
                      JACKSON WALKER LLP
                      100 CONGRESS AVENUE, SUITE 1100
                      AUSTIN, TEXAS 78701

                      DAVID A. PERLSON
                      QUINN EMANUEL URQUHART & SULLIVAN, LLP
                      50 CALIFORNIA STREET, 22ND FLOOR
                      SAN FRANCISCO, CALIFORNIA 94111

TRANSCRIBER:          ARLINDA RODRIGUEZ, CSR
                      501 WEST 5TH STREET, SUITE 4152
                      AUSTIN, TEXAS 78701
                      (512) 391-8791




Proceedings recorded by electronic sound recording, transcript
produced by computer.
```

```
 1         (Proceedings began at 2:44 p.m.)
 2              THE COURT:  All right.  Let's move -- I think
 3  this is the last one, is VirtaMove v. Google.  And this
 4  is 7:24-CV-33.  All right.  Let me get announcements,
 5  starting with the plaintiff.
 6              MR. TONG:  Your Honor, this is Peter Tong from
 7  Russ August & Kabat on behalf of plaintiff.  It's my
 8  great pleasure to be here.
 9              THE COURT:  Good to see you, Mr. Tong.  And for
10  the defense?
11              MR. PERLSON:  Good afternoon, Your Honor.
12  David Perlson on behalf of Google.  Also Katie Carmona,
13  and then -- also on the line also is Marisa Williams,
14  in-house at Google.
15              THE COURT:  Okay.  Very good.  Good to see you,
16  Mr. Perlson and Mr. -- Ms. Carmona.  I'm sorry.  And
17  always appreciate the client joining.
18              Let's see.  All right.  So we've got Plaintiff
19  I saw filed an amended complaint.  I think it was ECF 27.
20  Which I assume, but I didn't want to jump to conclusions.
21  But I assume it may moot the motion to dismiss, and
22  Google may want to refile that in light of the amended
23  complaint.  But, Mr. Perlson or Ms. Carmona, what are
24  your views on that?
25              MR. PERLSON:  We don't think it resolves the
```

1  issues from the prior motion to dismiss. So we will be
2  re-filing it. You know, I don't know exactly whether it
3  will be exactly the same or some subset, but certainly
4  some subset of what we moved on before we'll move for
5  again, because we don't think it's remedied the issues.
6         Presently, our due date I think is Tuesday. We
7  had asked Plaintiff to agree to a two-week extension of
8  that, which was the same thing as what they had asked
9  for. Their opposition to our motion, for reasons that I
10 don't fully comprehend, Plaintiff has not agreed to it
11 based on the schedule disputes before you, which we said
12 had nothing to do with it and wouldn't raise.
13         So I would hope that there wouldn't be a need
14 for an opposed motion on this issue, but as of yet
15 Plaintiff has not agreed to that.
16         THE COURT: Okay. Well, we got --
17         MR. TONG: If I may?
18         THE COURT: -- Mr. Tong right here, so let me
19 see what he has to say.
20         MR. TONG: Absolutely, Your Honor. We're happy
21 to agree to the extension so long as opposing counsel
22 does not use it against us for purposes of arguing their
23 extended schedule here at this case management
24 conference. Mr. Perlson would not timely assure us that
25 he would not use such an extension against us. In fact,

1  indicated that he would intend -- he did intend to raise
2  the issue here.
3              THE COURT:  Well, he -- I think he raised the
4  issue, meaning the issue of the extension.  But I'm going
5  to -- you don't need to file a motion.  We'll give you
6  the two-week extension, Mr. Perlson, to file your renewed
7  motion to dismiss.  I'm going to deny the original motion
8  to dismiss as moot in light of the amended complaint, and
9  then we've got the parties competing schedules.
10             Looking at the Rule 26 report, it seems like
11 both parties thought the discovery dispute order might be
12 helpful as far as how to address discovery issues.  So
13 I'm just going to go ahead and enter one in that because
14 it's not entirely clear, being that it's a Midland case.
15 So we'll just enter a separate discovery dispute order in
16 this case to make that clear.
17             Let's see.  And then I think you-all are still
18 conferring over an ESI order or protective order.  So if
19 you-all can get that resolved, obviously submit it as a
20 joint or agreed motion for entry.  If it's opposed, go
21 ahead and submit it with each party's positions built
22 into the orders, and then we'll pick whichever party's
23 and go from there.
24             And I'm happy I saw there was -- I was curious
25 when I was told there were five proposed scheduling

1  orders, and I said, well, how many parties are there?
2  Anyway, so I thought it was interesting we had five
3  proposed schedules with two parties.
4         But I'm happy to hear any discussion you-all
5  would like to -- anything you'd like to say about that.
6  Otherwise, I'll just have you submit them in Word version
7  to chambers and we'll pick one.  I know it seemed like
8  the parties' position were pretty well laid out in the
9  Rule 26(f) report.
10        Is there anything else Plaintiff wanted to add,
11 Mr. Tong?
12        MR. TONG:  Yes, Your Honor.  So really there's
13 only three competing orders.  The first competing order
14 is proposed by Plaintiff.  There are several duplicates
15 that includes helpful notes for the Court.
16        THE COURT:  Okay.  I see that now, yeah.
17        MR. TONG:  So, very fundamentally, the parties
18 are in disagreement as to when, kind of, all the
19 deadlines begin and whether or not extensions are
20 required for the infringement and invalidity contentions.
21        This case was filed in Midland-Odessa, and
22 there Judge Counts' standing order basically sets the
23 schedule to begin after he enters his order for
24 scheduling recommendations, which that hasn't happened
25 yet.  So it's Plaintiff's position that the deadlines

1  have not started running.
2           And with that we proposed schedule A in order
3  to sync up this case against Google with another
4  co-pending case against Amazon.  It's same plaintiff,
5  same patents, also filed before Judge Counts.
6           Just earlier this morning Judge Counts
7  reassigned that case to Judge Albright.  We have not yet
8  had a chance to discuss the impact of the reassignment of
9  the judge on the schedule with counsel for Amazon.  But
10 our thinking behind schedule A was it would give the
11 Court a chance to schedule a case management conference
12 with Amazon so that the plaintiff and Amazon could
13 discuss a proposed schedule that would synchronize with
14 this one.
15          There could be one *Markman* hearing for both
16 Amazon and Google, again, given that it's the same
17 patents.  They'd be on the same schedule.  All of the
18 deadlines would start a little over a month in the
19 future, and there are no extensions needed for anybody's
20 contentions.
21          Google had insisted that, basically, the clock
22 had already started running and that Plaintiff needs
23 extensions for its infringement contentions so Google
24 gets extensions for its invalidity contentions.  And we
25 said, Okay.  Well, if that's going to be the case, here's

```
 1  schedule B, which keeps the deadlines in the Midland OGP.
 2           Judge Counts ordered that Markman be set for
 3  23 weeks after the clock starts running, so that's what
 4  we kept.  And we also kept trial for one year after the
 5  Markman hearing.  We did grant Google its requested
 6  extension after our extension for our contentions, and
 7  that's generally the format of schedule B.
 8           We feel that Google's schedule is unfair
 9  because it appears that what Google is trying to do is
10  say that its case has already started before the Amazon
11  case, but it seems like Google is trying to delay all of
12  its deadlines through extensions here or there so that it
13  gets to either Markman later than Amazon and that it gets
14  to trial after the Amazon case.
15           So that's very inefficient.  It seems like
16  Google is trying to generally game the schedule so that
17  our contentions are due before the Amazon case but their
18  case wraps up after the Amazon case.
19           THE COURT:  Okay.  I understand, I think, where
20  you're coming from.
21           Mr. Perlson or Ms. Carmona, do either one of
22  you-all want to say anything in response?
23           MR. PERLSON:  Yes.  Yes.  Please, Your Honor.
24  So fundamentally, first of all, we basically said, look,
25  we're -- you know, we thought that the contentions were
```

1  already due.  I think they are under the schedule, as the
2  way that Your Honor and Judge Counts handles things.  But
3  if they want to have a different date, okay.  That's
4  fine.  We're happy to work with you.  We would just like
5  some additional time for our invalidity contentions, just
6  as is normal.
7           You know, this -- I'm actually sort of
8  surprised that we're even arguing about this.  They had a
9  case in the Eastern District of Texas.  They granted a
10 three-week extension to the defendants there, whereas
11 here, you know, they don't want to provide infringement
12 contentions to us for either, you know, now, four weeks
13 from now, or five weeks from now.  But, yet, when we get
14 the contentions, they won't agree to any extension from
15 their infringement contentions at all.
16          And that's, you know, unfair.  There's two
17 patents here.  It could be complex technology.  I think
18 it's common that a defendant might need more than eight
19 weeks to prepare its invalidity contentions.  And that's
20 really all we're asking.  There's no -- this idea that
21 that we're doing something in relation to the *Amazon* case
22 is -- that makes no sense.  We're dealing with our case
23 here.
24          They've taken no action to have a scheduling
25 order in the *Amazon* case.  We have no, you know,

1  objection if the Court prefers that there's some
2  coordination of the schedule. But right now all we're
3  here is for you. And so we're just dealing with our
4  case.
5           So if Plaintiff wants to, you know, start these
6  deadlines later, that's fine. But we don't want to be
7  prejudiced by (a) it seems to be unfair that we not get
8  any extension to our invalidity contentions at all, and
9  then (b) certainly it makes no sense to uproot the whole
10 schedule so that, like, we're filing -- we're serving our
11 invalidity contentions four days after, you know, like
12 our claim construction briefing is due. That's going to
13 just lead to disputes, you know, it's going to be
14 inefficient, the parties aren't going to know their
15 decisions or their positions.
16          And so really we're just looking for basically
17 an additional four weeks for our invalidity contentions
18 under the normal schedule, based off of when we get the
19 infringement contentions. And that's really all. And
20 it's kind of surprising that we're not able to reach
21 agreement on that, but that's where we are.
22          And then all the other -- there are some
23 additional extended dates in there. I think, for
24 example, we said maybe we should have a little more time
25 between the close of fact discovery and expert discovery.

 1  Plaintiff wants that, too.  And then maybe there's a
 2  couple of days around the holidays that we added in,
 3  including for Plaintiff's briefs.
 4              So this idea that we're trying to set this
 5  later and later just makes no sense.  They're the ones
 6  who want to push off the infringement contentions because
 7  they're not ready.  So to say that we're doing anything
 8  that is gamesmanship or in relationship to the *Amazon*
 9  case just makes no sense.  We're ready to proceed.  We
10  would like a four-week extension from the normal time
11  period, from 8 to 12 weeks, between infringement
12  contentions and invalidity contentions and then a few
13  other accommodations for some other dates.  That's it.
14              THE COURT:  Okay.
15              MR. TONG:  Your Honor, if I may briefly
16  respond?
17              THE COURT:  Briefly.  Briefly.
18              MR. TONG:  If it's the court's position that
19  infringement contentions are not due, then the Court
20  should adopt schedule A.  And if, as opposing counsel
21  suggests, that we should give Google a four-week
22  extension on its contentions, then the Court should adopt
23  schedule B.  That's why it's there.
24              The fact that Google's contentions will be due
25  after *Markman* briefing begins, that only hurts Plaintiff,

1  because we will be going into *Markman* without seeing the
2  prior art.  But, in the meantime, Google has plenty of
3  time to do a prior art search.  It knows the two patents
4  at a issue in the case.
5          So we need an extension because the orders
6  aren't clear as to when exactly the initial infringement
7  contentions are due.  No matter what happens, Google is
8  going to -- Google is going to have months of notice,
9  which is a fundamentally different issue.  We just need
10 about three or four weeks of actual notice saying, okay,
11 your contentions due date is coming up.  Google is going
12 to have plenty of notice.
13          THE COURT:  Okay.  I've got all -- all three of
14 the schedules.  I said five.  But after I said that, I
15 realized that A-2 and B-2 were just annotated versions.
16          So we'll -- I'll go through those and pick one
17 and enter it.  Because of the dispute, I will say that
18 we'll pick a date that's not previous, but we'll give you
19 a date in the future when Plaintiff's infringement
20 contentions are due.  And, obviously, it should preserve
21 at least the delta that's built into the scheduling order
22 for Defendant's infringement contentions.  But let me
23 look at both of the proposed schedules, or all three of
24 them, and we'll get that entered shortly.
25          MR. TONG:  Your Honor, one other note --

```
 1                THE COURT:  Go ahead.
 2                MR. TONG:  -- on the schedules.
 3                The schedules that we had proposed include a
 4   combination of both Judge Counts's deadlines as well as
 5   Your Honor's deadlines.  Additionally, we have added a
 6   deadline for a motion to transfer to avoid the case where
 7   should Google decide to file a motion to transfer really
 8   late, it would uproot the Markman hearing date, which, as
 9   Your Honor knows, it's required that the Court more or
10   less rule on the motion to transfer before it issues its
11   Markman order.
12                THE COURT:  Okay.  Understood.
13                MR. PERLSON:  Your Honor, can I just address a
14   couple of things since --
15                THE COURT:  Yeah.
16                MR. PERLSON:  First of all, I just wanted to
17   mention we have not heard about the Amazon case being
18   changed to Judge Albright.  The first we heard of that
19   was this morning.  I don't know how that impacts things.
20   And then in relation to these infringement contentions
21   dates and notice, they are critical to us.  We do need
22   this information to frame the case, as we noted in our
23   filing.  And, you know, that's including for transfer.
24                Right now we don't know what's even accused in
25   this case.  And so it -- to put in a deadline for
```

1  transfer when we don't know what's accused, that's part
2  of the subject of the motion to dismiss, is part of the
3  problem here, and only further shows why it's reasonable
4  that we get sufficient time not just for invalidity
5  contentions, but for claim construction, to know what is
6  actually at issue in this case and follow the Court's
7  normal procedures.
8          THE COURT:  Okay.  Well, it does strike me
9  that, you know, having a tight window or having
10 invalidity contentions due after an opening claim
11 construction brief could create problems for the court,
12 too, because all of a sudden there'd be constructions
13 that will become disputed that weren't before, and I'll
14 have to deal with all of that.
15         So, in light of that comment, would you-all
16 like additional time to meet and confer, or do you just
17 want me to take three competing motions, pick one, and
18 get it entered on the docket?
19         MR. PERLSON:  As I said before, Your Honor, I
20 think is something we should be able to reach agreement
21 on.  With that direction, I would be hopeful that we
22 could.
23         THE COURT:  Okay.
24         MR. TONG:  Your Honor, I think it would be best
25 if we could get some guidance as to what's going to

1  happen in *Amazon*.  We intend to propose something that
2  syncs up these two cases.  And until the *Amazon* schedule
3  is set -- or once it is, I think we can reach some sort
4  of agreement there.
5          THE COURT:  Well, and I think -- I just did a
6  quick look.  I don't think Amazon has even answered yet.
7  Am I right on that or not?
8          MR. TONG:  I think Amazon filed an answer or a
9  motion to dismiss, and then we filed a first amended
10 complaint.
11         THE COURT:  Right.
12         MR. PERLSON:  Basically in the same situation
13 we are here, Your Honor, where there's been an amended
14 complaint filed.
15         THE COURT:  Yeah.  Except I see at least -- I
16 haven't looked at the -- I'm just looking at the docket.
17 But there's -- you know, the text order granting the
18 motion for extension of time to file a responsive
19 pleading to the first amended complaint is June 7th.  So,
20 yeah, I guess -- okay.  So they filed the amended
21 complaint.  Okay.  I got it.
22         Well, let me see.  Anyway, I would say let's
23 address this case however you want to address it.  It's,
24 in my view, operating independent of the *Amazon* case at
25 this point, and *Amazon* is not quite at the same stage

1  you-all are.  So they're the ones that may have to get
2  caught up later if there's any attempt to try and bring
3  the two into -- you know, to match them up schedule-wise.
4  But, otherwise, I don't intend to really try and sync the
5  two of them at this phase.  It's just a little too early
6  and too many moving parts as to who is going to get what
7  and where it's going to land and what the motions are
8  going to be.
9             So, with that, I'm going to give you-all until
10 next Wednesday at five o'clock, June 5, 5:00 p.m., to
11 submit a revised schedule.  If you-all can agree to one,
12 great.  If you can't do it as I described earlier with
13 Plaintiff's proposed dates in the left-hand column,
14 Defendant's in the middle column, descriptions on the
15 right.  And if there are entries that Defendant doesn't
16 think should apply, you can just put that in your date
17 column, that you don't think that deadline should apply.
18            But submit that -- email that in Word format to
19 chambers by close of business 5:00 p.m. Central Time
20 June 5, and we'll get the schedule entered once we see
21 it.  Hopefully you-all work it all out, and it's pretty
22 well agreed to.  And then we'll see what happens with the
23 *Amazon* case, if it has any effect on this case or not.
24            Anything else aside from that for the
25 plaintiff?

```
 1             MR. TONG:  Yes, Your Honor.  We would
 2  appreciate the Court's guidance on some issues that may
 3  become contentious in the protective order.  So the
 4  parties are meeting and conferring, but there are two
 5  items that we may not be able to reach agreement on.
 6             One is whether or not there should be a
 7  prosecution bar that prevents Russ August from defending
 8  its client in related IPR proceedings, even if there are
 9  no amendments made to the specifications or claims.
10             And we can start with that one.  I don't know
11  if we'll reach agreement on it, so we'd appreciate the
12  Court's guidance.
13             THE COURT:  Well, I'm very loathe to give any
14  kind of advisory opinions.  I can just direct you-all to
15  the standing protective orders that are there.  I know
16  those are the ones that the court's pretty comfortable
17  with, are the exemplar ones on the court's website.  But
18  if you-all can reach agreement, great.  If you can't,
19  then just submit a disputed protective order with the
20  highlight -- you know, with the areas of dispute
21  highlighted, and I'll rule on them at that time.
22             MR. TONG:  Thank you, Your Honor.  Is there a
23  specific one, given that this case is filed in
24  Midland-Odessa, that you would direct us to?  Because
25  there are great examples from the Eastern District of
```

```
 1  Texas from Judge Albright, and there's the default local
 2  protective order.
 3              THE COURT:  Yeah.  I would suggest looking at
 4  Judge Albright's standard one just because it's been
 5  applied to a lot of patent cases in this division.
 6              MR. TONG:  Thank you, Your Honor.
 7              THE COURT:  But that's all I'll say there.  And
 8  I'm happy to hear arguments if you-all can't reach an
 9  agreement on it.  So we'll get that resolved if you-all
10  can't agree to it.
11              Anything else?  Anything for the defense,
12  Mr. Perlson or Ms. Carmona?
13              MR. PERLSON:  No, Your Honor.
14              MS. CARMONA:  No, Your Honor.
15              THE COURT:  All right.  Well, we'll get that
16  discovery dispute order entered, and we'll wait and
17  see -- we'll wait with great anticipation to see if you
18  can work out the schedule.
19              We will moot the prior motion to dismiss.  And,
20  as I've said, you've got a two-week extension on the
21  deadline to file the renewed one.
22              And, with that, we'll be adjourned.  Thank
23  you-all.
24           (Proceedings concluded at 3:06 p.m.)
25
```

**REPORTER'S CERTIFICATE**

I, Arlinda Rodriguez, do hereby certify that the foregoing was transcribed from an electronic recording made at the time of the aforesaid proceedings and is a correct transcript, to the best of my ability, made from the proceedings in the above-entitled matter, and that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

/S/ Arlinda Rodriguez                              June 17, 2024
ARLINDA RODRIGUEZ                                  DATE