UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>            Plaintiff<br><br>v.<br><br>GOOGLE LLC,<br><br>            Defendant | **Case No. 7:24-cv-00033-DC-DTG** |

**DEFENDANT GOOGLE'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I. VIRTAMOVE FAILS TO REBUT THAT ITS DIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED ................................................................... 1

II. VIRTAMOVE FAILS TO REBUT THAT ITS INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED .................................................................. 2

    A. VirtaMove Does Not Plead The Elements of Induced Infringement ....................... 2

    B. VirtaMove Does Not Plead The Elements of Contributory Infringement ............... 3

    C. VirtaMove Does Not Plead Pre-Suit Knowledge .................................................... 4

III. VIRTAMOVE FAILS TO REBUT THAT THE '058 PATENT IS INVALID UNDER § 101 ............................................................................................................................ 5

    A. The '058 Patent Is Directed To An Abstract Idea .................................................... 5

    B. The Asserted Patent Claim Adds Nothing Inventive ............................................... 7

IV. VIRTAMOVE FAILS TO REBUT THAT THE '814 PATENT IS INVALID UNDER § 101 ............................................................................................................................ 7

    A. The '814 Patent Is Directed To An Abstract Idea .................................................... 7

    B. The Asserted Patent Claim Adds Nothing Inventive ............................................... 9

V. VIRTAMOVE'S CLAIM FOR PRE-SUIT DAMAGES SHOULD BE DISMISSED ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)..................................................................................................10

*Artrip v. Ball Corporation*,
   735 F. App'x 708 (Fed. Cir. 2018) ...........................................................................................3

*Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*,
   976 F.3d 585 (5th Cir. 2020) ..................................................................................................10

*BillJCo, LLC v. Apple Inc.*,
   583 F. Supp. 3d 769 (W.D. Tex. 2022)..................................................................................2, 3

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015)..................................................................................................................4

*CPC Patent Technologies. Pty Ltd. v. Apple Inc.*,
   No. 6:21-CV-00165-ADA, 2022 WL 118955 (W.D. Tex. Jan. 12, 2022) ..............................10

*CTD Networks, LLC v. Amazon.com, Inc.*,
   688 F. Supp. 3d 436 (W.D. Tex. 2023)....................................................................................1

*Elec. Power Grp. LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016).................................................................................................8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)..................................................................................................................4

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
   No. 2:16-CV-00055-JRG-RSP, 2017 WL 5165606 (E.D. Tex. Oct. 15, 2017) .....................10

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
   No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)...............................5

*Palomo v. Action Staffing Sols., Inc.*,
   No. SA-21-CV-01145-XR, 2022 WL 2392646 (W.D. Tex. July 1, 2022)...............................5

*Vervain, LLC v. Michron Tech., Inc.*,
   No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022).....................................1

## NOTE ON CITATIONS

- References to VirtaMove's Complaint (Dkt. 1) are designated by "Compl." followed by paragraph or exhibit number.

- References to VirtaMove's Amended Complaint (Dkt. 27) are designated by "Am. Compl." followed by paragraph or exhibit number.

- References to VirtaMove's Opposition to Google's Motion to Dismiss Amended Complaint (Dkt. 42) are designated by "Opp." followed by a page number.

- The patents-in-suit, United States Patent Nos. 7,519,814 ("the '814 Patent") and 7,784,058 ("the '058 Patent") were attached as Exhibits 1 and 3 of the Complaint. References to the patents-in-suit are indicated by column and line number, or by claim number.

- Plaintiff VirtaMove's Corrected Preliminary Disclosure of Asserted Claims and Infringement Contentions are referred to as "Corrected PICs"

- Plaintiff VirtaMove's Preliminary Disclosure of Asserted Claims and Infringement Contentions are referred to as "PICs"

- All emphases are added unless otherwise noted.

VirtaMove fails to substantively rebut that the Amended Complaint does not plausibly plead allegations of direct or indirect infringement, the knowledge requirement for pre-suit indirect infringement, or compliance with the marking statute. And VirtaMove's arguments only further show that dismissal is appropriate because the Asserted Patents are ineligible under § 101. As VirtaMove already amended its complaint once and provides no indication how it could cure its pleading failures, the Amended Complaint should be dismissed with prejudice.[1]

## I. VIRTAMOVE FAILS TO REBUT THAT ITS DIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

VirtaMove does not dispute that the only "Accused Product" specifically identified in the Amended Complaint is Google's "Migrate to Containers." Dkt., 36, 3 (citing Am. Compl. ¶¶16, 28, Exs. 2, 1 and 4, 1). But as Google shows, VirtaMove's infringement charts attached to the Amended Complaint barely discuss Migrate to Containers. Dkt. 36, 4. In response, VirtaMove concludes that it did chart Migrate to Containers, but does not point to anything specific in its infringement charts that actually supports its conclusion. Opp., 16. VirtaMove's mere conclusion that its infringement charts somehow plausibly pleaded how Migrate to Containers meets "every element" of Claim 1 each Asserted Patent, while barely mentioning the product at all in its infringement charts (let alone alleging how this product practices any limitation of the claims), does not make it so. Instead, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Michron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) ("a claim chart or element-by-element mapping" is not alone sufficient to plead direct infringement). VirtaMove further argues the "*only* element that Google previously identified as

---

[1] *E.g. CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 447-448 (W.D. Tex. 2023) (denying request for leave in response to a motion to dismiss where plaintiff did "not offer any explanation as to how its amendment would cure any deficiencies in its pleading.")

allegedly missing [in the Complaint] was that applications are not 'running' or 'executing' on Google's servers." Opp., 16 (citing Dkt. 21, 4). Not so. In both motions, Google demonstrates that VirtaMove did not provide plausible allegations of infringement for Migrate to Containers for any limitation of any claim.[2]  Dkt. 21, 3-4; Dkt. 36, 3-4.

## II. VIRTAMOVE FAILS TO REBUT THAT ITS INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

### A. VirtaMove Does Not Plead The Elements of Induced Infringement

VirtaMove does not dispute that its allegations of induced infringement for both Asserted Patents are boilerplate or that such boilerplate language is insufficient as a matter of law. Dkt. 36, 4-5 (citing Am. Compl., ¶¶18, 30; collecting cases). Rather, in reference to the requisite direct infringement by third parties, VirtaMove refers back to its infirm allegations regarding Migrate to Containers. Opp. 18. But VirtaMove has not provided plausible allegations as to Migrate to Containers as to any party, for the same reasons discussed above. *Supra*, § I. VirtaMove also concludes its allegations of induced infringement are sufficient because it alleges that Google "'continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe.' FAC, ¶¶18, 30." Opp. 18. But as Google points out, while VirtaMove does refer to Google materials, VirtaMove's inducement allegations fail to provide any specific allegations such as mapping instructions to end users to the performance of the claimed steps of the patent using Migrate to Containers—*i.e.*, "evidence of culpable conduct, directed to encouraging another's infringement." Dkt. 36, 5-6. VirtaMove just ignores this.

Instead, VirtaMove cites *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 780 (W.D. Tex.

---

[2] Google referred to VirtaMove's allegations generally concerning "running" and "executing" applications to contrast Migrate to Containers, a migration tool. Dkt. 21, 4.

2022) suggesting the court found similar boilerplate allegations to be sufficient. Opp., 18-19. But the court actually found "BillJCo's charts map limitations to, in most instances, instructions from Apple-authored documentation pulled from Apple Developer. The charts also specifically reference disclosures Apple personnel made at Apple's 2013 developers' conference. This documentation is doing more than merely 'offering customers technical support or product updates." *BillJCo, LLC*, 583 F. Supp. 3d at 780-81. The court also noted "[t]hat is particularly true here where Apple leaves BillJCo's claim charts unscathed.'" *Id.*   But VirtaMove does not chart Migrate to Containers, much less map limitations to specific instructions.  This is precisely the point that Google made in its Motion to Dismiss.  Dkt. 36, 5-6.

## B. VirtaMove Does Not Plead The Elements of Contributory Infringement

Here too, VirtaMove does not dispute that the allegations regarding contributory infringement that Google cites amount to pure boilerplate that is insufficient as a matter of law. *Id.*, 6.  Instead, VirtaMove points to its general allegation that "Google has servers for running the accused product Migrate to Containers." Opp., 19 (citing FAC ¶ 28.)  VirtaMove then posits that under "alternative" theories, Google contributes to infringement of the Asserted Patents by providing "specially configured" servers or "computer systems" so that Google's customers can run Migrate to Containers on them." Opp. 19.  But VirtaMove does not allege that Google is providing physical servers or computer systems to customers for them to use.  Rather, the allegations VirtaMove points to refer to **Google** servers that **Google** uses.  Opp. 19 (citing Am. Compl., ¶ 28 "Google directly infringes by its making, using (e.g., running on Google's servers). . .").  Nor does VirtaMove even try to demonstrate that it "plead[ed] facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Artrip v. Ball Corporation*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted).

### C.   VirtaMove Does Not Plead Pre-Suit Knowledge

VirtaMove also does not dispute that induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011).  Nor does VirtaMove dispute that its conclusory allegation that Google "had knowledge of the '814/'058 Patent and the infringing nature of the Accused Products at least as early as when this Complaint was filed" (Am. Compl., ¶¶ 18, 30), is insufficient as a matter of law as to *pre*-suit knowledge.  Dkt. 36, 7 (collecting cases).

Instead, VirtaMove points to the vague allegations added in the Amended Complaint (¶ 10), regarding business meetings with Google prior to the complaint.  Opp. 17.  VirtaMove relies on its bare conclusion that Google "would have learned that AppZero was patented" through some unidentified "due diligence" or was "willfully blind."  *Id.*  But VirtaMove does not dispute that even under VirtaMove's own allegations, it never told Google that VirtaMove had any patents at all.  And while VirtaMove points to its conclusory allegation that its "technology from its demos and disclosures appears to have made their way into the Accused Products of Google described below" (*id.* (citing Am. Compl., ¶ 10), as Google points out in its Motion to Dismiss, VirtaMove provides no allegations whatsoever regarding a relationship between anything shown to Google at those meetings and the Accused Products, much less the Asserted Patents.[3]  Dkt. 36, 8.  This is not a "fact" dispute as VirtaMove puts it.  VirtaMove simply alleges no "facts" at all to plausibly allege pre-suit knowledge of the patents or infringement.  VirtaMove's attached article regarding IBM (Opp. 17, Ex. 3) was not included in the Amended Complaint and is irrelevant as a matter of law.

---

[3]  Notably, VirtaMove's Corrected PICs state: "VirtaMove does not identify any of its instrumentalities as practicing the Asserted Claims." Dkt. 45, Ex. 1, 4.  Thus, it is difficult to understand how it is plausible that *Google* would have, as VirtaMove puts it, "learned from due diligence that AppZero was patented." Opp. 17.

-4-

*Palomo v. Action Staffing Sols., Inc.*, No. SA-21-CV-01145-XR, 2022 WL 2392646, at *2 (W.D. Tex. July 1, 2022).  And it still shows nothing about anything **Google** did or did not do.

Further, VirtaMove does not cite a single case that found such bare, conclusory allegations and rank speculation are sufficient to plead pre-suit knowledge of the patents, much less infringement.  Nor could it.  As the court found in *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, "[a] plaintiff who relies on willful blindness to plead knowledge must identify in its complaint affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal."  No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (Cited Dkt. 36, 7-8).  VirtaMove has not alleged any such "affirmative" actions by Google.  Nevertheless, VirtaMove argues that *Kirsch* has a "distinguished fact pattern" because "it does not involve the pattern of one company expressing interest in another company to induce disclosure of patented technology as part of a business deal, then conducting customary due diligence to know the product was patented (or remaining willfully blind by avoiding the customary due diligence), and then taking that technology."  Opp. 17-18.  But VirtaMove has not plausibly alleged this "pattern" here either, as noted above. Further, as noted in Google's Motion to Dismiss, which VirtaMove also ignores, the court in *Kirsch* also found that the plaintiff's representative's disclosure to the defendant that plaintiff's products were patented (which is not even alleged here) was insufficient to establish pre-suit knowledge.  Dkt., 36, 7-8.[4]

### III. VIRTAMOVE FAILS TO REBUT THAT THE '058 PATENT IS INVALID UNDER § 101

#### A. The '058 Patent Is Directed To An Abstract Idea

As detailed in Google's Motion to Dismiss, the '058 Patent is directed to the abstract idea

---

[4] Google moved to dismiss VirtaMove's post-suit indirect infringement allegations (as well as those for pre-suit indirect infringement) for the reasons in its Motion (Dkt. 36, 4-6) and discussed above, not for a lack of notice post-suit. Opp. 19-20.

of functionally replicating critical system elements for use with two or more software applications. Dkt. 36, 9. Contrary to VirtaMove's conclusions, this abstract idea does not "strip[] away" the character of the claims, nor does Google "ignore[]" the claims or its "wherein requirements." Opp. 14-15. Rather, Google addresses them in detail with supporting case law showing them to be abstract (Dkt. 36, 9-14), which VirtaMove simply ignores. VirtaMove also does not confront the admissions in the specification regarding the existence of the various claim elements in the art. *Id*. It also ignores the admissions in the specification and prosecution history that the claims are directed to "replicating" or "duplicating" critical system elements, which is exactly what Google's abstract idea recites. *Id.*

VirtaMove argues that while "Google points to 'processors' and other specific elements, it ignores the programming claimed for that hardware…." Opp. 15. But VirtaMove does not dispute that the hardware claimed is generic and known to the art. Dkt. 36, 9-11. Nor does VirtaMove point to any *claimed* "programming"; Claim 1 is again recited in a purely functional manner as Google demonstrated, and VirtaMove also fails to rebut. Dkt. 36, 11-13 (collecting cases). VirtaMove also makes its own proposal as to what the claims are "directed to":

> A computing system wherein some shared library critical system elements (SLCSEs) are functional replicas of operating system critical system elements (OSCSEs) and where at least one SLCSE related to a predetermined function is provided to a first application for a first instance of the SLCSE and a SCLCSE for performing the same function is provided to a second application for running a second instance of the SLCSE simultaneously.

Opp. 14. Although this has more words than Google's abstract idea, VirtaMove's recasting is no less abstract. Indeed, it concedes that the Claim 1 is directed to making functional replicas of critical system elements for use with two or more applications, just like Google's proposed abstract idea. All VirtaMove seems to add is the abstract notion that a critical system component relates to a predetermined function, at best, just making Google's point as to Step 1.

### B. The Asserted Patent Claim Adds Nothing Inventive

Google demonstrates that beyond the abstract idea, Claim 1 recites only generic computing components, structures, and functions—processor, operating systems, critical system elements running in kernel mode, critical system elements for use in user mode, shared libraries, and applications. Dkt. 36, 14-15. Here too, VirtaMove ignores Google's showing. Rather, VirtaMove again points to some unclaimed, unidentified "programming" that is supposedly inventive. Opp. 15. VirtaMove also contends Google does not focus on the "ordered combination" of elements, but VirtaMove says nothing as to just what ordering or combination it is referring to, much less how it is supposedly "inventive" to pass muster on Step 2. *Id.* VirtaMove also oddly discusses two ***Google*** patents. *Id*. VirtaMove's argument appears to be that because Google has two patents that make mention of "containers," without regard for whatever these patents actually claim, this shows that the '058 patent, which does not even claim the use of "containers," somehow passes muster on Step 2. This shows nothing.[5]

## IV. VIRTAMOVE FAILS TO REBUT THAT THE '814 PATENT IS INVALID UNDER § 101

### A. The '814 Patent Is Directed To An Abstract Idea

As Google demonstrates, the '814 Patent is directed to the abstract idea of using containers with copies of system files for applications, so that those applications can be used in different operating environments. Dkt. 36, 16. Here too, Google does not "strip[] away" the character of Claim 1 or ignore the claims in formulating its proposed abstract idea. Opp. 9. Rather, Google addresses the claim language and the intrinsic evidence in detail in its Motion. Dkt. 36, 16-19. Yet, again, VirtaMove largely ignores Google's arguments regarding the claims, admissions in the

---

[5] As Google noted (Dkt. 36, 8, 15), the Amended Complaint only discusses Claim 1 of each patent. The Opposition (Opp. 13, 16) makes no distinctions regarding any dependent claims either, presenting no substantive rebuttal to using Claim 1 of each patent as representative.

intrinsic evidence, and Google's cited case law.

Rather, VirtaMove argues that "using containers with copies of system files for applications, so that those applications can be used in different operating environments" is somehow not abstract because it relates to what VirtaMove concludes to be "computer-specific" problems or solutions. Opp., 8. But "applications [being] used in different operating environments" is simply an abstract goal of executing the functional, abstract idea of "using containers with copies of system files for applications," and does not demonstrate any specific and non-abstract step(s) recited within the claims *Elec. Power Grp. LLC v. Alstom S.A,* 830 F.3d 1350, 1356 (Fed. Cir. 2016) ("[T]he essentially result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101."). VirtaMove does cite cases that it indicates have "analogous" claims, but here too, VirtaMove does not even try to analogize the claims in these cases to Claim 1. Opp. 8-9. It just repeats that the courts in those cases found the claims in ***those*** cases were directed to non-abstract computer improvements. *Id.* But that does nothing to show that ***Claim 1*** is not abstract. It is. VirtaMove cites no case, as it cannot, that the '814 Patent is not abstract simply because it relates to computers. Opp. 8.

VirtaMove also points to the PTO's findings regarding validity over the prior art. Opp. 8. But as Google has already shown, such inquiries under §§ 102 and 103 are "separate and distinct" from the § 101 analysis. Dkt. 36, 13 (collecting cases). VirtaMove ignores this too. VirtaMove again makes its own proposal as to what the claims are "directed to":

> storing a plurality of secure containers of application software; wherein associated system files utilized in place of the associated local system files are copies or modified copies of the associated local system files resident on the server, and each of the containers has a unique root file system.

Opp. 6-7, *see also* 9-10. Yet, here too, while longer than Google's abstract idea, VirtaMove's recasting is no less abstract. Indeed, it concedes that Claim 1 is directed to using containers with copies of system files for applications. Beyond that, all it seems to add is the abstract notion of

-8-

"uniqueness" to the element of a root file system, which was undisputedly known in the prior art. Here too, VirtaMove's characterization simply makes Google's point.

### B. The Asserted Patent Claim Adds Nothing Inventive

Google demonstrates that beyond the abstract idea, Claim 1 recites only a computer system with generic computer elements such as containers, servers, operating systems, computing environments, a processor, a kernel, local system files, applications, objects, and a root file system. Dkt. 36, 14-15. Here again, VirtaMove ignores Google's showing altogether. Rather, VirtaMove again points to some unclaimed, unidentified "programming" that is supposedly inventive. Opp. 10. VirtaMove also says Google does not focus on the "ordered combination" of elements, but VirtaMove says nothing as to just what ordering or combination it is referring to, much less how it is supposedly "inventive" to pass muster on Step 2. *Id*. Nor does VirtaMove dispute that the claimed hardware elements are conventional. Dkt. 36, 14. VirtaMove's argument that an invention's "compatibility with conventional systems *does not* render it ineligible" (Opp. 11) is a red herring. That is not Google's argument.

VirtaMove cites *BASCOM* and *DDR Holdings* as supposedly supporting that Claim 1 has an inventive step (Opp. 10-11), but as with the cases it discusses for Step 1, VirtaMove makes no attempt to show the claims at issue in those cases are at all analogous to Claim 1 here. VirtaMove also contends that Google "never deals with the facts, evidence, and specific allegations in the intrinsic record and the FAC." Opp. 11. This is untrue. Google addresses this in detail in its Motion. Dkt. 36, 9-11, 13-15. While VirtaMove repeats what it says regarding the April 2009 Gartner Report in its Amended Complaint (Opp. 12), VirtaMove ignores what Google states in rebuttal. Dkt. 36, 13. Nor does the reference to "containers," as relating to cloud services, on a Google website somehow show the '814 Patent passes muster under Step 2 as VirtaMove appears to suggest. Opp. 12.

### V. VIRTAMOVE'S CLAIM FOR PRE-SUIT DAMAGES SHOULD BE DISMISSED

VirtaMove does not dispute that the Amended Complaint does not contain any specific allegations regarding compliance with the marking statute, or that it is required to plead such compliance. Dkt. 36, 20 (collecting cases). Instead, VirtaMove concludes, with no legal support, that its citation to a web page from a single day in 2023 is somehow sufficient. Opp. 20. VirtaMove also points to *CPC Patent Technologies. Pty Ltd. v. Apple Inc.*, where "the Court denied the motion to dismiss past damages because the complaint alleged that Plaintiff provided pre-suit notice." Opp. 20 (citing No. 6:21-CV-00165-ADA, 2022 WL 118955, at *2 (W.D. Tex. Jan. 12, 2022). But VirtaMove pleads no such pre-suit notice of the patent or infringement. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("Actual notice requires the affirmative communication of a specific charge of infringement."). VirtaMove also argues it need not plead compliance with the marking requirement as to the '814 Patent because "there is no marking requirement for asserted method claim 1." Opp. 20. But Claim 31 of the '814 Patent is a system claim and its PICs explicitly assert system Claim 31 of the '814 Patent. Ex. 1, 1; *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00055-JRG-RSP, 2017 WL 5165606, at *3 (E.D. Tex. Oct. 15, 2017) ("As other district courts have found, '[a]pparatus claims were asserted, so the marking requirement is not excused.'" (citations omitted)) VirtaMove did serve "corrected" contentions withdrawing Claim 31 several days later (Dkt. 45, Ex. 1, 1-2), but provides no authority that this remedies its pleading failure. [6]

---

[6] To the extent necessary, the Court may take judicial notice of plaintiff's infringement contentions. *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020).

Dated: July 16, 2024

*/s/ Deepa Acharya*
David A. Perlson (admitted *pro hac vice*)
davidperlson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Fax: (415) 875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
1300 I Street NW, Suite 900
Quinn Emanuel Urquhart & Sullivan, LLP
Washington, District of Columbia 20005-3314
Telephone: (202) 538-8000
Fax: (202) 538-8100


*/s/ Katharine L. Carmona*
Katharine Lee Carmona
Texas State Bar No. 00787399
kcarmona@jw.com
Jackson Walker L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 (facsimile)

Erica Benites Giese
Texas State Bar No. 24036212
egiese@jw.com
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 (facsimile)

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 16, 2024, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

Dated:  July 16, 2024                              */s/ Deepa Acharya*
                                                                    Deepa Acharya