# Exhibit 2

No. 24-140

---

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

---

**IN RE SONY INTERACTIVE ENTERTAINMENT INC.,**

*Petitioner.*

---

On Petition for Writ of Mandamus to the United States
District Court for the Eastern District of Texas,
No. 2:22-cv-00424-JRG, Judge Rodney Gilstrap

---

## RESONANT SYSTEMS, INC.'S RESPONSE TO
## SONY INTERACTIVE ENTERTAINMENT INC.'S
## PETITION FOR WRIT OF MANDAMUS

Reza Mirzaie
rmirzaie@raklaw.com
Qi (Peter) Tong
ptong@raklaw.com
Shani Williams
swilliams@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310) 826-7474

*Counsel for Respondent
Resonant Systems, Inc.*

August 30, 2024

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2024-140 |
| **Short Case Caption** | In re: Sony Group Corporation |
| **Filing Party/Entity** | Respondent, Resonant Systems, Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 8/30/24

Signature: /s/ Qi (Peter) Tong

Name: Qi (Peter) Tong

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Resonant Systems, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

ii

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| Kristopher Davis<br>Russ August & Kabat | Paul Kroeger<br>Russ August & Kabat | Jacob Buczko<br>Russ August & Kabat |
| Neil Rubin<br>Russ August & Kabat | Christian Conkle<br>Russ August & Kabat | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)   ☑ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST ............................................................. i

TABLE OF AUTHORITIES ............................................................. vi

INTRODUCTION ............................................................. 1

BACKGROUND ............................................................. 3

I.     Resonant Files a Patent Infringement Complaint Against Two Sony
       Entities Based in Japan Regarding Products that Were Designed and
       Developed in Japan ............................................................. 3

II.    Sony Failed to Predict Which Witnesses Will Materialize at Trial ............... 4

III.   Resonant Opposes the Relevance and Convenience of NDCA ..................... 7

IV.    The District Court Weighed the Relevant Public and Private Interest
       Factors and Denied Sony's Transfer Motion and Subsequent Motion
       for Reconsideration ............................................................. 8

V.     Sony Repeatedly Delays Filing Transfer-Related Motions ......................... 12

LEGAL STANDARDS ............................................................. 12

I.     Legal Standard for Mandamus Relief ........................................... 12

II.    Applicable Law and Conflict of Law ........................................... 14

III.   Recently Updated Fifth Circuit Transfer Law ................................... 14

       A.     Elevated Burden of Proof ............................................. 14

       B.     Court Congestion Matters, Even for Non-Competitors ................... 15

REASONS FOR DENYING THE PETITION ....................................... 16

I.     Sony Has No Evidence Showing that the District Court's Corrected
       Analysis of Sony's Delay is Factually Erroneous ............................... 16

II.    The District Court Reasonably Determined that the Practical Problems
       Factor Weighs Against Transfer ............................................... 19

III.   Sony Failed to Prove that More Willing Witnesses Will Materialize at
       Trial to Significantly Improve Convenience ................................... 22

IV.    None of the Third-Party Witnesses Will Materialize at Trial, So the
       Compulsory Service Factor Should Be Neutral. ................................ 24

V.      The District Court Erred in Favor of Sony by Failing to Require The
        Evidentiary Convenience Factor to Result in *Significant* Convenience
        Gains.................................................................................................... 25

VI.     The District Court Erred in Sony's Favor By Finding the Court
        Congestion Factor Neutral.................................................................. 26

VII.    The Correct Weighing of Factors ...................................................... 27

VIII.   The Writ Is Inappropriate Under the Circumstances................... 28

CONCLUSION....................................................................................... 30

CERTIFICATE OF COMPLIANCE...................................................... 1

TABLE OF AUTHORITIES

Cases

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004) .......................................................................................... 14

*CPC Pat. Techs. PTY Ltd. v. Apple Inc.*,
143 S. Ct. 206 (2022) ....................................................................................... 22

*In re Apple Inc.*,
52 F.4th 1360 (Fed. Cir. 2022) ........................................................................ 29

*In re Apple Inc.*,
818 F. App'x 1001 (Fed. Cir. 2020) ........................................................... 13, 14

*In re Apple Inc.*,
No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) .......................... 22

*In re Apple Inc.*,
No. 2024-129 (Fed. Cir. Aug. 21, 2024) ...................................................... 2, 8

*In re Apple*,
979 F.3d 1332 (Fed. Cir. 2020) ....................................................................... 22

*In re Chamber of Com. of United States of Am.*,
105 F.4th 297 (5th Cir. 2024) ................................................................... passim

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) ..................................................................... passim

*In re DISH Network L.L.C.*,
No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) ........................... 21

*In re EMC Corp.*,
677 F.3d 1351 (Fed. Cir. 2012) ....................................................................... 14

*In re Genentech*,
566 F.3d 1338 (Fed. Cir. 2009) ....................................................................... 13

*In re Google LLC*,
823 F. App'x 982 (Fed. Cir. 2020) ............................................................ passim

*In re Honeywell Int'l Inc.*,
No. 2023-152, 2024 WL 302397 (Fed. Cir. Jan. 26, 2024) ............................. 21

*In re Samsung Elecs. Co., Ltd.*,
No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023) ........................... 21

*In re Sand Revolution LLC*,
   823 F. App'x 983 (Fed. Cir. 2020) .................................................................. 12

*In re SK hynix Inc.*,
   No. 2021-114, 2021 WL 733390 (Fed. Cir. 2021) ........................................... 13

*In re TikTok, Inc.*,
   85 F.4th 352 (5th Cir. 2023) ............................................................................ 22

*In re True Chem. Sols., LLC*,
   841 F. App'x 240 (Fed. Cir. 2021) ................................................................... 13

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) ........................................................... 2, 13, 20

*In re Volkswagen of Am., Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009) ....................................................................... 20

*Panduit Corp. v. All States Plastic Mfg. Co.*,
   744 F.2d 1564 (Fed. Cir. 1984) ....................................................................... 14

*Resonant Systems, Inc. v. Samsung Electronics, Co. Ltd.*,
   No. 2:22-cv-00423-JRG ..................................................................................... 8

**<u>CONFIDENTIAL MATERIAL OMITTED</u>**

SAppx32-33 omits the full name of two employees, using only their initials.

# INTRODUCTION

The "Sony" petitioners (Sony Group Corporation and Sony Interactive Entertainment, Inc.) do not deserve the extraordinary relief of a writ of mandamus. Sony brought its transfer motion exceptionally late—over nine months after the case was filed—despite caselaw requiring that such motions be filed early so that transfer motions can take top priority. Now, Sony filed its mandamus petition exceptionally late on August 8, 2024—just four months before trial starts on December 9, 2024.

Sony's petition attempts to manufacture errors of fact: the dates of Sony's knowledge of the complaint, formal service of the complaint, and the extent of Sony's delay thereafter. On reconsideration, the district court corrected its original mistake about the date of formal service. Appx18. The district court was "not persuaded that Defendants did not have pre-service knowledge of the lawsuit. Interestingly, Defendants never contend that they had no pre-service notice of this case on its filing. If such were true, they surely would have said so." Appx19. There is no evidence in the record to contradict or dispute this factual finding by the district court, much less sufficient evidence to warrant reversing a factual finding on mandamus. A finding of pre-service knowledge in view of the "typical practice regarding foreign defendants" and in view of the deafening silence of Sony's failure to deny pre-service knowledge is precisely the type of factual finding properly made

1

by a district court that should not be disturbed by an appellate court. *Id.*; *In re Apple Inc.*, No. 2024-129, 2024 WL 3886316, at *2 (Fed. Cir. Aug. 21, 2024) (citing *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010)).

If the district court made any error due to a conflict of Fifth Circuit and Federal Circuit law, the district court erred in favor of Sony by applying a lower burden of proof. Under the recently heightened burden of proof, Sony's motion to transfer needed to prove "that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). Sony's original motion to transfer relied on speculative, cherry-picked witnesses and evidence. Now that the case has progressed to the expert report and final pre-trial stages, the predictions of evidence and witness convenience in Sony's motion to transfer failed to materialize. With such failures of fact, Sony cannot show that its "right to issuance of the writ is 'clear and indisputable.'" *In re Google LLC*, 823 F. App'x 982, 983 (Fed. Cir. 2020).

The district court also erred in Sony's favor by finding that the time-to-trial factor does not matter unless the entities had competitor status, noting that the Federal Circuit's precedent was "odd" but binding. Appx13–14. On reconsideration, the district court did not address Resonant's notice of supplemental authority, which explained that binding Fifth Circuit authority permits the district court to weigh this

factor against transfer even in the absence of a "special circumstance" such as competitor status, albeit not as heavily as it otherwise would have in the presence of the special circumstance. SAppx1–2 (citing *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 310 (5th Cir. 2024)).

In summary, Sony's petition should be denied because it 1) lacks an evidentiary basis to challenge a factual finding about the date of Sony's knowledge and the extent of delay thereafter, 2) relies on Sony's erroneous predictions of evidence and witnesses that will not materialize at trial, and 3) ignores greater legal errors that the district court made in Sony's favor. The district court acted well within its discretion to deny transfer, and Sony cannot show a clear and indisputable right to mandamus relief due to the numerous errors of fact in its original transfer motion.

## **BACKGROUND**

### I. **Resonant Files a Patent Infringement Complaint Against Two Sony Entities Based in Japan Regarding Products that Were Designed and Developed in Japan**

On October 26, 2022, Resonant filed the complaint against Sony Group Corporation ("SGC") and Sony Interactive Entertainment, Inc. ("SIEI") (collectively, "Sony") alleging infringement of U.S. patents that generally relate to haptic vibration technology. Appx29. The accused products include various Sony PlayStation controllers. *Id.*

Resonant is based in Washington and run by Robin Elenga, co-inventor of the asserted patents. Appx30. Resonant does not have any offices, employees, or other ties to California.

Both Sony defendants are Japanese entities and have their principal places of business in Tokyo. *Id.* Neither entity has offices in California. Further, the design and development of the accused products took place in Japan, and the accused products and components are primarily manufactured in China and Japan. Appx572 (citing Appx597 at 14:24–15:19, Appx599 at 22:7–16, 24:11–25:8, Appx600 at 28:3–23, Appx601–603 at 31:15–38:9, Appx606–607 at 53:18–55:5).

## II.   Sony Failed to Predict Which Witnesses Will Materialize at Trial

Sony's August 8, 2023 motion to transfer made inaccurate predictions at an early stage of the case. Sony's motion argued that the following people will testify at trial: Aaron Wong, Cody Morales, Daisuke Ishida, Douglas Evans, Jacob Villa, Nick Brown, Daniel Kutz, Muneki Shimada, R.W.,[1] T.I., Y.I., John Houston, Julie Romanosky, Lisa Mauney, Lisa Mauney, Brian Pepin, Robin Elenga, and Glen Tompkins. Appx252–258. Additionally, Sony's motion identified 13 non-party prior artists listed on patents and publications: Joseph Sahyoun, Nicholas Merz, Andriy Pletenetskyy, Ashutosh Shukla, Sawyer Cohen, Yehonatan Perez, Jeffrey Bluen,

---

[1] Initials used for names designated by Sony as confidential.

4

Drew Kallen, Robert Heubel, Louis Rosenberg, Alex Goldenberg, Ramon Alarcon, and Kollin Tierling. *Id.* Sony's transfer motion makes no mention of "Logitech" or "Clarisonic." *Id.* On reply, Sony further identified Huang and Matsukawa for the first time. Appx8–9.

Discovery concluded on July 29, 2024. Appx1667. During fact discovery, the only people deposed were: Y.I., T.I., Robin Elenga, Erika Peterson, Aaron Wong, and Masahito Asai. SAppx27–33. Lori Waugh was also deposed for venue discovery only, not for trial. SAppx34. Sony did not identify or rely on Peterson and Asai in its transfer briefing. Appx243–284; Appx1412–1572.

On October 6, 2024, Sony served an expert invalidity report of Dr. Welch, who selected only a Logitech iFeel Mouse, a Clarisonic System, and a publication by John Houston as prior art for trial.[2] Mr. Houston has not been deposed in this case, and no Houston testimony is relied on by Dr. Welch. Other than Houston, an electronic search of the Welch Report reveals that none of Sony's other 13 predicted prior artists are named in or relied-upon in Dr. Welch's report, except that Rosenberg, Tierling, and Goldenberg are named (without testimony) in the context

---

[2] Because the underlying case has significantly progressed but not yet at trial, much of the evidence is not yet filed with the district court, and FED. R. APP. P. 10 prevents submitting evidence such as expert reports on appeal. Resonant has a FED. R. CIV. P. 11 basis for statements herein and will readily supply evidence if given leave to do so.

of IPR history—a topic that Dr. Welch cannot testify about at trial. SAppx24 at MIL 6. The Welch report mentions deposition testimony of Mr. Elenga, T.I., and Y.I.— the only three witnesses from Sony's motion to transfer that Resonant believes will actually testify live at trial. Dr. Welch is a professor at the University of Central Florida, which is closer to Texas than to California.

On June 20, 2024, in exchange for Resonant agreeing not to serve deposition notices on Cody Morales, Douglas Evans, Jacob Villa, Nick Brown, Daniel Kutz, Russ Williams, Julie Romanosky, and Lisa Mauney, Sony agreed not to call these witnesses at trial.

On August 6, 2024, Resonant served an expert damages report by Dr. Dell relying on deposition testimony by Mr. Wong, Mr. Asai, and Ms. Peterson, but Resonant will call these three individuals by deposition, not live, at trial. Dr. Dell resides in the Woodlands, Texas.

In summary, of the 33 witnesses identified by Sony, Sony was wrong about 30 of them attending trial (90.9% error). Only Mr. Elenga, T.I., and Y.I. are expected to appear at trial.[3] The others have not been deposed, are not relied upon by experts,

---

[3] Expert discovery is ongoing. Sony may serve other expert reports, but Sony failed to name other experts in its Motion to Transfer and cannot now rely on them to retroactively meet its burden of proof. Nisha Mody—an expert not named in Sony's motion to transfer—was deposed on August 29, but no certified transcript is yet available.

or will not be called by agreement of the parties. Two new witnesses, Dr. Dell and Dr. Walsh, will travel from Florida and Texas.

## III. Resonant Opposes the Relevance and Convenience of NDCA

On November 3, 2023, Resonant timely filed its opposition to Sony's transfer motion, exposing overrepresentations by Sony. Appx560; Appx567–586. Sony argued that "testing" of accused PlayStation controllers occurred by third-party Sony Interactive Entertainment LLC in the NDCA, and witnesses there will need to testify. Appx248, 253. Resonant's venue deposition exposed that such "testing" related to irrelevant "user experience" features, and Resonant argued these witnesses will have no role at a trial expected to focus on haptic technology and vibration waveforms. Appx8; Appx578 (citing Appx604 at 42:10–15, 43:15–44:7, Appx650 at 49:5–24, and comparing Appx705–1098 (showing irrelevant "user experience" tests) with electrical tests and vibration waveforms from infringement contentions in Appx1138–1150).

Resonant also set forth evidence that Sony's most relevant witnesses are in Japan, and that third party suppliers Microchip, AMD, ARM, or MediaTek from Austin or Dallas likely have relevant evidence and witnesses in Texas. Appx576–583; Appx1404-1405. On August 6, 2024, Dr. Baker served an expert infringement report identifying various MediaTek part numbers in his infringement report. A

7

MediaTek witness from Austin or Dallas may be needed to authenticate these parts or documents about them at trial, but Microchip, AMD, and ARM witnesses are no longer expected.

Resonant's opposition also set forth evidence and argument showing that judicial economy would be best served by keeping the case in EDTX, where Resonant has another related case that also concerns two of the same asserted patents: *Resonant Systems, Inc. v. Samsung Electronics, Co. Ltd.*, No. 2:22-cv-00423-JRG (the "Samsung case").[4] Appx583–584. In addition, Resonant set forth evidence showing that the time to trial is five months faster in EDTX than NDCA. Appx584. Indeed, the jury trial is set for December 9, 2024—less than four months away. SAppx18.

## IV.  The District Court Weighed the Relevant Public and Private Interest Factors and Denied Sony's Transfer Motion and Subsequent Motion for Reconsideration

On April 11, 2024, the district court entered a 16-page order denying Sony's transfer motion. Appx1–16. Sony's primary complaint is the district court's findings regarding the timeliness of Sony's motion. But these findings did not weigh heavily

---

[4] Resonant also has a related case against Apple in the Western District of Texas: *Resonant Systems, Inc. v. Apple Inc.*, No. 7-23-cv-00077-ADA. Apple unsuccessfully moved to transfer to the NDCA, and then similarly petitioned this Court for a writ of mandamus. This Court denied Apple's petition, and therefore the case will remain in the Western District of Texas. *In re Apple Inc.*, No. 2024-129 (Fed. Cir. Aug. 21, 2024). Resonant has no cases in California.

in the district court's decision. Appx5. The district court correctly noted Fifth and Federal Circuit law requires that motions to transfer based on convenience be filed with reasonable promptness. *Id.* The district court then observed that "Defendants waited roughly nine months after receiving service to file their motion to transfer," and weighed this "delay in filing the Motion along with the private and public interest factors discussed below in determining whether the NDCA is a clearly more convenient forum." *Id.*

The district court then proceeded to discuss each of the relevant private and public interest factors. The only factor where the district court mentioned Sony's delay in moving to transfer was the practical problems that make trial of a case easy, expeditious, and inexpensive. Appx12. The district court did not mention Sony's delay under any other factor. Appx5–15.

The district court concluded that three of the transfer factors (relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and the local interest in having localized interests decided at home) weighed only "slightly in favor of transfer," the practical problems factor weighed against transfer, and the remaining factors were neutral. Appx16. Given Sony's failure to meet its burden to show that NDCA is "clearly more convenient"

9

than the EDTX, the district court found there was no good cause to transfer and denied Sony's motion. *Id.*

On May 2, 2024, Sony filed a motion to reconsider the district court's order denying transfer. Appx1597. The sole basis for the motion for reconsideration was the district court's error in finding that Sony delayed nine months after service of the complaint in filing its motion to transfer. Appx1597–1599. Sony argued that it was not served until April 28, 2023, and therefore it only delayed three months.

Resonant opposed the motion for reconsideration, noting that (1) Sony never explicitly denied pre-service knowledge of the lawsuit, (2) Sony did not affirmatively state when it first learned of the lawsuit, and (3) in any event, Sony failed to explain why it needed three months to prepare a motion to transfer. Appx1605–1607. Sony failed to provide this information on reply. Appx1624–1626.[5]

On July 9, 2024, the district court denied Sony's motion for reconsideration. Appx17. The opinion began by acknowledging Sony's correction that **formal** service of the complaint was not accomplished until April 28, 2023. Appx18. But ultimately, "[h]aving carefully reconsidered the private and public interest factors as applied to the totality of the facts in this case and out of an abundance of caution

---

[5] Sony's table of contents for Appx Vol. III is inaccurate due to an extraneous document added at Appx1610.

10

*having discounted the delay factor from its analysis*, the Court continues to find that the NDCA is not a 'clearly more convenient' forum for this dispute." *Id.* (emphasis added). The district court explained that "the finding of delay factored into its analysis of the fourth private interest factor ('all other practical problems that make trial of a case easy, expeditious, and inexpensive)," and that "Defendants' delay was not the only component that weighed against transfer within this factor." *Id.* The district court reiterated its previous finding that "the simultaneous adjudication of this case and the co-pending *Samsung* case, which involves two of the same asserted patents, will benefit judicial economy and avoid inconsistent determinations." Appx18–19. Thus, "even after discounting Defendants' delay from the analysis," the practical problems factor still weighs against transfer. Appx19.

The district court explained why it had "reasonable suspicion that the actual delay was much longer than three months," but noted that "even without a more significant delay, this particular factor still weighs against transfer, as noted above." *Id.* On balance, even after correcting for its factual misstatement about the formal service date, the district court found that Sony failed to meet its burden to show that the NDCA is clearly more convenient. Appx19–20.

11

Neither of the district court's decisions cite the most recent controlling Fifth Circuit authority: *In re Clarke*, 94 F.4th 502 (5th Cir. 2024) and *In re Chamber of Com. of United States of Am.*, 105 F.4th 297 (5th Cir. 2024). Appx1–20.

## V. Sony Repeatedly Delays Filing Transfer-Related Motions

On August 8, 2023—over nine months after the complaint was filed on October 26, 2022—Sony filed a motion to transfer to the Northern District of California ("NDCA"). Appx21-23. The date of Sony's earliest knowledge of the complaint (and delay thereafter) remains unclear from the record. When moving for reconsideration, Sony neither denied pre-service knowledge of the complaint, nor did Sony provide a declaration identifying the date of Sony's earliest knowledge. Appx1597–1599.

Sony waited an entire month after the district court's denial of the motion for reconsideration to petition this Court for a writ of mandamus. By the time Sony filed its petition, this case was already in the advanced stages, and is quickly proceeding to trial, which is set for December 9, 2024. Appx1664.

## LEGAL STANDARDS

## I. Legal Standard for Mandamus Relief

Mandamus is "reserved for extraordinary situations." *In re Sand Revolution LLC*, 823 F. App'x 983, 984 (Fed. Cir. 2020). "A party seeking a writ bears the

heavy burden of demonstrating to the court that it has no 'adequate alternative' means to obtain the desired relief, and that the right to issuance of the writ is 'clear and indisputable.'" *In re Google LLC*, 823 F. App'x at 983.

In the context of a motion to transfer, a petition must show of a "clear abuse of discretion that produced a patently erroneous result." *In re Apple Inc.*, 818 F. App'x 1001, 1003 (Fed. Cir. 2020) . When considering transfers under Fifth Circuit law, this Court "***must deny mandamus*** unless it is clear 'that the facts and circumstances are without any basis for a judgment of discretion.'" *In re SK hynix Inc.*, No. 2021-114, 2021 WL 733390, at *3 (Fed. Cir. 2021);[6] *see also In re True Chem. Sols., LLC*, 841 F. App'x 240, 241 (Fed. Cir. 2021) (Under the "exacting standard [of mandamus in the context of a transfer ruling], we must deny mandamus unless it is clear 'that the facts and circumstances are without any basis for a judgment of discretion.'"); *In re Vistaprint Ltd.*, 628 F.3d at 1347 ("as long as there is plausible support of record" for a district court's decision to deny transfer, "we will not second guess such a determination, even if the convenience factors call for a different result"); *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (mandamus relief should be denied "[i]f the facts and circumstances are rationally capable of providing reasons for what the district court has done").

---

[6] All quotations cleaned up and emphases added unless otherwise noted.

But even where the requirements for mandamus relief are met, "the court must still be satisfied that the issuance of the writ is appropriate under the circumstances." *Google*, 823 F. App'x at 983. As emphasized by this Court, mandamus relief should be issued "sparingly and ***only in 'extraordinary' circumstances***." *Apple*, 818 F. App'x at 1003; *see also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes.").

## II. Applicable Law and Conflict of Law

Fifth Circuit law controls the transfer analysis under § 1404. *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012) ("transfer motions are governed by regional circuit law"). When Federal Circuit decisions conflict with Fifth Circuit law, Fifth Circuit law controls. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1575 (Fed. Cir. 1984).

## III. Recently Updated Fifth Circuit Transfer Law

### A. Elevated Burden of Proof

The Fifth Circuit recently articulated an elevated burden of proof on the movant. Transfer is appropriate *only if* the moving party "clearly establishes good cause" by "clearly demonstrating that a transfer is for the convenience of parties and

14

witnesses, in the interest of justice." *In re Clarke*, 94 F.4th at 508. "It is the movant's burden—and the movant's alone—to 'adduce evidence and arguments.'" *Id*. at 508.

The Fifth Circuit articulated the burden of proof:

> Accordingly, to establish "good cause," a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue.

*Id.* (emphases in original). In other words, a movant cannot meet the burden by speculating about witnesses who *may* appear at trial. The movant must clearly show that its witnesses will appear at trial, resulting in significant convenience gain. *See id*. The burden of proof is not met if the movant merely shows that the transferee venue "is more likely than not to be more convenient." *Id.*

## B. Court Congestion Matters, Even for Non-Competitors

The Fifth Circuit ruled that even when "the rationale for speed is no longer present" and "[t]here is no special circumstance," the court congestion factor still receives weight in the transfer analysis, albeit not "more heavily." *In re Chamber of Com.*, 105 F.4th at 310. In other words, the court congestion factor applies even to non-competitors. This overrules the conflicting case *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023), which ruled that this factor receives no weight for lacking "urgency" of resolution absent the special circumstance of "competition in the marketplace." *Id.*

15

## REASONS FOR DENYING THE PETITION

I.  **Sony Has No Evidence Showing that the District Court's Corrected Analysis of Sony's Delay is Factually Erroneous**

Sony does not dispute the vast majority of the district court's analysis. Rather, Sony attempts to use a minor, later-corrected factual misstatement regarding the date of service of the complaint in order to manufacture legal error and overturn the entire decision. Sony's delay in moving to transfer played only a minor role in the district court's decision. The district court later corrected this minor factual error after Sony's motion for reconsideration. The district court reweighed the transfer factors and still determined that Sony's motion still fell short. The district court acted well within its wide discretion, and this Court should not second guess the district court's weighing of the factors, especially when the record is devoid of evidence of Sony's first date of knowledge of the complaint and the extent of Sony's actual delay.

The district court's discussion regarding the "timeliness of the motion" comprised less than one page of its 16-page order, most of which was a recitation of the relevant law. *See* Appx5. The delay was only considered under the practical problems factor. Appx12. The district court stated: "For the specific reasons discussed below (*see infra* § IV.C.4), Defendants' delay has necessarily lessened any convenience that a transfer to the NDCA could provide." Appx5 (citing Appx12). To erase any doubt upon reconsideration, the district court confirmed that

16

"the finding of delay factored into its analysis of the fourth private interest factor ('all other practical problems that make trial of a case easy, expeditious, and inexpensive')." Appx18. Thus, Sony's assertion that "the district court's erroneous view of the alleged delay percolated throughout the district court's analysis" (Pet. at 17) is simply false.

Furthermore, to the extent that the district court erred in calculating the length of Sony's delay, it reasonably corrected for this error on reconsideration and acknowledged Sony's correction that "Plaintiff did not accomplish service of the Complaint on Defendants until April 28, 2023." Appx18. The district court expressly stated that it "carefully reconsidered the private and public interest factors . . . and out of an abundance of caution . . . discounted the delay factor from its analysis." Appx18. The district court then explained that Sony's "delay was not the only component that weighed against transfer" under the practical problems factor, and reiterated its prior finding that "the simultaneous adjudication of this case and the co-pending *Samsung* case, which involves two of the same asserted patents, will benefit judicial economy and avoid inconsistent determinations." Appx18–19. The district court then concluded that "even after discounting Defendants' delay from the analysis under this factor, this Court still finds that the factor, on balance, weighs against transfer." Appx19.

17

Sony argues that the district court "only commented on the fourth private interest factor" when reconsidering. Pet. at 18. But this was not error because this is the only factor that was affected by the district court's finding of delay. The district court had no need to comment on any of the other factors.

Sony also takes issue with the district court's commentary regarding Sony's failure to deny pre-service knowledge of the complaint—knowledge that Sony still fails to deny. However, the district court explained that the "typical practice regarding foreign defendants involves pre-service communications between plaintiff's counsel and defendant's domestic subsidiaries and/or its known legal counsel as to service of process under the Hague Convention." Appx19. The district court further noted that "[t]he fact that Defendants remained silent in their Motion to Reconsider as to pre-service awareness of the lawsuit supports the Court's reasonable suspicion that the actual delay was much longer than three months." *Id.* Such findings of the district court are not an abuse of discretion that compel reversal, especially when Sony has no evidence to the contrary. But rather than weigh this delay against transfer, the district court found that "even without a more significant delay, this particular factor still weighs against transfer." *Id.*

## II. The District Court Reasonably Determined that the Practical Problems Factor Weighs Against Transfer

The district court's analysis of the practical problems factor is consistent with applicable precedent and decidedly not an abuse of discretion. In its original order denying transfer, the district court correctly noted that the co-pending *Samsung* case "involves the same Plaintiff and two of the three Asserted Patents." Appx12. The district court then explained that "[i]f the *inter partes* review proceedings do not dispose of all the issues in the Samsung case, this Court's simultaneous adjudication of both cases will benefit judicial economy and avoid inconsistent determinations." *Id.* This is because the district court "is familiar with the Asserted Patents and will no doubt face overlapping issues between the two cases." *Id.* Notably, Sony does not dispute these foundational facts.

Instead, Sony argues that the district court committed legal error because (1) the existence of a co-pending case by itself cannot prevent transfer and (2) there can be no "simultaneous adjudication" because the *Samsung* case is stayed pending IPR. Pet. at 20. This fails.

This Court has made clear that the "existence of multiple lawsuits involving the same issues is a ***paramount consideration*** when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351

19

(Fed. Cir. 2009); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 nn. 2, 3 (Fed. Cir. 2010). This holds true even where there is not a complete overlap in the issues:

> Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources. Because the district court's decision is based on the rational argument that judicial economy is served by having the same district court try the cases involving the same patents, mandamus is inappropriate under our precedents.

*Volkswagen*, 566 F.3d at 1351.

The same reasoning applies here. There is a significant overlap in the issues given that the Samsung case involves the same plaintiff and two of the three asserted patents, and the district court is already familiar with these patents. Sony does not dispute these facts. The district court presided over this case through fact discovery and claim construction. Appx21–28. It will soon rule on the dispositive motions and Daubert motions that are due on September 10. SAppx18–20. The pretrial conference is set for November 4. SAppx19. When Samsung reargues similar issues, the district court will already be familiar with the technology, claim construction, and its own previous decisions. The district court thus reasonably determined that it would be more efficient to have one court try both cases instead of transferring one case to another court unfamiliar with the issues.

The *Honeywell* case cited by Sony does not hold otherwise. In *Honeywell*, the Court simply found that judicial economy alone is not enough to defeat transfer

20

where the other factors show that the transferee forum is clearly more convenient. *In re Honeywell Int'l Inc.*, No. 2023-152, 2024 WL 302397, at *3 (Fed. Cir. Jan. 26, 2024); *see also In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *4 (Fed. Cir. Oct. 21, 2021) (judicial economy considerations insufficient basis to deny transfer where "several of the private-interest and public-interest factors strongly favor transfer"). But here, none of the transfer factors strongly favor transfer. Nothing in the district court's decision indicates that it gave undue weight to judicial economy considerations.

The absence of a "simultaneous adjudication" of the two cases has no consequence. When the *Samsung* case later reaches claim construction, dispositive motions, and *Daubert* motions, the district court will already be familiar with the technology, claim construction, and its own previous decisions. None of Sony's cases hold that judicial economy is negated solely because one of the co-pending cases is stayed. The *Samsung* case cited by Sony is distinguishable because one of the co-pending cases was transferred to the NDCA. *In re Samsung Elecs. Co., Ltd.*, No. 2023-146, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023). In contrast, Resonant has no pending cases in the NDCA.

### III. Sony Failed to Prove that More Willing Witnesses Will Materialize at Trial to Significantly Improve Convenience

Under the cost of attendance for willing witnesses factor, the district court considered each of the parties' identified willing witnesses, weighed the relative convenience of the two forums for these witnesses, and concluded that on balance, this factor is neutral. Appx9–11.

Sony argues that the district court erred for failing to apply more recent Fifth Circuit law. Pet. at 22 (explaining how *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023) overruled *In re Apple*, 979 F.3d 1332, 1342 (Fed. Cir. 2020) cited on Appx11). Resonant *agrees with Sony* that the district court applied outdated, conflicting Federal Circuit law, and Resonant agrees that *In re Apple*, 979 F.3d at 1342 is overruled by the Fifth Circuit.[7] However, the district court further *erred in Sony's favor* by failing to hold Sony to the updated, heightened burden of proof articulated by *In re Clarke*, 94 F.4th at 508, requiring "(1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." Collectively, the errors were harmless.

---

[7] For the same reason, the *In re Apple Inc.,* No. 2022-128, 2022 WL 1196768, at *3 (Fed. Cir. Apr. 22, 2022) analysis of travelers from Florida (like Dr. Welch) is also overruled. *Cert. denied sub nom. CPC Pat. Techs. PTY Ltd. v. Apple Inc.*, 143 S. Ct. 206 (2022).

Before applying the Fifth Circuit's rigid version of the 100-mile rule, Sony needed to first prove that "those marginal gains will *actually* materialize in the transferee venue." *In re Clarke*, 94 F.4th at 508 (emphasis in original). Sony inflated the number of NDCA witnesses by counting witnesses who have not been deposed, are not relied upon by experts, and/or excluded by agreement such that they will not testify at trial. *See* Section II (pages 4–7) above.[8]

To the contrary, Dr. Dell from the Woodlands, Texas and Dr. Walsh from Florida will both appear live to testify at trial. Applying the strict 100-mile rule, they will both find travel to Texas significantly more convenient than to California, and they counterbalance any marginal inconvenience of T.I and Y.I from Japan. Dr. Baker lives in Las Vegas. His inconvenience to either courthouse will be marginal, at best, not significant.[9] Mr. Elenga does not find travel to Texas inconvenient because of the lower trial cost, so he is a nonfactor. Appx1408–1411.

---

[8] Sony may argue on reply that the Federal Circuit should not consider post-complaint developments, and Resonant is not automatically entitled to a surreply. *See* Appx1661. The prohibition against considering post-fact developments applies to a district court when deciding transfer motions in the first instance, but it does not hinder the Federal Circuit's ability to review whether Sony has a clear and indisputable right on a petition for writ of mandamus.

[9] The district court has not had an opportunity to make a first instance assessment of these corrected witnesses who recently served reports and should be given an opportunity to do so before reversal.

Sony's right to relief is not "clear and indisputable" when Sony inaccurately predicted whether 30 of its 33 witnesses will not materialize at trial, and when Sony failed to identify the experts from Florida and Texas who have served expert reports. Mandamus relief should not be based on witnesses that Sony has agreed not to call, witnesses involved in irrelevant "user experience" tests, or others who are neither deposed nor identified in expert reports.

## IV. None of the Third-Party Witnesses Will Materialize at Trial, So the Compulsory Service Factor Should Be Neutral.

Sony has not deposed any of the third-party prior artists identified in its motion to transfer. Appx255–257. Sony is unlikely to call them to trial without first deposing them to know what they will say. Sony's invalidity expert does not rely on their testimony. None of them are expected to materialize at trial as required by *In re Clarke*, 94 F.4th at 508. Resonant will not call Mr. Wong, Mr. Asai, or Ms. Peterson live at trial, and Mr. Asai and Ms. Peterson were not even identified or relied on in Sony's motion to transfer.

Thus, the district court again legally erred *in Sony's favor* by considering the convenience of these third-party witnesses, without assessing whether they will actually materialize at trial as required by *In re Clarke*, 94 F.4th at 508. The district court neither recited this standard nor cited *In re Clarke*. Appx1–9. This error of law

24

caused the district court to weigh this factor in Sony's favor. Appx7–9. Instead, the availability of compulsory process factor should be neutral.

## V. The District Court Erred in Favor of Sony by Failing to Require The Evidentiary Convenience Factor to Result in *Significant* Convenience Gains

Sony does not challenge the district court's factual findings regarding the ease of access to source of proof. The district court found "Defendants do not identify any examples of physical documents or evidence that is stored in physical form in the NDCA." Appx7. The district court then found that most documents will come from Japan and be produced electronically, so "the Court sees no indication that evidence in Japan will be any easier to access if this case is transferred to the NDCA." *Id.* There was no evidence that will come from Texas sources. *Id.* The district court found this to slightly favor transfer. *Id.*

Under any logical standard, this factor should have been neutral if electronic evidence from Sony's offices in Japan is equally accessible via the internet from both the NDCA and WDTX. Legally, the district court erred by failing to apply the two-part analysis required by *In re Clarke*. The district court did not ask whether (1) the marginal gain in convenience will be *significant*, and (2) whether evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue. *In re Clarke*, 94 F.4th at 508. Rather, because "the Court sees no indication that evidence in Japan will be any easier to

25

access if this case is transferred to the NDCA," part (1) of the *In re Clarke* test about *significant* convenience gain precludes finding this factor in favor of transfer at all. Appx7. The district court was wrong to assume that slightly easier access to evidence means this factor weighs slightly in favor of transfer. Without a *significant* increase in convenience, the relative ease of access to sources of proof should have been neutral under Fifth Circuit law. The district court erred in favor of Sony.

## VI.   The District Court Erred in Sony's Favor By Finding the Court Congestion Factor Neutral.

The district court erred in Sony's favor by finding this factor neutral, despite recognizing that the "parties appear to agree that EDTX has a faster median time-to-trial," and after the district court's own recognition that "[t]his case has been timely proceeding to trial . . . counseling against transfer." Appx13. Indeed, the trial scheduled for December 9, 2024 is fast approaching. However, the district court explicitly found this factor neutral solely because it was bound by the "odd" Federal Circuit requirement from *In re Google LLC*, 58 F.4th at 1383, which requires present "competition" in the market. Appx13 n.162.

As explained in Legal Standards Section III(B) above (page 15), *In re Chamber of Com. of United States of Am.*, 105 F.4th at 310 has overruled *In re Google LLC*, 58 F.4th at 1383. This factor should have weighed against transfer.

26

Resonant notified the district court of this supplemental authority, but the district court ignored it. SAppx1–17; Appx17–20.

## VII.   The Correct Weighing of Factors

The district court should have weighed the factors as follows:

| Factor | Correct finding |
|---|---|
| Cost of attendance of willing witnesses | Neutral because Sony failed to carry burden of proving that witnesses will actually materialize at trial as required by *In re Clarke*, and two new witnesses from Florida and Texas will attend trial. |
| Availability of compulsory process to secure the attendance of witnesses | Neutral because none of the third-party individuals identified by Sony will materialize at trial as required by *In re Clarke*. |
| Relative ease of access to evidence | Neutral because Sony failed to prove that any evidence will be *significantly* easier to access from the NDCA as required by *In re Clarke*. |
| All other practical problems that make the case easy, expeditious, and inexpensive | Materially against transfer due to co-pending *Samsung* case, with or without Sony's delay in filing its motion to transfer, and especially now that the *Sony* trial is near. |
| Administrative difficulties from court congestion | Materially against transfer under *Chamber of Com.* |
| Local Interest | Slightly favors transfer |
| Familiarity with the law | Neutral |
| Problems with conflicts of law | Neutral |

When correctly applying Fifth Circuit law, two factors weigh materially against transfer, and only the local interest factor slightly favors transfer. If anything, the district court erred in Sony's favor.

27

## VIII. The Writ Is Inappropriate Under the Circumstances

Mandamus is inappropriate under the particular circumstances of this case. Sony artificially inflated its witness lists in an attempt to make the NDCA appear to be the more relevant venue. Of the 33 witnesses identified in Sony's motion, 30 of them will not appear at trial. Seven SIE witnesses identified by Sony were only involved in user experience testing and had no relevant technical knowledge regarding the accused products—something Sony never meaningfully disputed in the briefs. Of the 13 prior art witnesses identified in Sony's motion (Appx256), *zero* were deposed, making it clear that Sony has no intention of calling them at trial. Eight witnesses will not be called by agreement. Instead, Sony will call Dr. Welch to travel from Florida, which is far closer to Texas, and Resonant will call Dr. Dell from Texas and Dr. Baker from Las Vegas.

To grant mandamus relief here would be to rule that Sony's erroneous inflation of the NDCA count by 30 witnesses with a 90.9% error rate, as well as Sony's omission of expert witness from Texas and Florida, somehow meets the burden of clearly demonstrating "that those marginal gains will *actually* materialize in the transferee venue." *In re Clarke*, 94 F.4th 508. If anything, the district court was misled by Sony's 30 inaccurate witness predictions to repeatedly err in Sony's

28

favor.[10] Sony's false predictions preclude it from arguing that its right to mandamus relief is clear and indisputable.

This case is in advanced stages and trial is set for December 9, 2024. SAppx18. Fact discovery and claim construction are completed. Appx21–28. Expert discovery closes on September 6. SAppx20. Dispositive motions and Daubert motions are due on September 10. *Id.* Pretrial disclosures (witness and exhibit lists and deposition designations) are due on September 30. *Id.* The pretrial conference is set for November 4. SAppx19.  It simply makes no sense to transfer this case to a different court that is unfamiliar with the parties, patents, and technology, at this late stage of the case—especially in light of Sony's weak showing. The trial would almost certainly be delayed well beyond the current December trial date. Transferring this case to the NDCA would only serve to delay resolution of this case and burden another court, at great inconvenience to Dr. Welch and Dr. Dell.

---

[10] In 2022, the Western District of Texas attempted to curb this type of speculative abuse in transfer motions, but the Federal Circuit did not permit the lower court to do so, resulting in continued speculation by defendants like Sony and Apple at the early stages of patent cases and the ongoing flood of mandamus petitions at the Federal Circuit. *In re Apple Inc.*, 52 F.4th 1360, 1362 (Fed. Cir. 2022) ("The district court took the view that by delaying the decision until after full fact discovery and re-briefing, it could reduce 'speculation' and 'allow the parties to provide the Court with the best evidence for ruling on a motion to transfer.'"). Perhaps *In re Apple Inc.*, 52 F.4th 1360, should be reconsidered.

## CONCLUSION

For the foregoing reasons, the Court should deny Sony's mandamus petition. Should the Court find sufficient error in favor of Sony worthy of vacating the district court's decision, then the Court should remand and instruct the district court to 1) apply the correct burden of proof from *In re Clarke*, 2) apply the correct court congestion law from *In re Chamber of Commerce*, 3) reevaluate the updated witness count at this stage of the case, and 4) use updated case information and correct law to provide a renewed, first-instance assessment of the balance of transfer factors.

August 30, 2024

/s/ *Peter Tong*
Reza Mirzaie
rmirzaie@raklaw.com
Qi (Peter) Tong
ptong@raklaw.com
Shani Williams
swilliams@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310) 826-7474

*Counsel for Respondent*
*Resonant Systems, Inc.*