# EXHIBIT 13

**Andrew Mather**

| | |
|---|---|
| **From:** | David Perlson |
| **Sent:** | Monday, September 16, 2024 6:57 PM |
| **To:** | ptong@raklaw.com; Andrew Mather; rmirzaie@raklaw.com; mfenster@raklaw.com; nrubin@raklaw.com; jmilkey@raklaw.com; ahayden@raklaw.com; jbuczko@raklaw.com; jtsuei@raklaw.com; cconkle@raklaw.com; jma@raklaw.com; Daniel Kolko; rak_virtamove@raklaw.com |
| **Cc:** | QE-Google-VirtaMove; JW-Google-IP |
| **Subject:** | RE: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses |

Perter, I write concerning the meet and confer on September 9 and in response to your email below.

**VM Venue Discovery**

For RFP No. 5, VirtaMove requested a compromise seeking sealed filings from the following cases:

-Flypsi, Inc. d/b/a Flyp v. Google, LLC WDTX-6-22-cv-00031
-Touchstream Technologies, Inc. d/b/a Shodogg v. Google, LLC f/k/a Google Inc. WDTX-6-21-cv-00569
-EcoFactor, Inc. v. Google LLC f/k/a Google Inc. WDTX-6-20-cv-00075
-Profectus Technology LLC v. Google LLC f/k/a Google Inc. WDTX-6-20-cv-00101

VirtaMove indicated the redacted filings do not have all the information that it seeks.  To resolve this issue, Google agrees to produce the unsealed briefs and Google employee declarations filed in these four cases, although it will keep redacted any information designated under a protective order by parties other than Google.

For RFPs 7, 9, and 10, VirtaMove suggested as a compromise that Google produce documents created in the ordinary course of business that show the nature of the work of the Google employees identified in Google's Motion to Transfer in the last year.  VirtaMove suggested that 2023 performance reviews may have this information, but that other documents having this information would be acceptable also.   Google will not produce employee reviews containing highly confidential and private information, as such information is not proportional or relevant to the case.  But Google will produce other documents created in the ordinary course of business sufficient to show the nature of work of these employees located after a reasonable and diligent search.

**Google Venue Discovery**

For Interrogatory No. 1, VirtaMove agreed to make a supplemental production and revise its interrogatory response to identify the appropriate documents in response to the interrogatory.

For Interrogatory No. 2, VirtaMove indicated that for former employees, it may not have more specific information regarding the cities, but it will supplement its interrogatory response to provide responsive information it does have.

For current employees, VirtaMove will supplement to provide cities.  For Mr. O'Connor, VirtaMove's understanding is that he is on the East Coast with a secondary residence in California.  VirtaMove will provide a supplemental response/and documents regarding the information it has.

For Interrogatory No. 3, ==VirtaMove indicated that it believes its response is sufficient and that when it asserts that witnesses will find travel to Texas more convenient, it is strictly looking at the as the crow flies distance between the witness's location and Midland/Odessa.  This is because VirtaMove believes In re Tik Tok makes flight times irrelevant in==

1

the Fifth Circuit.  Rather, only a straight line distance is relevant.  Thus, VirtaMove will not be arguing it takes more or less time to fly to San Francisco or Midland/Odessa and will not be relying or providing any evidence or information regarding flight times to them.  We note Tik Tok does not actually say this and Google is aware of no authority interpreting it in this way.  If you have any, please provide it to us.

In reference to VirtaMove's statement that there are 1500 Google Texas employees in its interrogatory response, VirtaMove indicated that it intends to argue that a big company like Google won't have logistical issues with a trial in Odessa/Midland because Google has facilities and resources in Texas. VirtaMove indicated that it does not plan to assert all those employees are relevant.  VirtaMove will supplement to clarify.

VirtaMove indicated that its reference to Midlothian is meant to argue that Google has local interests in Texas generally.  VirtaMove indicated that it will not supplement as to Midlothian as it does not have further information to provide.

VirtaMove explained that when it refers to Midland/Odessa being a "midpoint," it refers to an east-west midpoint and in doing so, ignores north and south. VirtaMove indicated that it will not supplement further.

VirtaMove also agreed to supplement its interrogatory response to add trial statistics about NDCal vs WDTX.  In terms of the alleged burden of motion practice in NDCal, VirtaMove indicated that it is relying on the NDCal local rules generally regarding motion practice, irrespective of the rules of any particular judges regarding discovery or otherwise, and accordingly, will not supplement further.

Finally, VirtaMove indicated that the reference to Interrogatory No. 5 in its response to Interrogatory No. 3 is a typo.  For Interrogatory No. 4, VirtaMove agreed to supplement its response to more specifically identify the prosecution counsel it is referring to.

Please advise when VirtaMove will be supplementing given the deposition of VirtaMove's Rule 30(b)(6) witness Thursday.

In terms of document production, VirtaMove provided a supplemental production Friday.  For transcripts in the Amazon case, VirtaMove indicated that it has 3 in queue for production, but there only seemed to be two.  VirtaMove did produce the deposition of VirtaMove's own Rule 30(b)(6) deposition.  We will review and follow up regarding the start time of the VirtaMove Rule 30(b)(6) deposition in this case.  As discussed, Google agrees it will not use this production as an admission that seeking discovery from other cases is appropriate and relevant in all instances.

For Interrogatory No. 5, VirtaMove indicated that it would not be providing information in response because of its position that under In re Tik Tok, details about travel distances are not relevant discussed and responded to above.

As always, we are happy to meet and confer regarding discovery issues.

David

---

**From:** ptong@raklaw.com <ptong@raklaw.com>
**Sent:** Monday, September 16, 2024 9:31 AM
**To:** David Perlson <davidperlson@quinnemanuel.com>; Andrew Mather <andrewmather@quinnemanuel.com>; rmirzaie@raklaw.com; mfenster@raklaw.com; nrubin@raklaw.com; jmilkey@raklaw.com; ahayden@raklaw.com; jbuczko@raklaw.com; jtsuei@raklaw.com; cconkle@raklaw.com; jma@raklaw.com; Daniel Kolko <dkolko@raklaw.com>; rak_virtamove@raklaw.com
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>; JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** Re: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

[EXTERNAL EMAIL from ptong@raklaw.com]

2

David,

Will Google produce unredacted copies of the venue motion filings from the four cases identified below, before the close of discovery?

**Peter Tong**
**Russ, August & Kabat**
4925 Greenville Avenue, Suite 200 | Dallas, Texas 75206
Main +1 310 826 7474 | ptong@raklaw.com | www.raklaw.com

**From:** David Perlson <davidperlson@quinnemanuel.com>
**Date:** Thursday, September 12, 2024 at 2:04 PM
**To:** ptong@raklaw.com <ptong@raklaw.com>, Andrew Mather <andrewmather@quinnemanuel.com>, rmirzaie@raklaw.com <rmirzaie@raklaw.com>, mfenster@raklaw.com <mfenster@raklaw.com>, nrubin@raklaw.com <nrubin@raklaw.com>, jmilkey@raklaw.com <jmilkey@raklaw.com>, ahayden@raklaw.com <ahayden@raklaw.com>, jbuczko@raklaw.com <jbuczko@raklaw.com>, jtsuei@raklaw.com <jtsuei@raklaw.com>, cconkle@raklaw.com <cconkle@raklaw.com>, jma@raklaw.com <jma@raklaw.com>, Daniel Kolko <dkolko@raklaw.com>, rak_virtamove@raklaw.com <rak_virtamove@raklaw.com>
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>, JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** Re: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

Thanks Peter.  We agree.

**From:** ptong@raklaw.com <ptong@raklaw.com>
**Sent:** Thursday, September 12, 2024 9:36 AM
**To:** David Perlson <davidperlson@quinnemanuel.com>; Andrew Mather <andrewmather@quinnemanuel.com>; rmirzaie@raklaw.com <rmirzaie@raklaw.com>; mfenster@raklaw.com <mfenster@raklaw.com>; nrubin@raklaw.com <nrubin@raklaw.com>; jmilkey@raklaw.com <jmilkey@raklaw.com>; ahayden@raklaw.com <ahayden@raklaw.com>; jbuczko@raklaw.com <jbuczko@raklaw.com>; jtsuei@raklaw.com <jtsuei@raklaw.com>; cconkle@raklaw.com <cconkle@raklaw.com>; jma@raklaw.com <jma@raklaw.com>; Daniel Kolko <dkolko@raklaw.com>; rak_virtamove@raklaw.com <rak_virtamove@raklaw.com>
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>; JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** Re: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

**[EXTERNAL EMAIL from ptong@raklaw.com]**

David,

3

Amazon approved us providing the transcripts.  We will produce them tomorrow if you agree the Amazon transcript production will not be used as an admission that all other discovery from Amazon is automatically discoverable.

**Peter Tong**
**Russ, August & Kabat**
4925 Greenville Avenue, Suite 200 | Dallas, Texas 75206
Main +1 310 826 7474 | ptong@raklaw.com | www.raklaw.com

---

**From:** ptong@raklaw.com <ptong@raklaw.com>
**Date:** Monday, September 9, 2024 at 2:21 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>, Andrew Mather <andrewmather@quinnemanuel.com>, rmirzaie@raklaw.com <rmirzaie@raklaw.com>, mfenster@raklaw.com <mfenster@raklaw.com>, nrubin@raklaw.com <nrubin@raklaw.com>, jmilkey@raklaw.com <jmilkey@raklaw.com>, ahayden@raklaw.com <ahayden@raklaw.com>, jbuczko@raklaw.com <jbuczko@raklaw.com>, jtsuei@raklaw.com <jtsuei@raklaw.com>, cconkle@raklaw.com <cconkle@raklaw.com>, jma@raklaw.com <jma@raklaw.com>, Daniel Kolko <dkolko@raklaw.com>, rak_virtamove@raklaw.com <rak_virtamove@raklaw.com>
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>, JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** Re: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

David,

Thanks for meeting today.  Both you and I agreed to look into supplementing various responses, but I wanted to follow up specifically in writing for just these:

For VirtaMove's RFP 5, I propose a narrower request that Google produce unredacted copies of the venue filings from:

- Flypsi, Inc. d/b/a Flyp v. Google, LLC WDTX-6-22-cv-00031
- Touchstream Technologies, Inc. d/b/a Shodogg v. Google, LLC f/k/a Google Inc. WDTX-6-21-cv-00569
- EcoFactor, Inc. v. Google LLC f/k/a Google Inc. WDTX-6-20-cv-00075
- Profectus Technology LLC v. Google LLC f/k/a Google Inc. WDTX-6-20-cv-00101

For Google's second set of RFP's 5 & 6, we object that general discovery of information from related cases is not discoverable under the Court's general practice.  *See attached case Webroot, Inc. v. AO Kaspersky Lab*, No. 6:22-cv-00243-ADA-DTG.  That being said, solely to avoid burdening the court with a discovery dispute, we are willing to produce venue transcripts and venue discovery responses from the *Amazon* case if Google agrees that such a production will not later be used against to argue that other materials from the Amazon case are discoverable.

**Peter Tong**
**Russ, August & Kabat**
4925 Greenville Avenue, Suite 200 | Dallas, Texas 75206
Main +1 310 826 7474 | ptong@raklaw.com | www.raklaw.com

---

**From:** ptong@raklaw.com <ptong@raklaw.com>
**Date:** Monday, September 9, 2024 at 11:57 AM
**To:** David Perlson <davidperlson@quinnemanuel.com>, Andrew Mather <andrewmather@quinnemanuel.com>, rmirzaie@raklaw.com <rmirzaie@raklaw.com>, mfenster@raklaw.com <mfenster@raklaw.com>, nrubin@raklaw.com <nrubin@raklaw.com>,

jmilkey@raklaw.com <jmilkey@raklaw.com>, ahayden@raklaw.com <ahayden@raklaw.com>, jbuczko@raklaw.com <jbuczko@raklaw.com>, jtsuei@raklaw.com <jtsuei@raklaw.com>, cconkle@raklaw.com <cconkle@raklaw.com>, jma@raklaw.com <jma@raklaw.com>, Daniel Kolko <dkolko@raklaw.com>, rak_virtamove@raklaw.com <rak_virtamove@raklaw.com>
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>, JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** Re: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

David,

Sorry I missed your email below.
I am available at 1:30 Central Time today.

**Peter Tong**
**Russ, August & Kabat**
4925 Greenville Avenue, Suite 200 | Dallas, Texas 75206
Main +1 310 826 7474 | ptong@raklaw.com | www.raklaw.com

---

**From:** David Perlson <davidperlson@quinnemanuel.com>
**Date:** Monday, September 9, 2024 at 11:54 AM
**To:** ptong@raklaw.com <ptong@raklaw.com>, Andrew Mather <andrewmather@quinnemanuel.com>, rmirzaie@raklaw.com <rmirzaie@raklaw.com>, mfenster@raklaw.com <mfenster@raklaw.com>, nrubin@raklaw.com <nrubin@raklaw.com>, jmilkey@raklaw.com <jmilkey@raklaw.com>, ahayden@raklaw.com <ahayden@raklaw.com>, jbuczko@raklaw.com <jbuczko@raklaw.com>, jtsuei@raklaw.com <jtsuei@raklaw.com>, cconkle@raklaw.com <cconkle@raklaw.com>, jma@raklaw.com <jma@raklaw.com>, Daniel Kolko <dkolko@raklaw.com>, rak_virtamove@raklaw.com <rak_virtamove@raklaw.com>
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>, JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** RE: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

Following up on this.

---

**From:** David Perlson <davidperlson@quinnemanuel.com>
**Sent:** Thursday, September 5, 2024 4:02 PM
**To:** ptong@raklaw.com; Andrew Mather <andrewmather@quinnemanuel.com>; rmirzaie@raklaw.com; mfenster@raklaw.com; nrubin@raklaw.com; jmilkey@raklaw.com; ahayden@raklaw.com; jbuczko@raklaw.com; jtsuei@raklaw.com; cconkle@raklaw.com; jma@raklaw.com; Daniel Kolko <dkolko@raklaw.com>; rak_virtamove@raklaw.com
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>; JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** Re: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

Thanks Peter. Would 130 pm Central Time Monday work for you?

---

**From:** ptong@raklaw.com <ptong@raklaw.com>
**Date:** Thursday, September 5, 2024 at 12:08 PM
**To:** David Perlson <davidperlson@quinnemanuel.com>, Andrew Mather <andrewmather@quinnemanuel.com>, rmirzaie@raklaw.com <rmirzaie@raklaw.com>,

5

mfenster@raklaw.com <mfenster@raklaw.com>, nrubin@raklaw.com <nrubin@raklaw.com>, jmilkey@raklaw.com <jmilkey@raklaw.com>, ahayden@raklaw.com <ahayden@raklaw.com>, jbuczko@raklaw.com <jbuczko@raklaw.com>, jtsuei@raklaw.com <jtsuei@raklaw.com>, cconkle@raklaw.com <cconkle@raklaw.com>, jma@raklaw.com <jma@raklaw.com>, Daniel Kolko <dkolko@raklaw.com>, rak_virtamove@raklaw.com <rak_virtamove@raklaw.com>
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>, JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** Re: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

**[EXTERNAL EMAIL from ptong@raklaw.com]**

Hi David,

For RFP 5, we've asked Google to provide copies of unredacted motions and exhibits out of Texas, but it appears Google will not do so.

For RFP 7, 9, and 10 Google wrote that it was willing to meet and confer on scope and relevance.

We do not intend to serve a separate 30b6 notice.

I am available to meet and confer, including regarding the topics in your letter, tomorrow morning or anytime on Monday. Please provide your availability during these times.

**Peter Tong**
**Russ, August & Kabat**
4925 Greenville Avenue, Suite 200 | Dallas, Texas 75206
Main +1 310 826 7474 | ptong@raklaw.com | www.raklaw.com

**From:** David Perlson <davidperlson@quinnemanuel.com>
**Date:** Thursday, September 5, 2024 at 12:52 PM
**To:** ptong@raklaw.com <ptong@raklaw.com>, Andrew Mather <andrewmather@quinnemanuel.com>, rmirzaie@raklaw.com <rmirzaie@raklaw.com>, mfenster@raklaw.com <mfenster@raklaw.com>, nrubin@raklaw.com <nrubin@raklaw.com>, jmilkey@raklaw.com <jmilkey@raklaw.com>, ahayden@raklaw.com <ahayden@raklaw.com>, jbuczko@raklaw.com <jbuczko@raklaw.com>, jtsuei@raklaw.com <jtsuei@raklaw.com>, cconkle@raklaw.com <cconkle@raklaw.com>, jma@raklaw.com <jma@raklaw.com>, Daniel Kolko <dkolko@raklaw.com>, rak_virtamove@raklaw.com <rak_virtamove@raklaw.com>
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>, JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** RE: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

Counsel, regarding your request to meet and confer on RFP 5, 7, 9, and 10, can you provide more specifics as to what is insufficient in what Google has already provided and the issues regarding objections you wish to discuss? That will make any meet and confer more productive. Please find attached a letter regarding VirtaMove's venue discovery responses. We can discuss both parties' concerns at the same time when we get further detail from VirtaMove as to its concerns.

Regarding depositions, we will look into scheduling and will respond separately.  Does VirtaMove intend to serve a Rule 30b6 Notice?  That could affect scheduling.  As you have seen, Google has served its Rule 30(b)(6) notice on VirtaMove for which we are happy to coordinate scheduling.

David

---

**From:** ptong@raklaw.com <ptong@raklaw.com>
**Sent:** Tuesday, September 3, 2024 6:42 PM
**To:** Andrew Mather <andrewmather@quinnemanuel.com>; rmirzaie@raklaw.com; mfenster@raklaw.com; nrubin@raklaw.com; jmilkey@raklaw.com; ahayden@raklaw.com; jbuczko@raklaw.com; jtsuei@raklaw.com; cconkle@raklaw.com; jma@raklaw.com; Daniel Kolko <dkolko@raklaw.com>; rak_virtamove@raklaw.com
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>; JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** Re: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

**[EXTERNAL EMAIL from ptong@raklaw.com]**

---

Counsel for Google,

We request to meet and confer on RFP 5, 7, 9, and 10. Could you provide your availability for later this week? Additionally, we intend to serve depo notices on Vasetsky and Devarasetty.  Could you please provide available dates?  I do not expect that either of their depositions will be lengthy, so a half-day will suffice for each.

**Peter Tong**
**Russ, August & Kabat**
4925 Greenville Avenue, Suite 200 | Dallas, Texas 75206
Main +1 310 826 7474 | ptong@raklaw.com | www.raklaw.com

---

**From:** Andrew Mather <andrewmather@quinnemanuel.com>
**Date:** Tuesday, August 27, 2024 at 9:10 PM
**To:** ptong@raklaw.com <ptong@raklaw.com>, rmirzaie@raklaw.com <rmirzaie@raklaw.com>, mfenster@raklaw.com <mfenster@raklaw.com>, nrubin@raklaw.com <nrubin@raklaw.com>, jmilkey@raklaw.com <jmilkey@raklaw.com>, ahayden@raklaw.com <ahayden@raklaw.com>, jbuczko@raklaw.com <jbuczko@raklaw.com>, jtsuei@raklaw.com <jtsuei@raklaw.com>, cconkle@raklaw.com <cconkle@raklaw.com>, jma@raklaw.com <jma@raklaw.com>, Daniel Kolko <dkolko@raklaw.com>, rak_virtamove@raklaw.com <rak_virtamove@raklaw.com>
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>, JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** RE: VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

Counsel,

The version of Google's RFP responses and objections served last night was inadvertently labelled "Attorneys' Eyes Only."  Attached is an identical version of Google's responses that removes these confidentiality markings.

Sincerely,

**Andrew Mather**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6321 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
andrewmather@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Andrew Mather
**Sent:** Monday, August 26, 2024 8:12 PM
**To:** ptong@raklaw.com; rmirzaie@raklaw.com; mfenster@raklaw.com; nrubin@raklaw.com; jmilkey@raklaw.com; ahayden@raklaw.com; jbuczko@raklaw.com; jtsuei@raklaw.com; cconkle@raklaw.com; jma@raklaw.com; Daniel Kolko <dkolko@raklaw.com>; rak_virtamove@raklaw.com
**Cc:** QE-Google-VirtaMove <qe-google-virtamove@quinnemanuel.com>; JW-Google-IP <JW-Google-IP@jw.com>
**Subject:** VirtaMove, Corp. v. Google LLC (W.D. Tex. 7:24-cv-00033-DC-DTG) - Service of Venue Discovery Responses

Counsel,

Please see attached for service of:

1. DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF VENUE REQUESTS FOR PRODUCTION (NOs. 1-10)
2. DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF VENUE INTERROGATORIES (NOs. 1-10)

Sincerely,

**Andrew Mather**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6321 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
andrewmather@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.