# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., | |
| Plaintiff, | Case No.  7:24-cv-00033-DC-DTG |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| Defendant. | |

**PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF VENUE INTERROGATORIES (NOS. 1-4) AND RESPONSES TO DEFENDANT'S SECOND SET OF VENUE INTERROGATORIES (NO. 5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff VirtaMove Corp. ("VirtaMove") supplements its responses to Defendant Google LLC's ("Defendant" or "Google") First Set of Venue Requests for Interrogatories on as follows:

VirtaMove's responses are based on information known and available to it at the time of these responses. VirtaMove's investigation in this matter is ongoing. Further, because all information and documents that are possibly within the scope of the Interrogatories may have yet to be located and/or identified, the development of VirtaMove's contentions with respect to its claims and defenses is ongoing. VirtaMove reserves the right to assert additional objections to the Interrogatories and to modify and supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

VirtaMove's responses to these Interrogatories are not to be construed as admissions that any of the requested information exists or that any contention or assumption contained in the Interrogatories, whether implicit or explicit, is correct.

By making any responses, VirtaMove does not concede that the information given is properly discoverable or admissible, and VirtaMove reserves its right to object to the introduction of these responses into evidence for any purpose.

VirtaMove is willing and prepared to discuss definitions of vague, ambiguous, or otherwise objectionable terms, as well as the appropriate discoverable scope of each interrogatory in light of the objections contained herein.

## **GENERAL OBJECTIONS**

These General Objections are incorporated into the specific responses below.

1.     VirtaMove objects to these Interrogatories to the extent that they attempt to impose an obligation on VirtaMove different from or greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, the Court's Standing Orders, and any other Order entered in this action, and any agreements between the parties.

2.     VirtaMove objects to these Interrogatories to the extent that they request information related to patents or patent claims that have not been asserted, and thus are irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.     VirtaMove objects to these Interrogatories to the extent that they request the disclosure of information protected by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, mediation privilege, or any other privilege or immunity. VirtaMove hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to the Interrogatories. Unless explicitly stated, any disclosure of such privileged or protected documents is inadvertent and should not be construed as a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or doctrine.

4.      VirtaMove objects to these Interrogatories to the extent they are neither relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of admissible evidence.

5.      VirtaMove objects to these Interrogatories as unduly vague and overly broad to the extent that they fail to identify the information sought with reasonable particularity, thereby requiring VirtaMove to resort to conjecture and speculation as to what information is sought.

6.      VirtaMove objects to these Interrogatories to the extent that they request confidential, proprietary, or trade secret information that is not relevant to this action including without limitation confidential business information, proprietary and/or competitively sensitive information or trade secrets. If necessary and at the appropriate time, if such information is responsive and its production is otherwise unobjectionable, VirtaMove will provide it subject to the Protective Order governing this case or, if necessary, will seek additional protections from the Court.

7.      VirtaMove objects to these Interrogatories to the extent they seek information that VirtaMove is not permitted to disclose pursuant to confidentiality obligations, Protective Orders, or agreements with third and/or nonparties. VirtaMove will not provide such information without the consent of the relevant party or a court order.

8.      VirtaMove objects to these Interrogatories to the extent that they seek information from an individual or entity outside of VirtaMove's control. VirtaMove cannot reasonably respond to such Interrogatories, and objects to them as unreasonable and unduly burdensome. VirtaMove further objects to the extent these Interrogatories would require it to produce or disclose information that is publicly available or that is as readily identifiable and accessible to Defendant as to VirtaMove. VirtaMove shall conduct a reasonably calculated search of reasonably available

3

sources within its possession, custody and control, in conformity with the Federal Rules of Civil Procedure, the Local Rules of the Western District of Texas, and this Court's orders.

9.     VirtaMove objects to these Interrogatories to the extent that they are unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

10.     VirtaMove objects to these Interrogatories to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to VirtaMove.

11.     VirtaMove objects to these Interrogatories to the extent that they assume facts not in evidence.

12.     VirtaMove objects to these Interrogatories to the extent that they call for purely legal conclusions and/or the rendering of expert opinions.

13.     To the extent these Interrogatories seek discovery of information within the scope of Fed. R. Civ. P. 26(b)(4), VirtaMove objects to these Interrogatories as premature and improper discovery of expert opinion.

14.     Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), VirtaMove states that it will not search sources of electronically stored information that are not reasonably accessible regardless of whether those sources may contain electronically stored information responsive to these Interrogatories. However, VirtaMove reserves the right to supplement its responses in the event that other potentially responsive information becomes known. To the extent these Interrogatories seek different data or data in configurations different from those for which such databases are configured, VirtaMove will not search or attempt to produce information from such databases because it believes they are "not reasonably accessible because of undue burden or cost"

as contemplated by Fed. R. Civ. P. 26(b)(2)(B).

15.    VirtaMove objects to the Interrogatories to the extent they seek "all" information about a topic; such Interrogatories are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

16.    VirtaMove objects to these Interrogatories to the extent that they seek information or documents already in the possession of or are more readily available to Defendant, in the public domain, or equally available to Defendant as they are to VirtaMove.

17.    VirtaMove objects to these Interrogatories to the extent that they seek information not within VirtaMove's possession, custody, or control.

18.    VirtaMove objects to these Interrogatories to the extent that they seek information that is cumulative of information sought by other discovery requests or duplicative of disclosures already provided by VirtaMove.

19.    VirtaMove objects to these Interrogatories to the extent they contain multiple subparts asserted as individual interrogatories. Each subpart counts towards the limit on Interrogatories that Defendant is permitted to propound.

20.    By responding to Defendant's Interrogatories, VirtaMove does not waive any objection that may be applicable to: (a) the use, for any purpose, by VirtaMove of any information produced; (b) the admissibility, relevance, or materiality of any such information to any issue in this case; or (c) the competency or authenticity of any such information.

21.    VirtaMove objects to Defendant's definitions of "you," "your," and "Plaintiff," as vague, ambiguous, overbroad, unduly burdensome, and/or seeking documents that are not proportional to the needs of the case because of its inclusion of other people and entities outside of VirtaMove's control. In responding to these Interrogatories, VirtaMove understands these terms

to refer to the Plaintiff in this action, VirtaMove, Inc. and/or Trigence Corp.

22.     VirtaMove objects to the definition of "related patents/applications" as vague, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

23.     VirtaMove objects to Defendant's  Instructions as overbroad, unduly burdensome and calling for a legal conclusion. VirtaMove will provide responses and produce documents, subject to its objections consistent with applicable statues, the Federal Rules of Civil Procedure, the rules of this District and any court orders.

24.     VirtaMove objects to Defendant's  requests as improperly under the burden of proving whether transfer is clearly more convenient because the burden is the movant's burden alone.

25.     VirtaMove objects to Defendant's  requests as improperly directed to evidence that will not be admitted to trial and thus not relevant to its venue motion.

26.     VirtaMove objects to Defendant's  requests as directed to general discovery instead of venue discovery.

27.     VirtaMove objects to Defendant  requests as encompassing emails discovery and metadata, which are not required under the Standing Order Governing Patent Proceedings § II.


## SPECIFIC SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORIES

### REQUEST NO. 1:

Identify and describe all facts related to any connections that You have with the Midland/Odessa Division, within 100 miles of the Midland/Odessa Division courthouse, within

the Western District of Texas, or within the Northern District of California.

**RESPONSE TO REQUEST NO. 1:**

Incorporating the General Objections, above, VirtaMove additionally objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the venue opposition deadline. VirtaMove further objects to this Interrogatory as compound and containing multiple subparts. VirtaMove further objects to this interrogatory to the extent it seeks information in the possession of third parties and not VirtaMove. VirtaMove further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege. VirtaMove further objects that this request is overbroad and unduly burdensome because it is unbounded in time and will respond based on an investigation into connections within the past few years.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: VirtaMove's sells its software nationwide, including to customers in both Texas and California. VirtaMove representatives have traveled to both Texas and California for meetings or conferences, on average, less than once per year in the past few years. VirtaMove has patent cases pending against Google, Amazon, IBM, and Hewlett Packard Enterprise pending in the WDTX and EDTX.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 1 (SEPTEMBER 20, 2024):**

VirtaMove further incorporates the 30(b)(6) testimony of Susan Cameron on the related topic. VirtaMove further incorporates under Rule 33(d) the following documents: VM_GOOGLE_0001101-VM_GOOGLE_0001103;                    VM_GOOGLE_0001118-

VM_GOOGLE_0001128;        VM_GOOGLE_0001181;        VM_GOOGLE_0001182-

VM_GOOGLE_0001185.

**REQUEST NO. 2:**

Identify the following Persons, the city and state in which they reside (current or last

known), their title, role, responsibilities, and location of workplace, and a description of their

knowledge as it relates to this Action:

(a) All named inventors on the Asserted Patents and/or Related Patents;

(b) All Persons with knowledge of the prosecution of the Asserted Patents and/or Related

Patents;

(c) All Persons with knowledge about the licensing of the Asserted Patents and/or Related

Patents;

(d) All Persons that You consider to be a likely or anticipated witness in this Action

(whether a VirtaMove employee, a Third Party, or otherwise); and

(e) All Persons with a financial interest in the outcome of this Action, and the type and

amount of their financial interest, including but not limited to, any agreements reflecting such

financial interest.

**RESPONSE TO REQUEST NO. 2:**

Incorporating the General Objections, above, VirtaMove additionally objects to this

interrogatory as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of

the Google's motion. VirtaMove further objects to this Interrogatory as compound and containing

multiple subparts. VirtaMove further objects to this interrogatory to the extent it seeks information

in the possession of third parties and not VirtaMove. VirtaMove further objects to the extent this

interrogatory seeks information protected from disclosure by the attorney-client privilege, work

product doctrine, common interest doctrine and/or any other applicable privilege. VirtaMove further objects that this interrogatory seeks information known to third parties outside of VirtaMove's possession, custody, or control. VirtaMove further objects that this request is overbroad and unduly burdensome because it seeks "All" Persons. VirtaMove objects that this request seeks attorney-client privileged information about its arrangement with counsel. VirtaMove objects that discovery into litigation funding, if it exists, is not discoverable.

Subject to and without waiving the foregoing objections, VirtaMove responds that the following individuals may have relevant knowledge to topics (a)-(e).

| Name | Last Known Location | Title/Relevance |
|---|---|---|
| Bill Cullen | Massachusetts | Former CTO |
| Donna Grare | New York | Former VP of Product Development |
| Giovanni Boschi | Massachusetts | Former CTO |
| Mohammed Ahmed-Mushin | Ontario, Canada | Former Software Developer |
| Robert Wang | Ontario, Canada | Former Software Developer |
| Mark Woodward | Ontario, Canada | Former VP Development |
| Donn Rochette | Iowa | Named inventor |
| Paul O'Leary | Ontario, Canada | Named inventor |
| Dean Huffman | Ontario, Canada | Named inventor |
| Craig MacDonald | Washington | Former Senior Developer |
| Greg O'Connor | East Coast | Former President & CEO |
| Chuck Colford | Ontario, Canada | Former CEO |
| Ron Warburton | Ontario, Canada | Former Interim CEO and Board Member |
| David Roth | Texas | Former CEO |
| Nigel Stokes | Ontario, Canada | VirtaMove CEO |
| Cedric Burgins | Ontario, Canada | VirtaMove Director of Technology |
| Emanuel Sousa | Ontario, Canada | VirtaMove Senior Technical Specialist |
| Susan Cameron | Ontario, Canada | VirtaMove Office Manager |
| Steven Antonie | Ontario, Canada | VirtaMove IT Manager |
| Rich Gold | Massachusetts | Director of Sales |
| Adine Deford | Florida | Vice President of Marketing |
| Ernesto Benedito | Texas | Software Development Team Lead |
| Greg Feldman | Las Vegas, Nevada | Customer Advocate |
| Jose Roy | New Hampshire | Director of Business Development |
| Tracy Riser | Washington | Director of Business Development |
| Robert DelSignore | Massachusetts | Director Field Engineering |

| Ronnie Taylor | San Luis, CA | Software Developer |

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 2 (SEPTEMBER 20, 2024):**

| Name | Last Known Location | Title/Relevance |
|---|---|---|
| Bill Cullen | Cambridge, Massachusetts | Former[1] CTO; knowledge of past technology |
| Donna Grare | New York City Metropolitan Area, New York | Former VP of product development; knowledge of past product development, relevant to pre-suit marking dispute |
| Giovanni Boschi | Pepperell, Massachusetts | Former CTO; knowledge of past technical information of product, relevant to pre-suit marking dispute |
| Mohammed Ahmed-Mushin | Ottawa, Ontario, Canada | Former Software Developer; knowledge of past software operation of product, relevant to pre-suit marking dispute |
| Robert Wang | Ottawa, Ontario, Canada | Former Software Developer; knowledge of past software operation of product, relevant to pre-suit marking dispute |
| Mark Woodward | Kingston, Ontario, Canada | Former VP of Product Engineering; knowledge of past engineering of product, relevant to pre-suit marking dispute |
| Donn Rochette | Dayton Metropolitan Area, Ohio | Named inventor |
| Paul O'Leary | Ottawa, Ontario, Canada | Named inventor |
| Dean Huffman | Ottawa, Ontario, Canada | Named inventor |
| Craig MacDonald | Redmond, Washington | Former Senior Developer, knowledge of past development of product, related to pre-suit marking dispute |
| Greg O'Connor | Primarily Chilmark, Massachusetts with vacation home near Lake Tahoe, CA | Former President, general knowledge of company history. |
| Chuck Colford | Ottawa, Ontario, Canada | Former CEO, general knowledge of company history. |
| Ron Warburton | Ottawa, Ontario, Canada | Former Member of Board, general knowledge of company history. |

[1] Former may refer to work at VirtaMove or its predecessors AppZero and Trigence.

| David Roth | Dallas, Texas | Former CEO, general knowledge of company history. |
|---|---|---|
| Nigel Stokes | Toronto, Ontario, Canada | VirtaMove CEO, general knowledge of information related to VirtaMove |
| Cedric Burgins | Ottawa, Ontario, Canada | VirtaMove Director of Technology, potential technical related to the operation of VirtaMove product, relevant to pre-suit marking dispute |
| Emanuel Sousa | Arnprior, Ontario, Canada | VirtaMove Senior Technical Specialist, potential technical related to the operation of VirtaMove product, relevant to pre-suit marking dispute |
| Susan Cameron | Ottawa, Ontario, Canada | VirtaMove manager, document custodian, topics related to business records |
| Steven Antoine | Ottawa, Ontario, Canada | VirtaMove IT Manager, topics related to business records. |
| Samantha Clarke | Freemont, CA | Former sales |
| Ernesto Benedito | Dallas/Fort Worth Metro, Texas | Former Software Development Team Lead |
| Greg Feldman | Henderson, Nevada | Former Customer Advocate |
| Rich Gold | Brookline, Massachusetts | Former Director of Sales |
| Adine Deford | Naples, Florida | Former Vice President of Marketing |
| Jose Roy | Greater Boston, Massachusetts | Former Director of Business Development |
| Tracy Riser | Greater Seattle Area, Washington | Former Director of Business Development |
| Robert DelSignore | Westwood, Massachusetts | Former Director Field Engineering |
| Ronnie Taylor | Pismo Beach, California | Former Software Developer |
| Teitelbaum & MacLean | Ottawa, Ontario, Canada | Knowledge of the Asserted or Related Patents |
| MBM Intellectual Property | Ottawa, Ontario, Canada | Knowledge of the Asserted or Related Patents |
| Alex Topitsch | Ajax, Ontario, Canada | Former VP Sales |

VirtaMove further incorporates under Rule 33(d) Dkt. 78-30 from the IBM case 2:24-cv-00093 (E.D. Tex.), but VirtaMove contends that none of the Board members aside from Nigel Stokes are likely to attend trial. VirtaMove further incorporates under Rule 33(d) the asserted patents and

their file history that identify any other firms with knowledge of the Asserted Patents and Related Patents. VirtaMove further incorporates under Rule 33(d) the venue declarations of Colford, Estes, Huffman, O'Leary, Woodward, and O'Connor. VirtaMove further incorporates under Rule 33(d) the testimony and declaration of Vasetsky.  According to TravelMath.com, the straight-line flight distance from Israel is shorter to Midland, Texas than to San Francisco, California.

**REQUEST NO. 3:**

Identify and describe all facts pertaining to the alleged connection between this Action and the Western District of Texas and/or the Northern District of California, if any, and all facts upon which You intend to rely in Your Response to Defendant's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. 1404 (Dkts. 44-1, 48) or any re-filed motion to transfer venue, including any facts pertaining to whether it is easier for any individual You identified in response to Interrogatory No. 2 to travel to the Midland/Odessa Division compared to the Northern District of California.

**RESPONSE TO REQUEST NO. 3 (CORRECTED SEPT. 20, 2024):**

VirtaMove incorporates its General Objections, above. VirtaMove additionally objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the deadline set forth in the Scheduling Order. VirtaMove further objects to this Interrogatory as compound and containing multiple subparts. VirtaMove further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: VirtaMove has its office in Ottawa, which is on eastern side of Canada, and it is closer to the WDTX than to the NDCA. Many past and present VirtaMove employees and potential witnesses will find travel to the WDTX more convenient.  VirtaMove's physical and electronic evidence are kept at or accessible at its office in Ottawa, Canada, or otherwise in Ontario, Canada.

Google has a large campus in Austin, Texas in the WDTX reported to have about 1,500 employees.[2] Google continues to hire Kubernetes-related engineers for its Austin office.[3] Google's own website shows that the majority of Google's offices are closer to the WDTX than to the NDCA.

---

[2] https://www.statesman.com/story/business/technology/2023/01/20/google-layoffs-2023-austin-tx-impact-unknown/69826469007 (accessed Aug. 16, 2024).
[3] https://www.google.com/about/careers/applications/jobs/results/131421120514400966-application-modernization-engineer-cloud-edge?q=Kubernetes&location=Texas%2C%20USA#!t=jo&jid=127025001&; https://www.google.com/about/careers/applications/jobs/results/93501524809786054-cloud-developer-platform-and-infrastructure-professional-services?q=Kubernetes&location=Texas%2C%20USA#!t=jo&jid=127025001&; https://www.google.com/about/careers/applications/jobs/results/83286793083855558-cloud-platforms-and-infrastructure-engineer-google-cloud?q=Kubernetes&location=Texas%2C%20USA#!t=jo&jid=127025001& (all accessed Aug. 16, 2024).



It has been further reported that Google is expanding a billion-dollar data center in Midlothian, Texas.[5]

When balancing Google's western office, Google's Austin office, and VirtaMove's eastern office, the Western District of Texas is thus a fair, central, and convenient midpoint. Moreover, the WDTX will be convenient to Google due to Google's large presence, where Google has thousands of employees and a huge campus of available resources. Travel for VirtaMove's witnesses from the east coast all the across North America to the NDCA on the west coast is very burdensome and inconvenient, and every trip would require and adjustment across three time zones instead of just one.

The NDCA is slow to reach trial, whereas the WDTX reaches trials quickly. The last case settled by Russ, August & Kabat in the NDCA was *Corephotonics, Ltd. v. Apple Inc.*, No. 3:17-

---

[4] https://about.google/intl/ALL_us/locations (excerpt accessed Aug. 16, 2024).
[5] https://www.nbcdfw.com/news/politics/lone-star-politics/google-data-center-midlothian/3622572 (accessed Aug. 16, 2024).

cv-06457 (N.D. Cal), where the complaint was filed in November 2017, and the case languished for over six years without trial until settlement in February 2024. In contrast, the recent patent case against Google in the WDTX *Flypsi, Inc. v. Google LLC*, No. 6:22-cv-00031 (W.D. Tex.) was filed in January 2022 and expeditiously reached trial in February 2024. The last trial involving Russ, August & Kabat and Google in the WDTX was *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075 (W.D. Tex.), which was filed January 2020 and reached trial on January 31, 2022. The WDTX is the faster venue where both parties' arguments will be heard sooner at trial. An expeditious trial will minimize ongoing attorney fees for both parties and is thus more efficient than the NDCA.

Historically, Google's transfer motions fail to accurately identify witnesses who will actually materialize at trial by overestimating witnesses who will appear at trial. *See, e.g., Flypsi, Inc. v. Google, LLC*, No. 6:22-cv-00031-ADA Dkt. 289 (W.D. Tex. Feb. 26, 2024) (trial list of 7 witnesses including at least 2 experts, after Google filed a motion to transfer arguing more relevant witnesses). Google's production responsive to VirtaMove's Venue Request for Production 5 is expected to provide further facts.

Additionally, the courts in the WDTX have standing orders that make litigation efficient and cost effective. For example, Judge Counts modeled his Order Governing Proceedings in Patent Cases ("Midland OGP") after Judge Albright's Order Governing Proceedings in Patent Cases ("Waco OGP"). Both of these OGP's include default schedules that protect parties against frivolous cases because they "defer[] fact discovery until after the Markman hearing so that parties can cost-effectively reach the first merit milestone in a case." *Greenthread, LLC v. Intel Corp.*, No. 6:21-CV-00166-ADA, 2022 WL 4001974, at *5 (W.D. Tex. Aug. 31, 2022). Both OGP's do not allow for email discovery without good cause, which is cost-effective because attorneys need

not spend hundreds of hours collecting and conducting laborious review of potentially tens of thousands of emails (or more) for privilege, relevance, responsiveness, and other objections.

Additionally, the courts in the WDTX cost-effectively resolve discovery and procedural disputes.  For example, Judge Gilliland's OGP 4.4 § IV includes a procedure that includes 1) meet and confer between the parties, 2) the submission of 500 or 1000 word positions between the parties within 3 business days, and 3) a hearing (typically virtual), if required. In contrast, the NDCA's local rules require expensive back-and-forth briefing that takes weeks to complete, and the NDCA regularly sets in-person hearings that are extremely expensive and unduly burdensome for VirtaMove's representatives to fly across North America to attend.

VirtaMove's responses to Google's other venue interrogatories #1, 2, and 4 are incorporated by reference.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 3 (SEPTEMBER 20, 2024):**

VirtaMove further clarifies that it is not contending that Google's 1,500 Austin will attend trial. However, this office serves as a convenient logistical hub for Google to have a trial in Texas. The Austin employees may have access to relevant source code and evidence, and further discovery may reveal that a few of them will have relevant testimony at trial. VirtaMove further incorporates the testimony of Vasetsky regarding the accessibility of Google's electronic evidence. VirtaMove further incorporates the testimony of Susan Cameron regarding travel to Texas and California.

VirtaMove contends that all witnesses in Ontario, Canada and in the eastern United States are closer to the Western District of Texas than to the Northern District of Californai, and thus will find the Western District of Texas more convenient under the rigid 100-mile rule. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is

more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008).

As ordered by Judge Gilstrap, VirtaMove has made its source code laptop available for inspection to IBM at the office of Russ, August & Kabat in Dallas, Texas, where it can be more easily further transported to the courthouses in both Marshall, Texas and/or Midland, Texas than to the Northern District of California. VirtaMove incorporates under Rule 33(d) VM_GOOGLE_0001191-VM_GOOGLE_0001198 and VM_GOOGLE_0001186.

VirtaMove incorporates under Rule 33(d) VM_GOOGLE_0000994-VM_GOOGLE_0000996, VM_GOOGLE_0001057-VM_GOOGLE_0001059, VM_GOOGLE_0001101-VM_GOOGLE_0001103; VM_GOOGLE_0001326-VM_GOOGLE_0001336.

**REQUEST NO. 4:**

Identify where custodians at the time of filing the Complaint maintain Documents and Communications relating to this Action, including Documents and Communications relating to the prosecution of the Asserted Patents, conception and/or reduction to practice of the alleged inventions of the Asserted Patents, ownership of the Asserted Patents, licenses to the Asserted Patents, prior art to the Asserted Patents, and/or validity analyses for the Asserted Patents.

**RESPONSE TO REQUEST NO. 4:**

Incorporating the General Objections, above, VirtaMove additionally objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. VirtaMove further objects to this interrogatory to the extent it seeks information in the possession of third parties and not VirtaMove. VirtaMove further objects to the extent this

interrogatory seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege. VirtaMove further objects that this interrogatory lacks foundation and improperly assumes the existence of certain categories of documents and communications. VirtaMove further objects that this interrogatory requires emails discovery and metadata, which are not required under the Standing Order Governing Patent Proceedings § II.

Subject to and without waiving the foregoing objections, VirtaMove responds as follows: VirtaMove's custodians are in Ontario, Canada.  VirtaMove's patent prosecution counsel are in Ontario, Canada.  VirtaMove further incorporates its response to venue interrogatory #2.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 4 (SEPTEMBER 20, 2024):**

VirtaMove further incorporates its responses to venue interrogatories #1 and #3.

**REQUEST NO. 5:**

Identify In reference to the August 23, 2004 Declaration of Chuck Colford in Support of Plaintiff's VirtaMove, Corp.'s Opposition to Amazon's Motion to Dismiss or Transfer Venue (VM_GOOGLE_0001025), as well as for any declaration or declarations (whether executed by Mr. Colford or otherwise) that You intend to file in support of any opposition to Defendant's Motion to Transfer Venue (ECF No. 44, 48) in This Litigation, describe in detail (1) how (e.g., by commercial airline, private airplane/charter, etc…) the declarant would travel by air to Midland, Texas, including all facts supporting or refuting the possibility that this flight will occur in a "straight-line," (*e.g. id.*, ¶¶ 10-11) as opposed to multiple separate flights, and the expected cost of his air travel; (2) the "prep[aration]," "hearings," and "testi[mony]," other than trial itself, which the declarant "expect[s] to regularly travel to Texas" for (*e.g., id.*, ¶ 6); (3) any agreements, whether formal or informal, through which the declarant may obtain compensation or

reimbursement for his time spent or any travel expenses in connection with this Action; (4) any ownership interest or employment/board relation that the declarant has in/with VirtaMove; and (5) any financial interest the declarant has in this Action.

**RESPONSE TO REQUEST NO. 5 (Sept. 20, 2024):**

Incorporating the General Objections, above, VirtaMove additionally objects to this interrogatory as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case. VirtaMove further objects to this Interrogatory to the extent it is a premature contention interrogatory that purports to require VirtaMove to identify all facts or evidence with respect to a particular topic or issue in advance of the venue opposition deadline. VirtaMove further objects to this Interrogatory as compound and containing multiple subparts. VirtaMove further objects to this interrogatory to the extent it seeks information in the possession of third parties and not VirtaMove. VirtaMove further objects to the extent this interrogatory seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege. VirtaMove further objects that this request is overbroad and unduly burdensome because it is unbounded in time and calls for speculation into future travel schedules of third party travel vendors and speculation into the Court's future scheduling.

Notwithstanding these objections, VirtaMove responds that this request is irrelevant under the 100-mile rule. VirtaMove further responds that the declarants might need to travel for any hearing set by the Court in VirtaMove cases, including cases against Amazon, Google, IBM, and HPE, as the Court may set, including but not limited to evidentiary hearings, discovery hearings, pretrial conference hearings, motion hearings, trial preparation, and trial, as ordered by the Court. The declarant has a consulting agreement providing for a hourly consulting fee and reimbursement of travel costs.  The declarant has no financial interest in the outcome of this case, is not an

employee or member of VirtaMove and has no ownership interest in VirtaMove. VirtaMove further incorporates the testimony of Susan Cameron.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5 (Oct. 2, 2024):**

Incorporating the General Objections, above, VirtaMove confirms that its initial response to this interrogatory applies to each of Colford, Huffman, O'Leary, and Woodward.  Each of Colford, O'Connor, Huffman, O'Leary, and Woodward has a consulting agreement with VirtaMove, where they will be compensated for their hourly consultation and receive reimbursement for travel. None of the consulting fees or reimbursements of Colford, O'Connor, Huffman, O'Leary, and Woodward are contingent on the outcome of this case. None of Colford, O'Connor, Huffman, O'Leary, and Woodward are presently direct employees of VirtaMove. None of Colford, O'Connor, Huffman, O'Leary, and Woodward are presently on the Board of VirtaMove. Among Colford, O'Connor, Huffman, O'Leary, and Woodward, only O'Connor presently has a small ownership share of VirtaMove.


Dated: October 2, 2024                              Respectfully submitted,

                                                   */s/ Reza Mirzaie*

                                                   Reza Mirzaie (CA SBN 246953)
                                                   rmirzaie@raklaw.com
                                                   Marc A. Fenster (CA SBN 181067)
                                                   mfenster@raklaw.com
                                                   Neil A. Rubin (CA SBN 250761)
                                                   nrubin@raklaw.com
                                                   Amy E. Hayden (CA SBN 287026)
                                                   ahayden@raklaw.com
                                                   Christian W. Conkle (CA SBN 306374)
                                                   cconkle@raklaw.com
                                                   Jonathan Ma (CA SBN 312773)
                                                   jma@raklaw.com
                                                   Jacob R. Buczko (CA SBN 269408)
                                                   jbuczko@raklaw.com

James Milkey (CA SBN 281283)
jmilkey@raklaw.com
James S. Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
ptong@raklaw.com

**RUSS AUGUST & KABAT**
4925 Greenville Ave, Suite 200
Dallas, TX 75206

*Attorneys for Plaintiff VirtaMove, Corp.*

21

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 2, 2024 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Reza Mirzaie*
Reza Mirzaie
