# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 7:24-cv-00033-DC-DTG <br><br> **PUBLIC VERSION** |

## DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)

## TABLE OF CONTENTS

**Page**

I. Cost Of Attendance For Willing Witnesses Significantly Favors Transfer..........................1

II. The Availability of Compulsory Process Favors Transfer to NDCA ..................................6

III. Relative Ease Of Access To Sources Of Proof Favors Transfer To NDCA........................7

IV. There Are No Practical Problems With Transferring This Case To NDCA........................8

V. The Public Interest Factors Also Weigh In Favor Of Transfer............................................9

**TABLE OF AUTHORITIES**

Page

C<small>ASES</small>

*Def. Distributed v. Bruck*,
   30 F.4th 414 (5th Cir. 2022) ...................................................................................................2

*DH Int'l Ltd. v. Apple Inc.*,
   No. 1:23-CV-1114-DII, 2024 U.S. Dist. LEXIS 164469 (W.D. Tex. Aug. 30,
   2024) ......................................................................................................................................10

*EcoFactor, Inc. v. Google LLC*,
   No. W-22-CV-00032-ADA, 2022 WL 17169178 (W.D. Tex. Nov. 1, 2022) ..........................3

*In re Clarke*,
   94 F.4th 502 (5th Cir. 2024) ..............................................................................................2, 10

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) .................................................................................................8

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) ................................................................................................1

*In re Samsung Elecs. Co., Ltd.*,
   2 F.4th 1371 (Fed. Cir. 2021) ...................................................................................................8

*In re Sony Group Corp.*,
   No. 2024-140, 2024 WL 4344734 (Fed. Cir. Sept. 30, 2024) ..................................................2

*In re TikTok, Inc.*,
   85 F.4th 352 (5th Cir. 2023) .................................................................................1, 2, 5, 6, 9

*In re Volkswagen of Am., Inc.*,
   545 F.3d (5th Cir. 2008) .......................................................................................................1, 8

*Kajeet, Inc. v. B2B Technologies, LLC*,
   No. 6:21-CV-389-ADA, 2022 WL 126490 (W.D. Tex. Jan. 12, 2022) ...................................9

*Mobile Data Techs. LLC v. Meta Platforms, Inc.*,
   No. 722CV00244ADADTG, 2023 WL 9051280 (W.D. Tex. Dec. 18, 2023)
   (Gilliland, Mag. J.) ...............................................................................................................4, 6

*Passmore v. Vertex Energy, Inc.*,
   No. 4:23-cv-02145-LHR, 2024 U.S. Dist. LEXIS 13118
   (S.D. Tex. Jan. 24, 2024) .........................................................................................................2

*USTA Tech., LLC v. Google LLC*,
  No. W-22-CA-01214-XR, 2023 WL 4833481 (W.D. Tex. July 26, 2023) .............................. 10

*WAG Acquisition, LLC v. Amazon.com, Inc.*,
  No. W-21-CV-00815-ADA, 2022 WL 9544373 (W.D. Tex. Oct. 14, 2022) ............................ 7

## S<span>TATUTES</span>

28 U.S.C. § 1404(a) ................................................................................................................ 1, 9

## O<span>THER</span> A<span>UTHORITIES</span>

U.S. Const. art. III .......................................................................................................................... 9

U.S. Patent No. 7,437,556 .............................................................................................................. 6

# GLOSSARY OF ABBREVIATIONS

**Note:** All abbreviations defined in Google's Motion to Transfer Venue ("MTT") are used consistently herein.

| Abbreviation | Definition |
|---|---|
| VM | Plaintiff VirtaMove Corp. |
| MTT | Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404(a), Dkt. 44-1, 49 |
| Opp. | VirtaMove, Corp.'s Opposition to Google LLC's Motion to Transfer (Dkt. 49-1) |
| Pala. Decl. | Declaration of MacKenzie Paladino in Support of Plaintiff VirtaMove, Corp.'s Opposition to Google LLC's Motion to Transfer (Dkt. 56) |
| Ex. __ | Exhibit to the Declaration of Deepa Acharya, filed concurrently herewith |
| Ex. 1 | Refers to the transcript of the Deposition of Prathima Devarasetty, attached as Ex. 1 of the Declaration of Deepa Acharya |
| Ex. 12 | Refers to the transcript of the 30(b)(6) Deposition of VirtaMove, Corp. through Susan Cameron, attached as Ex. 12 of the Declaration of Deepa Acharya |
| Ex. 15 | Refers to the transcript of the Deposition of Donn Rochette, attached as Ex. 15 of the Declaration of Deepa Acharya (deposition occurred in the *Amazon* matter) |
| Ex. 16 | Refers to the transcript of the Deposition of Paul O'Leary, attached as Ex. 16 to the Declaration of Deepa Acharya (deposition occurred in the *Amazon* matter) |
| NDCA | United States District Court for the Northern District of California |
| WDTX | United States District Court for the Western District of Texas |

# NOTE ON CITATIONS

- All emphases are added unless otherwise note

1

Google showed that NDCA is clearly more convenient given the numerous relevant witnesses there, including Google and third party witnesses, compared to none in this District. In contrast, VM bases its analysis on a miscasting of applicable law, such as by arguing that only straight line distance traveled matters in determining which venue is more convenient, not *actual* convenience such as travel time. When viewed through the proper legal framework, none of VM's arguments hold water. Google's Motion to Transfer should be granted.

## I.     Cost Of Attendance For Willing Witnesses Significantly Favors Transfer

Google identified 12 engineers who have knowledge about the development and operation of what appear to be the accused aspects of GKE and Cloud Run in NDCA or in the Seattle, Washington area, from which travel to NDCA is considerably more convenient. VM's employees are not in WDTX, but in Ottawa, Canada, from which, under the proper analysis, travel to NDCA is objectively more convenient.  None of VM's arguments show otherwise.

**VM's Mischaracterization of Fifth Circuit Case Law.** VM argues that the Fifth Circuit in *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023) rejected the well-established standard that looked at *actual* convenience of witnesses and replaced it with a "rigid" rule in which "there is no analysis of airports, travel time, or anything besides [straight-line] distance."  Opp. 5.  VM bases its argument on one sentence: "'When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'"  Opp. 5.  But this is just a quote from *In re Volkswagen of Am., Inc.*, 545 F.3d, 304 317 (5th Cir. 2008), which sets forth the same standard the Federal Circuit applies in Google's cited cases. Indeed, *TikTok* favorably cites the Federal Circuit's use of travel time in *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) in "applying Fifth Circuit law to hold that this factor clearly favored transfer when some key witnesses were from Japan and 'would each have to travel an additional 1,756 miles or ***7 hours***

1

*by plane to Texas* as compared with Washington State.'" *TikTok*, 85 F.4th at 361 n.8. The Fifth Circuit reversed in *TikTok* because the district court failed to look at the actual convenience of the witnesses 100+ miles outside of the district *at all*, not because the district court considered travel time. 85 F.4th at 361. Unsurprisingly, after *TikTok*, courts continue to consider travel time in analyzing the convenience of willing witnesses. *E.g.*, *Passmore v. Vertex Energy, Inc.*, No. 4:23-cv-02145-LHR, 2024 U.S. Dist. LEXIS 13118, at *15 & n.5 (S.D. Tex. Jan. 24, 2024).

VirtaMove also repeatedly argues that *In re Clarke*, 94 F.4th 502 (5th Cir. 2024) created an "updated" burden of proof such that Google had to identify with ***certainty*** the witnesses it will call at trial (nearly two years away), days after receiving VM's infringement contentions, before any merits discovery, claim construction, or summary judgment, etc. *E.g.*, Opp. 1-4, 9-10, 12. But here too, the language VM quotes is simply a paraphrase of existing law from *In re Volkswagen of Am., Inc.* and *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). *Clarke*, 94 F.4th at 508. In no way did *Clarke* indicate it set a new "standard" any different from what the Fifth Circuit, Federal Circuit, and courts in this District, like those cited by Google in its MTT, have applied for years. While *Clarke* did address "speculation," it did so in criticizing the district court for assuming, incorrectly, that the case would not need live witnesses, thus improperly discounting the convenience of witnesses.[1] *Id.* at 513-514.

**Google's Willing Witnesses Concentrated in NDCA.** VM does not dispute that at least eight witnesses Google identified on its ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ possess relevant knowledge regarding the accused products that Google will present at trial and are in NDCA. MTT, 3-5, 11-

---

[1] While VM speculates the Federal Circuit adopted its interpretation of *Clarke* in *In re Sony Group Corp.* (Opp. 3-4), the Circuit did not even cite *Clarke*. No. 2024-140, 2024 WL 4344734 (Fed. Cir. Sept. 30, 2024) (per curiam).

2

12. Instead, VM argues these witnesses are "speculative," citing its miscasting of *Clarke* as somehow making Google's detailed, and largely unrebutted, showing of relevance of these witnesses insufficient. Opp. 9-10. VM also argues that these NDCA witnesses are "redundant." *Id.* But even if all of these Google employees may not testify at trial, there is no dispute that some subset likely will. "If any of these Google employees testify at trial, they would be more inconvenienced if this case remained in the WDTX than if it were transferred to the NDCA." *EcoFactor, Inc. v. Google LLC*, No. W-22-CV-00032-ADA, 2022 WL 17169178, at *4 (W.D. Tex. Nov. 1, 2022).

VM's few challenges to the relevance of Google's three other identified witnesses in NDCA also fail. VM complains that Prathima Devarasetty, a Google engineer and non-lawyer deposed in her personal capacity, did not know what Tim Hockin and Jago MacLeod, (*id.* ¶¶ 8-9) would testify about at trial. Opp. 10. But VM does not even try to contest Google's explanation of their relevance due to their ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. MTT, 5; Ex. 1, 69:20-70:1 . VM similarly ignores Google's showing that Dawn Chen ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. MTT, 5, 12. Nothing in Ms. Devarasetty's testimony VM cites (Opp. 9) supports its assertion that Ms. Chen lacks "*specific* knowledge" of either Kubernetes or the accused products. She simply testified Ms. Chen ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. 1, 67:22-68:3; 69:20-70:1. VM also argues that Ning Liao, in the Seattle, Washington area, is an "unlikely AI witness," because she is on the ▓▓▓▓▓▓▓▓▓▓. Opp. 10. But until earlier this year, Ms. Liao *managed* the ▓▓▓▓▓▓▓▓▓▓▓ that VM does not dispute is directly relevant to VM's infringement allegations. MTT, 5, 12.

While VM points to several Google employees that Google supposedly omitted (and VM employees) in locations outside of the NDCA or Midland-Odessa Division, they do not shift this

3

factor in comparison to the significant presence of witnesses in NDCA. *Mobile Data Techs. LLC v. Meta Platforms, Inc., No.* 722CV00244ADADTG, 2023 WL 9051280, at *2 (W.D. Tex. Dec. 18, 2023) (Gilliland, Mag. J.) ("Notably, all the potential witnesses identified by MDT will have to travel well over 100 miles to reach the courthouse in the Midland-Odessa Division—even those located within this District. As such, the Court finds this factor favors transfer"). Indeed, in contrast to the numerous Google witnesses in NDCA, VM only identifies a single Google witness in WDTX, Eddie Villalba, still several hundred miles away from Midland in Austin who works on ▮▮▮▮▮ and as to whom VM concludes without explanation likely has knowledge related to "past damages." Opp. 8. However, VM ignores that, as Google showed, Google's ▮▮▮▮ with knowledge about GKE and Cloud Run financial information is based predominantly in Kirkland, Washington, and with a team member in Sunnyvale, California. Pala. Decl., Ex. 1 at 8-9; Ex. 2 (GOOG-VIRTA-00000025). VM also ignores that Google's ▮▮▮▮ most knowledgeable about GKE and Cloud Run is currently led from NDCA. Pala. Decl., Ex. 1 at 8. VM makes no attempt to explain its facially unlikely suggestion that Mr. Villaba will have superior knowledge about "past damages" compared with these teams.

Further, Tsvetomir Tsvetanov in New Jersey leads a customer support team (Opp. 8), but VM ignores others with the similar knowledge in NDCA, such as Yanan Guo, who runs a similar customer support team "▮▮▮▮▮▮." Pala. Decl., Ex. 1 at 9. VM also argues Google should have identified Bobby Allen, a product manager for the "▮▮▮▮▮" working from North Carolina, but makes no mention of the two members of his team located in NDCA. Pala. Decl., Ex. 1 at 8; Ex. 3 (GOOG-VIRTA-00000007). VM further inconsistently argues the lead product manager for Cloud Run (who works from NDCA) is somehow "redundant" (Opp. 8, 9). And while VM contends a technical witness on MTC is necessary, VM does not refute it has not actually provided

4

infringement contentions for this product. MTT 3, 6. Nevertheless, as Google showed, the Israel-based witnesses with knowledge of MTC will find NDCA more convenient. MTT 14.

VM also points to the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," but never bothers to explain the relevance of this team (Opp. 8-9), or why VM omits the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" whose knowledgeable team members located in NDCA and Irvine, California were identified in the same Interrogatory response. Pala. Decl. Ex. 1 at 10-11. In actuality, as Google argued in its MTT, its employees in such sales or customer service functions are unlikely to be trial witnesses. *See* Mot. at 6 n.3. While VM repeatedly mischaracterizes Google's detailed showings of relevance as somehow insufficient, VM's inferences drawn from little more than the team names of employees and an identification of their location are the sort of "rank speculation" which the Fifth Circuit rejects. *TikTok,* 85 F.4th at 362 n.9 (rejecting the bare assertion that the "Global Business Solutions Team" would have relevant evidence of infringement).

Even if these supposedly "omitted" witnesses were somehow relevant, VM's argument as to the "convenience" of these witnesses relies exclusively on its flawed interpretation of *TikTok*, that only straight line distance matters for "convenience." Opp. 8-9. In actuality, for at least five of these "omitted" employees (Mr. Rajaram in Pittsburgh, Mr. Akella and Ms. Burhan in Atlanta, Mr. Allen in North Carolina, Mr. Tsvetanov in New Jersey), travel to Midland is similar to NDCA. Exs. 4-11. And even if they possess information relevant to the case, the small number of potential witnesses outside of NDCA "cannot overcome the immense inconvenience that the majority of relevant witnesses would face . . . ." *In re TikTok*, 85 F.4th at 361.

**VirtaMove's Employees in Canada.** VM does not dispute the actual travel time of VM's Ottawa-based witnesses shows NDCA is more convenient. MTT. 13-14. Rather, as VM has repeatedly conceded, the sole basis for VM's argument that its five employees in Ottawa somehow weigh against transfer is its flawed interpretation of *TikTok* that only straight-line distance is

5

relevant. Opp. 7; Cameron 30(b)(6) Dep Tr. 37:24-38:23; *see also* Ex. 13, Ex. 14 at 16-17. At minimum, these witnesses, whom VM treats generally together and does not even try to show how each is actually relevant to the case, fail to shift the balance of this factor that strongly favors NDCA. *Mobile Data Techs.,* 2023 WL 9051280, at *2

## II. The Availability of Compulsory Process Favors Transfer to NDCA

Google showed there are nine third-party witnesses and/or entities with knowledge of prior art systems in NDCA. MTT, 7-8. VM does not assert that this prior art, such as Solaris and FreeBSD, are unimportant references, or dispute that there would be numerous witnesses in NDCA with knowledge regarding them. MTT 7-8. Indeed, one of the named inventors conceded at his deposition in the *Amazon* matter that, for example, the Solaris prior art, was widely "know[n]" "in Silicon Valley" by 2002 and disclosed many elements of the asserted patents. Ex. 15, 55:2-13, 76:15-79:17. And Google has not dropped U.S. Patent No. 7,437,556 to now Google employee Andrew Tucker and others (Opp. 12), but has supplemented its contentions to remedy this oversight. Regardless, Mr. Tucker, like other witnesses with knowledge of Solaris in NDCA, has knowledge of conception and reduction to practice the Solaris system itself, which remains unquestionably relevant. MTT 7, 12, 15.

Nevertheless, again applying the wrong standard, VM argues Google's showing is not certain enough and speculates that Google will not call all these witnesses due to limited trial time and other disclosed prior art.[2] Opp. 12-13. But "under current Federal Circuit law, this Court must consider prior art witnesses in determining the outcome of the compulsory process factor, even if prior art witnesses are generally unlikely to testify at trial." *WAG Acquisition, LLC v. Amazon.com,*

---

[2] VM cites to *Flypsi, Inc. v. Google LLC* and *Touchstream Technologies, Inc. v. Google LLC*, as supposedly showing a poor track record of identifying relevant prior art witnesses. Opp. 4, 12. But in *Flypsi* and *Touchstream*, Google's transfer motions to NDCA were denied. So Google could not issue enforceable trial subpoenas to California-based nonparties.

*Inc.*, No. W-21-CV-00815-ADA, 2022 WL 9544373, at *5 (W.D. Tex. Oct. 14, 2022). And Google does not intend to call the two named prior inventors in Texas whose other patents Google identified in its invalidity contentions as background references. Opp 13.

As to the multiple third party Docker witnesses in NDCA, VM argues Google engineers may write code in addition to the open source Docker code. Opp. 14. But as VM's infringement contentions indisputably make clear, which VM does not rebut, VM is accusing the same Docker technology for which these Docker witnesses in NDCA have knowledge. MTT, 6-7.

VM also submits declarations from five former VM employees retained as paid consultants who say that WDTX is more "convenient." Opp. 11. But here too, VM concedes that this is based *solely* on VM's (incorrect) legal argument that only straight line distance matters in determining "convenience" and that VM has no facts to contest Google's evidence that for the declarants' travel time would be less to NDCA than Midland. Ex. 12, 34:11-35:6, 36:4-16; 37:24-38:23 44:14-45:2; Ex. 14 at 16-17; Opp. 11; Pala. Decl. Exs. 7-10, 13. Even the VM's declarants supposed lack willingness to travel to NDCA is based on the false assumption that "convenience" is purely based on straight line distance. Opp., 11; Pala. Decl. Exs. 7-10, 13. Indeed, Paul O'Leary, whose testimony in *Amazon* VM has stipulated is representative of all of VM's declarants, admitted that he was not actually willing to rule out travel to the NDCA for trial. Ex. 16, 30:7-14; Ex. 17. VM's "attempts to manipulate venue" through these paid consultants should be ignored. *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1378 (Fed. Cir. 2021).[3] This factor also favors transfer.

## III.   Relative Ease Of Access To Sources Of Proof Favors Transfer To NDCA

VM ignores Google's showing and cited case law demonstrating this factor favors transfer,

---

[3] VM argues two of its former employees who live in Texas outside Dallas "may know about the value or operation of the accused [sic] VM product." Opp. 11-12. This sentence is a leftover from VM's opposition to IBM's motion to transfer, who unlike Google, brought patent infringement counterclaims against VM. Ex. 18 at 9.

because likely documentary evidence is created and maintained in NDCA, with none in WDTX. MTT, 17. Instead, VM again uses its extreme reading of *Clarke* to hold Google to some higher burden of proof that simply does not exist. *Infra*, I.A. Google's lack of "physical evidence" (Opp. 15-16) is unsurprising for a technology company, and in any event, is not the "evidence" Google refers to, nor what Google's cited case law concerns. "Whether documents can be accessed remotely does not render "the sources-of-proof factor irrelevant." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) (citing *Volkswagen*, 545 F.3d at 316).

VM further points to its source code and boxes of patent documents in Canada. Oddly, after criticizing Google for not discussing in detail the facts behind the difficulty of moving "physical" Google documents to Texas (which Google did not claim was necessary), VM concludes it will somehow be easier to get this evidence to WDTX. Opp. 15. Presumably, VM is relying on its flawed reading of *TikTok*, which shows nothing.

**IV.  There Are No Practical Problems With Transferring This Case To NDCA**

VM ignores Google's cited case law that demonstrates this factor favors transfer where, as here, most witnesses are present in the transferee forum[4] and the plaintiff has no presence in WDTX, even when there is co-pending litigation and in particular where there is a transfer motion in the other pending case, as here. MTT, 17-18 (collecting cases). Further, the "efficiencies" that VM alleges are gained by trying these two cases in this Division are all post-filing considerations (*i.e.*, what the Court has done after this case was filed) that are not proper considerations for transfer. *TikTok*, 85 F.4th at 362-363 (a district court cannot "use the progress the case has made while the § 1404(a) motion was pending as a reason to deny transfer."). VM's alleged "efficiencies" are not even supported by the facts—*Markman* briefing has yet to begin in either

---

[4] VM argues Google somehow engages in "double counting" by referring to witnesses in NDCA, but neither of its cited cases concern "double counting" of witnesses as to this factor. Opp. 17.

matter, the *Markman* hearing is not until January 9, the parties have each disclosed a different set of terms, and any of these efficiencies could be achieved similarly if the cases were transferred to NDCA. Dkt. 34; Exs. 19-21. And while the cases share the same Magistrate, they are not before the same Article III judge (Google's before Judge Counts and Amazon's before Judge Albright).[5] Indeed, should this Court consider post-filing considerations and other cases, there is a declaratory judgment action involving the same patents filed in NDCA, and both IBM and HP have now moved to transfer their cases in the Eastern District of Texas concerning the same patents to NDCA. Exs. 22-24. This factor favors transfer.

V. **The Public Interest Factors Also Weigh In Favor Of Transfer**

As Google showed, courts have repeatedly found that NDCA would have more interest in adjudicating a case like this one, given Google's overwhelming presence in NDCA, the development of the accused technology there, the number of witnesses and sources of proof in NDCA, and the lack of connection of this case to WDTX. MTT, 17-18. VM argues that the Court should disregard the deep connection to NDCA because *Clarke* supposedly held that "design and development" of an accused product is no longer relevant to the public interest because it does not "give rise" to an infringement case. Opp. 5-6, 18. But what VM points to simply reiterates (not "restores" as VM puts it (Opp. 6)) what has long been the law—that an interest that could apply anywhere, such as infringement across the United States, does not affect this factor. E.g. MTT, 19 (collecting cases). Indeed, *Clarke* makes multiple references to the relevance of the development of relevant technology and location of relevant witnesses being important to analyzing local interest. 94 F.4th at 511-512 (discussing reliance on the location of "research, design,

---

[5] In *Kajeet* (Opp. 17), the two cases had already been consolidated for all pretrial purposes and there was no indication the other defendant moved to transfer. No. 6:21-CV-389-ADA, 2022 WL 126490, at *3 (W.D. Tex. Jan. 12, 2022).

9

development, manufacturing, and publishing" in *Defense Distributed* to find a localized interest). So do other courts following *Clarke*. *E.g.*, *DH Int'l Ltd. v. Apple Inc.*, No. 1:23-CV-1114-DII, 2024 U.S. Dist. LEXIS 164469, at *16-17. (W.D. Tex. Aug. 30, 2024) (local interest factor "weighs strongly in favor of transfer" because "Apple's creation of the allegedly infringing products, which largely took place in the NDCA and not in the WDTX, gave rise to this suit.").

Further, Google's cited statistics (MTT, 19-20) support "that '[WDTX] and [NDCA] show no significant differences in caseload or time-to-trial statistics." *USTA Tech., LLC v. Google LLC*, No. W-22-CA-01214-XR, 2023 WL 4833481, at *6 (W.D. Tex. July 26, 2023) (citation omitted). VM's statistics, not specific to patent cases (Opp. 18), do nothing to uproot this showing, and are of minimal importance to the transfer analysis regardless. MTT 20 (collecting cases).

Finally, VM argues that Google supposedly "delayed" filing its transfer motion. Opp. 6. But Google filed its motion on the date set by the Court (Dkt. 44), fifteen days after receiving VM's infringement contentions which added GKE and Cloud Run as accused products for the first time. Dkt. 38. This is not remotely comparable to VM's cited case law where a motion to transfer was filed months after discovery commenced, which has not even started in this case.

The Court should grant Google's motion and transfer the case to NDCA.

DATED: October 17, 2024                                Respectfully submitted,

/s/ David A. Perlson
David A. Perlson (*admitted pro hac vice*)
davidperlson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Fax: (415) 875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
1300 I Street NW, Suite 900
Quinn Emanuel Urquhart & Sullivan, LLP
Washington, District of Columbia 20005-3314
Telephone: (202) 538-8000
Fax: (202) 538-8100


/s/ Katharine L. Carmona
Katharine Lee Carmona
Texas State Bar No. 00787399
kcarmona@jw.com
Jackson Walker L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 (facsimile)

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)

Erica Benites Giese
Texas State Bar No.  24036212
egiese@jw.com
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 (facsimile)

*Counsel for Defendant Google LLC*

11

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 17, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to counsel for all parties of record.

*/s/ Katharine L. Carmona*
Katherine Lee Carmona