**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY - FILED UNDER SEAL**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 7:24-cv-00033-DC-DTG |

**DEFENDANT GOOGLE LLC'S RESPONSE TO SUR-REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY - FILED UNDER SEAL**

## NOTE ON ABBREVIATIONS

All abbreviations defined in Google's Motion to Transfer Venue ("MTT") or Google's Reply in Support of Motion to Transfer Venue ("Reply") are used consistently herein.

- "Sur" refers to VirtaMove's Sur-Reply in Opposition to Google LLC's Motion to Transfer (Dkt. 70-1, 82)

## NOTE ON CITATIONS

- All emphases are added unless otherwise noted

**HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY - FILED UNDER SEAL**

I.  **VM Continues to Mischaracterize Fifth Circuit Case Law**

VM continues to argue that the Fifth Circuit in *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023) somehow rejected looking at *actual* convenience of witnesses and replaced it with a "rigid" rule that only looks at straight-line distance, not travel time. VM does not refute that the lynchpin of this argument is simply a quote in *TikTok* of *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008): "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." Opp. 5. However, this quote does not support VM's position and just sets forth the same standard the Fifth Circuit and Federal Circuit have long applied. Reply, 1 (Citing Opp. 5). This is also the same quote from *Volkswagen* that VM says is the "right" portion of *In re Nintendo Co.* to look at. Sur. 1.

But VM does not dispute, as it cannot, that *TikTok* approvingly cites the Federal Circuit's use of travel time in *Nintendo*. Reply, 1-2 (citing *TikTok*, 85 F.4th at 361 n.8). Instead, VM argues that the explicit reference to witnesses needing to travel "7 hours by plane" in the convenience analysis in both *TikTok* and *Nintendo* was somehow "extra dicta." But the Fifth Circuit and Federal Circuit have consistently applied the same rule and done so ***explicitly*** in relation to travel time, ***not*** just straight-distance. So the reference to travel time in *Nintendo* did not need to "overrul[e]" anything (Sur. 1)), in applying that same standard.

Further, VM does not dispute that post-*TikTok*, *Passmore v. Vertex Energy, Inc.*, No. 4:23-cv-02145-LHR, 2024 U.S. Dist. LEXIS 13118, at *15 & n.5 (S.D. Tex. Jan. 24, 2024), explicitly considered travel time in analyzing the convenience of willing witnesses and that it applied Fifth Circuit law in doing so. While VM argues that the court "conflate[d]" Eleventh Circuit law, it does not say how. Since Google filed its Reply, Judge Albright also looked at "time" in evaluating convenience in *S.M.R Innovations Ltd. et al. v. Apple Inc.*, No. 6:23-CV-00479, Dkt. 80 at 6 (W.D.

1

Tex, November 14, 2024) ("[T]here is only a marginal improvement in *time* and distance in traveling from Boulder to Waco when compared to NDCA").

VM does not try to address or refute that the language it relies on to argue *In re Clarke* created some new, stricter standard was simply a paraphrase of existing law from *In re Volkswagen of Am., Inc.* and *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). Reply, 2 (citing *In re Clarke*, 94 F.4th 502 (5th Cir. 2024)). VM's argument is also belied by the recent ruling in *S.M.R Innovations Ltd. et al.*, No. 6:23-CV-00479, Dkt. 80 at 6 ("Regardless of the degree of speculation on how likely Apple's witnesses' involvement in this case may be, there are a number of potential key witnesses situated in NDCA and it appears unlikely that this case will involve any witnesses located near WDTX."). None of VM's newly cited cases (Sur. 1), which all existed when VM filed its Opposition, support its novel interpretations of *Clarke* or *TikTok* either. In *In re Samsung Elecs. Co., Ltd.*, the Federal Circuit did not discuss or endorse VM's novel only straight-line distance interpretation of *TikTok*, but instead reasoned, "[b]ecause most of the potential witnesses here are in Korea and NDCA, transfer would greatly reduce the *time* and inconvenience of travel." 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023). And *Resonant Sys., Inc. v. Apple, Inc.* acknowledges the relevance of time. No. MO:23-CV-00077-ADA, 2024 WL 4346391, at *10 (W.D. Tex. Apr. 18, 2024) ("Resonant does not analyze the respective travel distances or time between Seattle to Midland . . .").

Moreover, it is unclear what supposed error VM is ascribing to Google's "sources of proof" arguments. Sur. 2. Regardless of whether or not there are papers or physical files in NDCA, Google showed and cited case law (including post-*TikTok* authority) demonstrating this factor favors transfer, because likely documentary evidence is created and maintained in NDCA, with none in WDTX. MTT, 17. As it did in its Opposition, VM just ignores this showing in contending physical evidence is all that matters.

**II.   VM's Arguments Regarding Solaris and Third Party Witnesses Fail**

VM does not dispute that there would be numerous witnesses in NDCA with knowledge regarding Solaris (and other prior art), including but not limited to Google employee Tucker.[1] MTT 7-8, Reply, 6.  While VM concludes Solaris is "weak" (Sur. 3), it ignores the pages of testimony Google provided from Rochette that show it disclosed many elements of the asserted patents.  Reply, 6 (citing testimony).  Nor did Rochette testify "Trigence's patented technology had fundamental differences to Solaris's implementation."  Sur. 3.  VM's cited testimony does not discuss "patented technology" at all, does not substantively discuss any "differences" in any technology, and instead relates to Sun's concern that Trigence improperly had access to Solaris source code.  Ex. 32 at 36:7–37:7.  VM also cites to, but does not discuss, Rochette's answer to a narrow question of how the asserted '058 patent uses "shared libraries" versus how the Solaris zones used "shared libraries."  Sur. 3 (citing Ex. 32, 89:14–90:20).  But Rochette does not discuss the asserted '814 patent at all, and VM does not even try to show how, even if correct, this narrow answer shows Solaris to be irrelevant to this case.  *Id.*

Finally, VM now contends that Roth and Benedito may be relevant to a "marking defense," regarding "the AppZero/V-Migrate product."  Sur. 3.  Yet, VM did not identify either Roth or Benedito as having marking-related knowledge in its venue discovery responses, despite identifying *eight* current and former VM employees as having such knowledge.  Dkt. 61-14 at 10-11.  VM also does not set forth whether these two individuals have non-cumulative or unique knowledge compared to the individuals already identified in its discovery responses.  The Court should grant Google's motion and transfer the case to NDCA.

---

[1]  VM provides no basis for why Google's correction of its omission of Tucker's '556 patent in its invalidity contentions is somehow a "manipulation" of venue.  VM's cited case, *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1378 (Fed. Cir. 2021), dealing with a plaintiff that "seems to exist for the sole purpose of limiting venue to" WDTX is not remotely analogous here.

DATED: January 11, 2024                     Respectfully submitted,

/s/ David A. Perlson
David A. Perlson (*admitted pro hac vice*)
david.perlson@hoganlovells.com
Hogan Lovells US LLP
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2412

Deepa Acharya
deepaacharya@quinnemanuel.com
1300 I Street NW, Suite 900
Quinn Emanuel Urquhart & Sullivan, LLP
Washington, District of Columbia 20005-3314
Telephone: (202) 538-8000
Fax: (202) 538-8100


/s/ Katharine L. Carmona
Katharine Lee Carmona
Texas State Bar No. 00787399
kcarmona@jw.com
Jackson Walker L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 (facsimile)

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)

Erica Benites Giese
Texas State Bar No.  24036212
egiese@jw.com
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 (facsimile)

*Counsel for Defendant Google LLC*

4

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 11, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to counsel for all parties of record.

*/s/ Katharine L. Carmona*
Katherine Lee Carmona