IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br> v. <br><br> GOOGLE LLC, <br><br> Defendants. | Case No. 7:24-CV-00033-DC-DTG |

## ORDER OVERRULING OBJECTIONS TO TRANSFER ORDER

Pursuant to Fed. R. Civ. P. 72, Plaintiff VirtaMove Corp. filed objections to Magistrate Judge Gilliland's "Transfer Order" (Dkt. 86). After considering the full briefing, VirtaMove objections related to transfer under § 1404 are overruled.

The Court has considered VirtaMove's objections. This Court has previously noted the splits of law. *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022). Had Fifth Circuit law been rigidly applied, each of the factors would have been neutral or weighed against transfer. The Court would have denied the transfer motion under § 1404 because the movant did not clearly demonstrate that its proposed witnesses will actually materialize; VirtaMove's eastern witnesses would have been considered under the "rigid" 100-mile rule and they would have counterbalanced any gain in transfer if not weighed against transfer; the court congestion factor would have been given its full weight; and research and infringement would not give rise to local interest, which would have been neutral because infringement nationwide is a completely diffuse interest.

However, as with *Motion Offense, LLC v. Google LLC*, "this Court must follow the Federal Circuit's line of cases on Fifth Circuit transfer law." No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4 (W.D. Tex. Oct. 4, 2022). When applying the Federal Circuit's interpretations of Fifth Circuit law, the Court finds no error with the conclusions of law in the Transfer Order with respect to Section 1404.  IT IS HEREBY ORDERED that VirtaMove's objections to transfer under Section 1404 are OVERRULED.

**SIGNED** this _____ day of _____, 2025  _____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE