UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP.,<br><br>   Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Civil Action No. 7:24-cv-00033-DC-DTG |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF VIRTAMOVE, CORP.'S OBJECTIONS TO TRANSFER ORDER**

# TABLE OF CONTENTS

                                                         **Page**

GLOSSARY OF ABBREVIATIONS ................................................................................................ IV

NOTE ON CITATIONS ..................................................................................................................... IV

LEGAL STANDARD ........................................................................................................................... 2

ARGUMENT ......................................................................................................................................... 2

I.      THERE WERE NO "CLEAR ERRORS OF LAW" IN THE TRANSFER ORDER ........................................................................................................................ 2

          A.      VM Shows No Clear Error Regarding the Transfer Order's Analysis of Witnesses. ............................................................................................................. 2

          B.      VM Shows No Clear Error Regarding Analysis of VM's Witnesses ....................... 5

          C.      VM Shows No Clear Legal Error in The Court's Analysis of the Local Interest Factor .................................................................................................................. 7

          D.      There Was No Error In The Transfer Order's Consideration of the Court Congestion Factor. ............................................................................................... 9

II.     VM'S REQUESTED RELIEF REVEALS IT IS SEEKING AN ADVISORY OPINION ............................................................................................................................ 10

III.    EDTX ORDERS IN OTHER VIRTAMOVE CASES ON DIFFERENT FACTS WITH DIFFERENT PROCEDURAL POSTURES DO NOT UNDERMINE THE TRANSFER ORDER IN THIS CASE. ........................................................................... 11

# TABLE OF AUTHORITIES

                                      **Page**

### Cases

*In re Apple*,
  979 F.3d 1332, 1342 (Fed Cir. 2020)..................................................................................11

*In re ASSA ABLOY Global Sols., Inc.*,
  No, 2023-150, 2023 WL 7096923 (Fed. Cir. Oct. 27, 2023)...................................................2

*Castro v. QBE Ins. Corp.*,
  No. SA-20-CV-00260-JKP, 2021 WL 1647926 (W.D. Tex. Mar. 12, 2021)...........................6

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) .........................................................................................3, 4, 8, 9

*Def. Distributed v. Bruck*,
  30 F.4th 414 (5th Cir. 2022) .....................................................................................................4

*Gonzalez v. Sutton*,
  No. W-09-CA-00146, 2011 WL 13180226 (W.D. Tex. Mar. 30, 2011)..............................2, 9

*Gonzalez v. Thaler*,
  No. 4:09-CV-598-A, 2010 WL 742330 (N.D. Tex. Mar. 1, 2010)...................................4, 6, 8

*Harrington v. Southwestern Bell Telephone L.P.*,
  2021 WL 2879289 (W.D. Tex. Jan. 14, 2021) .........................................................................2

*Ibarra v. Allstate Fire & Cas. Ins. Co.*,
  No. SA-20-CV-00280-JKP, 2021 WL 2516089 (W.D. Tex. June 18, 2021)...........................2

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011)...............................................................................................12

*Motion Offense, LLC v. Google LLC*,
  No. 6:21-CV-00514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022)..............................11

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009)................................................................................................6

*Passmore v. Vertex Energy, Inc.*,
  No. 4:23-cv-02145-LHR, 2024 U.S. Dist. LEXIS 13118 (S.D. Tex. Jan. 24,
  2024) .......................................................................................................................................7

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) ...................................................................................................10

*Resonant Sys., Inc. v. Apple, Inc.*,
   No. MO:23-CV-00077-ADA, 2024 WL 4346391 (W.D. Tex. Apr. 18, 2024) ........................11

*S.M.R Innovations Ltd. et al. v. Apple Inc.*,
   No. 6:23-CV-00479, Dkt. 80 (W.D. Tex, Nov. 14, 2024) ..........................................................7

*Simmons v. Texas Water Dev. Bd.*,
   No. A-05-CA-432-LY, 2006 WL 8432068 (W.D. Tex. Aug. 23, 2006) ....................................2

*Sistrunk v. TitleMax*,
   No. 5:14-CV-628-RP, 2017 WL 2392436 (W.D. Tex. June 2, 2017) ......................................2

*Sparling v. Doyle*,
   No. EP-13-CV-00323-DCG, 2016 WL 236266 (W.D. Tex. Jan. 20 2016) ........................3, 6, 8

*In re TikTok, Inc.*,
   85 F.4th 352 (5th Cir. 2023) ...............................................................................................5, 6, 10

*United States v. Ervin*,
   No. MO11CR002061RAJ, 2015 WL 13375626 (W.D. Tex. June 16, 2015) ............................4

*USTA Tech., LLC v. Google LLC*,
   No. W-22-CA-01214-XR, 2023 WL 4833481 (W.D. Tex. July 26, 2023) ................................9

*VirtaMove Corp. v. Amazon.com, Inc.*,
   No. 7:24-cv-00030-ADA-DTG, Dkt. 89 .....................................................................................5

*VirtaMove v. International Business Machines Corp.*,
   2:24-cv-00064 (E.D. Tex.) ........................................................................................................11

*VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*,
   No. 2:24-cv-00093-JRG, Dkt. 129 (E.D. Tex.) ........................................................................11

*In re Volkswagen of Am., Inc.*,
   545 F.3d (5th Cir. 2008) ......................................................................................................6, 11

## Statutes

28 U.S.C. § 636 ..................................................................................................................................2

28 U.S.C. § 1404 .............................................................................................................1, 6, 10, 11

35 U.S.C. § 271 ..................................................................................................................................8

## Other Authorities

Fed. R. Civ. P. 72(a) ..........................................................................................................................2

**GLOSSARY OF ABBREVIATIONS**

**Note:** All abbreviations defined in Google's Motion to Transfer Venue ("MTT") are used consistently herein.

| Abbreviation | Definition |
|---|---|
| VM | Plaintiff VirtaMove Corp. |
| MTT | Google LLC's Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404(a) (Dkt. 44-1, 49) |
| Opposition or Opp. | VM's Opposition to Google LLC's Motion to Transfer (Dkt. 78) |
| Reply | Google LLC's Reply in Support of MTT (Dkt. 62, 79) |
| Sur. | VM's Sur-Reply in Opposition to Google LLC's Motion to Transfer Venue (Dkt. 70-1, 82) |
| Sur Rebuttal | Google LLC's Response to Sur-Reply in Support of Motion to Transfer (Dkt. 83) |
| Transfer Order or Order | Magistrate Judge Gilliland's Order Granting Google's Motion to Transfer Venue (Dkt. 86) |
| Obj. or Objections | VM's Objections to Magistrate Judge Gilliland's Transfer Order (Case No. 7:24-cv-00033-DC-DTG, Dkt. 89) |
| Proposed Order | Proposed Order Overruling Objections to Transfer Order (Case No. Case No. 7:24-cv-00033-DC-DTG, Dkt. 89-2) |
| NDCA | United States District Court for the Northern District of California |
| WDTX | United States District Court for the Western District of Texas |
| EDTX | United States District Court for the Eastern District of Texas |

**NOTE ON CITATIONS**

- All emphases are added unless otherwise note

iv

The Transfer Order details how the NDCA is clearly more convenient given the numerous relevant witnesses there, including Google and third party witnesses, compared to none in this District, and because the private interest and public interest factors favor transfer under section 1404(a). The Objections barely engage with the Transfer Order and do not take issue with any of Magistrate Judge Gilliland's numerous factual findings. Instead, VM takes aim at Federal Circuit law not even cited in the Transfer Order. Thus, rather than a genuine objection to the Transfer Order, it appears that VM's Objections are aimed to set up a frivolous Writ of Mandamus to the Federal Circuit to assert VM's incorrect interpretations of Fifth Circuit law discussed in its Opposition to Google's Motion to Transfer, but not discussed in its Objections. Having failed to address the actual findings in the Transfer Order or even support its own arguments of clear error, however, VM has now waived any arguments directed at those findings. VM's Objections should be overruled and this case should proceed in the NDCA, where it should have been filed in the first instance.[1]

---

[1] The Transfer Order ordered that the transfer to NDCA "be stayed until February 22, 2025, to allow Plaintiff time to appeal this decision if it chooses." The WDTX docket, however, indicates that the case was transferred to NDCA on January 24. Unnumbered docket entry after Dkt. 87. The parties also received an ECF Notice that same day indicating "WARNING: CASE CLOSED on 01/24/2025." WDTX appears to have realized that this was an error, as on January 27, it issued a notice of correction on the docket, stating that the "Case was prematurely transferred. Receiving district has been notified. Case is stayed until ordered transfer date." But on January 28, Docket entry 88 issued, this time in NDCA, stating "Case transferred in from District of Texas Western; Case Number 7:24-cv-00033. Original file certified copy of transfer order and docket sheet received. (Entered: 01/28/2025)." Multiple Notices and Orders have been filed in NDCA since this docketing. Dkts 89, 90, 93 and 94. Given this case has now been docketed in NDCA, it is Google's understanding that WDTX no longer has jurisdiction over this case. Accordingly, Google has been attempting to work with VM cooperatively to jointly seek a transfer of the case back to WDTX so that, consistent with the Transfer Order, Judge Counts in WDTX may rule on VirtaMove's objections to the Transfer Order. Thus far, however, the parties have not been able reach agreement on the proper relief to remedy the premature transfer. Given the situation, and in an abundance of caution, Google files this Response in both WDTX and NDCA, even though it is Google's understanding that only NDCA currently has jurisdiction over this matter.

**LEGAL STANDARD**

A Magistrate Judge's ruling on a non-dispositive pretrial matter can only be overturned to the extent it is "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard of review does not entitle the reviewing district court to reverse or reconsider the Magistrate Judge's order simply because it would decide the matter differently." *Harrington v. Southwestern Bell Telephone L.P.*, 2021 WL 2879289, at *1 (W.D. Tex. Jan. 14, 2021). Rather, "Federal Rule 72(a) and Section 636(b)(1)(A) set out a highly deferential standard." *Ibarra v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-00280-JKP, 2021 WL 2516089, at *1 (W.D. Tex. June 18, 2021) (cleaned up).

A party waives any argument against a Magistrate Judge's order if the party failed to raise the argument before the magistrate. *E.g.*, *Sistrunk v. TitleMax*, Inc., No. 5:14-CV-628-RP, 2017 WL 2392436, at *3 (W.D. Tex. June 2, 2017); *Simmons v. Texas Water Dev. Bd.*, No. A-05-CA-432-LY, 2006 WL 8432068, at *1 (W.D. Tex. Aug. 23, 2006); *Gonzalez v. Sutton*, No. W-09-CA-00146, 2011 WL 13180226, at *4 (W.D. Tex. Mar. 30, 2011); *see also In re ASSA ABLOY Global Sols., Inc.*, No, 2023-150, 2023 WL 7096923, at *2 (Fed. Cir. Oct. 27, 2023) (rejecting argument against venue transfer because argument was not presented to district court).

**ARGUMENT**

**I.  THERE WERE NO "CLEAR ERRORS OF LAW" IN THE TRANSFER ORDER**

**A.  VM Shows No Clear Error Regarding the Transfer Order's Analysis of Witnesses.**

Google made a detailed showing that at least eleven Google witnesses who possess relevant knowledge regarding the accused GKE and Cloud Run products are in NDCA. MTT, 3-5, 11-12. Google also showed that there are at least nine third-party witnesses with knowledge of prior art systems in NDCA. MTT, 7-8; Reply 2-3. And Google showed several witnesses involved in the development of the accused Docker technology are in NDCA. MTT, 6-7. This

2

all stands in contrast to *zero* party[2] and third-party trial witnesses in WDTX relevant to *any* issue in this case. Notably, VM does not contend in its Objections that the Transfer Order committed any factual error in relying on these facts. *E.g.* Order, 3 ("Defendant has clearly demonstrated that its relevant employees are concentrated in NDCA and Seattle, with most working in or near San Francisco. ECF No. 49 at 3-6, 11-14"); *see also id.* ("Defendant identified several non-party witnesses in NDCA, none of whom have agreed to testify willingly.")

Rather, VM contends that the Transfer Order somehow made a clear legal error, because the Court did not assess whether these witnesses would "actually materialize" at trial. Obj., 1-2. But beyond complaining that the Transfer Order did not quote the "actually materialize" language from *In re Clarke*, 94 F.4th 502 (5th Cir. 2024) in its recitation of applicable law (*id.*), VM does not and cannot point to anything in the Transfer Order as applying incorrect law. VM provides no specifics of this supposed legal error, no substantive discussion of the legal standard Magistrate Judge Gilliland was supposed to apply, and no specific explanation how this supposed error even impacted the outcome of the Transfer Order. In actuality, while VM asserts (without support) that "there is no dispute that if *In re Clarke's* 'actually materialize' burden of proof applies, Google did not meet it" (Obj. 2), VM fails to demonstrate with any specificity how the significant number of potential party and third-party trial witnesses in NDCA as compared to zero in WDTX would not strongly favor transfer under *any* standard, including the incorrect one that VM advances in its Objections. VM's objections should be rejected for this reason alone. *See, e.g.*, *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2016 WL 236266, at *2 (W.D. Tex. Jan. 20 2016) (objections to Magistrate's order must "at a minimum…specify the standard

---

[2] Google's Reply brief demonstrated that the single Google employee in WDTX that VM identified by name was not a likely trial witness for either side. Reply, 4. In its sur-reply, VM made no further mention of this employee.

3

of review[] and explain why the decision in question is reversible under that standard.") (citation omitted).

The Objections cite, but do not discuss, the portion of VM's Opposition (2-4) addressing *In Re Clarke.* Obj., 2. Such citations do not provide a sufficient basis for the Court to overrule Magistrate Judge Gilliland's order. *See Gonzalez v. Thaler*, No. 4:09-CV-598-A, 2010 WL 742330, at *2 (N.D. Tex. Mar. 1, 2010) ("An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not [sufficiently] specific"); *United States v. Ervin*, No. MO11CR002061RAJ, 2015 WL 13375626, at *15 (W.D. Tex. June 16, 2015) (objection that raises argument "by adoption" is "conclusory" and should be overruled). In any case, the Court should reject VM's argument that *In re Clarke* created a new standard by which Google had to identify with certainty the witnesses it will call at trial (nearly two years away), days after receiving VM's infringement contentions, before any merits discovery, claim construction, or summary judgment, etc. Obj. 1-2. As Google explained, VM's interpretation of the law was incorrect as the language VM quoted from *In re Clarke* was simply a paraphrase of **existing** law from *In re Volkswagen of Am.*, Inc. and *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). Reply, 2 (citing *Clarke*, 94 F.4th at 508). In no way did *Clarke* indicate it set a new "standard" any different from what the Fifth Circuit, Federal Circuit, and courts in this District, like those cited by Google in its MTT, have applied for years. Reply, 2 (collecting cases). VM has never confronted this false reading of *Clarke*, and still does not. In fact, the Fifth Circuit in *Clarke* did not even discuss whether "witnesses" will materialize "at trial" as VM casts that decision. Obj., 1. It simply articulated that courts should consider the broader question of whether **convenience** will materialize in the transferee venue. *In re Clarke*, 94 F.4th at 508. As detailed above, the undisputed facts show that the Transfer Order correctly recognized that convenience **will** materialize in NDCA for many reasons, including the concentration of both

party and non-party witnesses there.[3]  Order, 2-3.

      **B.**      **VM Shows No Clear Error Regarding Analysis of VM's Witnesses**

In this supposed legal error, VM focuses myopically on what it refers to as "VirtaMove's witnesses." Obj. 2-3.  VM concludes "[w]hen correctly applying the rigid 100-mile rule, the extra inconvenience to VirtaMove's witnesses caused by transferring the case to the NDCA should have, at minimum, counterbalanced any gain in convenience. VirtaMove's witnesses will have to travel all the way across the country, rather than halfway across." *Id.*  Initially, it is not even clear which "VirtaMove witnesses" VM is referring to as it does not discuss a single specific "VirtaMove" witness in its Objections, much less indicate which specific witnesses should have been considered differently or how they impact the analysis at all.  Nor could it because, as Google demonstrated in detail, VM's identification of supposedly relevant witnesses was deficient and misleading in several respects.  Reply, 7; Sur Rebuttal, 3.

Nor did the Transfer Order give VM's witnesses "no weight" as VM misrepresents. Obj. 2. That the Transfer Order acknowledges that witnesses VM identified would "have to travel well over 100 miles to either district" (Order, 3) at most indicates the Transfer Order gave them less weight than the many witnesses who are within NDCA. VM fails to articulate how unidentified witnesses on the East Coast or elsewhere (many of dubious relevance) somehow outweigh the convenience of the witnesses in NDCA under ***any*** standard. *E.g. TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) (noting the "obvious conclusion" that "it is more convenient for witnesses to testify at home") (citation omitted).  VM certainly cites no authority that this is

---

[3] VM oddly points to Magistrate Judge Gilliand's Order granting transfer in VM's case against Amazon addressing how certain Amazon witnesses would not materialize as an apparent contrast to the Transfer Order here.  It's unclear what this is supposed to show given that VM objected to that decision also on the very same basis as it does here.  *VirtaMove Corp. v. Amazon.com, Inc.*, No. 7:24-cv-00030-ADA-DTG, Dkt. 89, 2-3.

5

somehow clear legal error. In fact, VM does not even cite a ***single case*** in its Objections on this point. Here too, VM does not come close to meeting its burden. *Sparling,* 2016 WL 236266, at *2; *see also Castro v. QBE Ins. Corp.,* No. SA-20-CV-00260-JKP, 2021 WL 1647926, at *2 (W.D. Tex. Mar. 12, 2021) (overruling objections which "do[] not present argument or show how the Order is reversible under the applicable standard of review").

Once again, VM cites, but does not actually address, its discussion in its Opposition where VM argued that the Fifth Circuit in *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023) rejected the well-established standard that looked at *actual* convenience of witnesses and replaced it with what VM referred to in its briefing as the "rigid" rule in which "there is no analysis of airports, travel time, or anything besides [straight-line] distance." Obj., 2 (citing Opp. 4-5). Once again, this citation does not meet VM's burden. *Gonzalez*, 2010 WL 742330, at *2. In any event, VM based its argument in its Opposition on one sentence from *TikTok*: "'When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" Opp. 5. But as Google previously demonstrated (Reply, 1-2) this is just a quote from *In re Volkswagen of Am., Inc.*, 545 F.3d, 304 317 (5th Cir. 2008), which sets forth the same standard the Federal Circuit applies in Google's cited cases. Indeed, *TikTok* favorably cites the Federal Circuit's use of travel time in *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) in "applying Fifth Circuit law to hold that this factor clearly favored transfer when some key witnesses were from Japan and 'would each have to travel an additional 1,756 miles or ***7 hours by plane to Texas*** as compared with Washington State.'" *TikTok*, 85 F.4th at 361 n.8. The Fifth Circuit reversed in *TikTok* because the district court failed to look at the actual convenience of the witnesses 100+ miles outside of the district *at all*, not because the district court considered travel time. 85 F.4th at 361. Unsurprisingly, as Google showed in its

Reply (p. 2) and Sur Rebuttal (pp. 1-2), after *TikTok*, courts continue to consider travel time in analyzing the convenience of willing witnesses. *E.g.*, *Passmore v. Vertex Energy, Inc.*, No. 4:23-cv-02145-LHR, 2024 U.S. Dist. LEXIS 13118, at *15 & n.5 (S.D. Tex. Jan. 24, 2024); *S.M.R Innovations Ltd. et al. v. Apple Inc.*, No. 6:23-CV-00479, Dkt. 80 at 6 (W.D. Tex, Nov. 14, 2024). VM has never confronted Google's showing that VM incorrectly reads *TikTok*, and still does not. So to the extent the Court even considers VM's 100-mile Rule argument made only in the Opposition, but not in the Objections, it is clearly meritless. Regardless, VM does not show the Transfer Order incorrectly weighed this factor under any standard.

      **C.    VM Shows No Clear Legal Error in The Court's Analysis of the Local Interest Factor**

The Transfer Order found as to "the second public interest factor—the local interest—Defendant has shown that NDCA has a local interest in this case while WDTX does not," citing Google's arguments in its MTT. Order, 4 (citing MTT, 18-19). As Google showed, courts have repeatedly found that NDCA would have more interest in adjudicating a case like this one, given Google's presence in NDCA, the development of the accused technology there, the number of witnesses and sources of proof in NDCA, and the lack of connection of this case to WDTX. MTT, 18-19; Reply, 9-10. VM does not discuss any of Google's articulated facts specifically and ignores all of the cases Google cited in its Motion to Transfer on which the Transfer Order relies.

Instead, VM ascribes error to the Transfer Order because, according to VM, "the Federal Circuit's assessment of this factor that looks to research and development is no longer good law" under Fifth Circuit law. Obj., 3. As noted above, the Transfer Order does not cite any Federal Circuit cases. Nor do the Objections identify what specific Federal Circuit cases VM is talking about or what Fifth Circuit cases supposedly overruled them. Nor were Federal Circuit cases all

7

that Google pointed to in its MTT. MTT, 17-19; Reply, 9-10. VM also does not rebut or discuss the Transfer Order's holding that "Plaintiff contests this factor but fails to identify a relevant factual connection specific to WDTX. ECF No. 78 at 17-18." Order, 4. By failing to address the holdings in the Transfer Order, VM's purported legal error is not a basis to sustain VM's objection to the Transfer Order. VM has not met its burden. *E.g.*, *Sparling,* 2016 WL 236266, at *2.

Here too, VM cites, but does not discuss, the portion of its Opposition that supposedly "cit[es] cases" that show "the Fifth Circuit now requires that this factor look only to 'events that give rise to a suit,' and research and development do not give rise to infringement." Obj. 3 (citing Opp. 5-6). Once again, this abbreviated analysis does not meet VM's burden. *Gonzalez*, 2010 WL 742330, at *2. Nevertheless, VM's Opposition pointed to *Clarke* as supposedly supporting this argument. But as Google previously showed (Reply, 9-10), what VM pointed to from *Clarke* in its Opposition simply reiterated what has long been the law—that an interest that could apply anywhere, such as infringement across the United States, does not affect this factor. *E.g.* MTT, 19 (collecting cases). Indeed, as Google also showed (Reply, 9-10), *Clarke* makes multiple references to the relevance of the development of relevant technology and location of relevant witnesses being important to analyzing local interest, directly contradicting VM's argument. 94 F.4th at 511-512 (discussing reliance on the location of "research, design, development, manufacturing, and publishing" in *Defense Distributed* to find a localized interest). So do other courts following *Clarke*.[4] Reply, 10 (citing cases) Once again, VM does not even

---

[4] VM contends Google somehow engages in "double count[ing] technical witnesses" but does not explain how or what it is referring to by this argument. Obj. 3. VM also makes a new argument that "research and development falls into the 'experimental use' exception, so research and development cannot give rise to infringement under 35 U.S.C. § 271. 5 Chisum on Patents § 16.03[1]." Obj. 3. Initially this argument was not made in VM's prior briefing and is now

8

try to address Google's showing that VM's reading of *Clarke* is clearly incorrect. But even if VM's reading of *Clarke* were somehow correct, VM does not contend that this factor would tip the balance to WDTX given the overwhelming witnesses and evidence created and maintained in NDCA.

### D. There Was No Error In The Transfer Order's Consideration of the Court Congestion Factor.

Google's cited statistics (MTT, 19-20) showed "that '[WDTX] and [NDCA] show no significant differences in caseload or time-to-trial statistics." *USTA Tech., LLC v. Google LLC*, No. W-22-CA-01214-XR, 2023 WL 4833481, at *6 (W.D. Tex. July 26, 2023) (citation omitted). As Google also showed, VM's statistics, not specific to patent cases (Opp. 18), do nothing to dispute this showing. Reply, 10.

VM takes issue with the Court, stating this factor carries "little weight," and oddly argues that the Court improperly applied Federal Circuit law calling this factor speculative. Obj., 3. But, as noted above, the Order did not cite Federal Circuit law at all. Instead, the Court cited the **Fifth Circuit's** decision in *Clarke*, 94 F.4th at 510. VM does not, as it cannot, show how the Court's actual analysis under *Clarke* was improper. In its "relief sought," VM says the Transfer Order should be overruled because "the court congestion factor should have received its full weight to counterbalance any local interest by the NDCA such that the public interest factors were neutral overall." Obj. 4. But VM does not indicate how the court congestion factor would have achieved this or what "counterbalanc[ing]" should have been done.

VM also contends (Obj., 3) that "[u]nder Fifth Circuit law, when a case is timely proceeding to trial (as this case was, before it was stayed pending transfer), this 'counsels against

---

waived. Opp. 17-18; *see Gonzalez*, 2011 WL 13180226, at *4. In any event, its premise appears to be based on the same misreading of *Clarke* discussed above.

9

transfer," citing *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022). *Planned Parenthood* did not say a case "proceeding to trial" alone counsels against transfer, as VM represents. VM takes this quote out of context, ignoring that the transfer motion in that case was filed late. 52 F.4th at 631 ("The district court also stressed the lateness of Petitioners' motion to transfer. It concluded that the motion was 'inexcusably delayed,'"observing that Petitioners 'filed their motion *seven months* after this case was unsealed and months into the discovery period.'") (emphasis in original). Google filed its Motion early in the case–before any substantive actions were taken. *See* MTT (filed July 10); Dkt. 34 (scheduling order). And as the Fifth Circuit held in *TikTok*, a district court cannot "use the progress the case has made while the § 1404(a) motion was pending as a reason to deny transfer." 85 F.4th at 362–63.

## II.   VM'S REQUESTED RELIEF REVEALS IT IS SEEKING AN ADVISORY OPINION

As detailed above, VM does not make a genuine attempt to show that the Transfer Order committed clear legal error. It makes some limited assertions, without substantive discussion, that certain errors of law occurred, but does not come close to demonstrating any legal error. Nor does it demonstrate that, even if some of its assertions of error are somehow correct, that it had any effect on the ultimate resolution of Google's Motion to Transfer given the significant presence of witnesses in NDCA compared to zero witnesses in WDTX under any standard. So it is unsurprising that VM's requested relief and proposed order reveal what it is actually seeking–an order from the Court to set up what would effectively be an advisory opinion by the Federal Circuit on VM's vague issues with unidentified Federal Circuit opinions.

Specifically, VM asks that "the Court make it explicit that its decision hinged on the application of the Federal Circuit's interpretations of Fifth Circuit law rather than a rigid application of Fifth Circuit law, just as the Court has previously done, and that the Court would

10

have otherwise denied transfer had Fifth Circuit law applied." Obj., 4; *see also* Proposed Order, 1-2. But consistent with its omissions throughout its Objections discussed above, VM does not articulate in its Objections what specific application of "Federal Circuit" law it is referring to, and the Transfer Order does not cite any Federal Circuit cases.[5] In any event, as detailed above, there is no "interpretation" of any standard that would have changed the result here. VM's objections should be overruled.

### III. EDTX ORDERS IN OTHER VIRTAMOVE CASES ON DIFFERENT FACTS WITH DIFFERENT PROCEDURAL POSTURES DO NOT UNDERMINE THE TRANSFER ORDER IN THIS CASE.

On February 10, 2025, VM filed a Notice of Supplemental Authority (Dkt. 90) regarding two sealed decisions from February 6 denying transfer in the consolidated cases *VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*, No. 2:24-cv-00093-JRG (lead case), Dkt. 129 (E.D. Tex.) and *VirtaMove v. International Business Machines Corp.*, 2:24-cv-00064 (member case), Dkt. 130, (E.D. Tex.). VM did not attach or discuss these opinions, as they were sealed at the time. Still, VM concluded the decisions "directly affect" its Objections, claiming "when presented with Section 1404 arguments substantially similar to what Google argued, Judge Gilstrap reached the opposit[e] decision from Judge Gilliland." Case No. 7:24-cv-00033-DC-

---

[5] VM's parentheticals to *Resonant Sys., Inc. v. Apple, Inc.*, No. MO:23-CV-00077-ADA, 2024 WL 4346391, at *8 (W.D. Tex. Apr. 18, 2024), and *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022) do refer to the Federal Circuit's application of the 100-mile rule. Obj. 4. But what the courts referred to in *Resonant* and *Motion Offense* was the Federal Circuit's statement that the 100-mile rule "should not be rigidly applied where witnesses ... will be required to travel significant distance no matter where they testify." *Resonant*, 2024 WL 4346391, at *8 (quoting *In re Apple*, 979 F.3d 1332, 1342 (Fed Cir. 2020) (citing Volkswagen II, 545 F.3d at 317) (cleaned up))), *Motion Offense*, 2022 WL 5027730, at *8. This is a different issue than the supposed "rigid" application of the 100 mile rule that VM actually (baselessly) discussed in its Opposition –that the "rigid" rule requires "there is no analysis of airports, travel time, or anything besides [straight-line] distance." Opp. 5. As detailed above, there is no "split" on this issue. This is just VM's novel interpretation of the 100 mile rule, for which VM has not cited a single case adopting.

11

DTG, Dkt. 90. On February 19, VM filed Copies of Supplemental Transfer Authority, attaching redacted versions of these decisions. Dkt. 91. But these decisions, based on entirely different facts concerning the defendants at issue, assessing convenience vis a vis EDTX, not WDTX, and in connection with transfer motions filed comparatively much later into the case than Google's, cannot possibly warrant reversing Magistrate Judge Gilliland's Transfer Order based on the facts in ***this case***. *E.g. In re Microsoft Corp.*, 630 F.3d 1361, 1363 (Fed. Cir. 2011) (transfer analysis requires "weigh[ing] a number of case-specific factors…based on the individualized facts on record").

DATED: February 19, 2025                              Respectfully submitted,

<div style="margin-left: 40%">

*/s/ Deepa Acharya*
David A. Perlson (*admitted pro hac vice*)
david.perlson@hoganlovells.com
Hogan Lovells US LLP
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2412

Deepa Acharya
deepaacharya@quinnemanuel.com
1300 I Street NW, Suite 900
Quinn Emanuel Urquhart & Sullivan, LLP
Washington, District of Columbia 20005-3314
Telephone: (202) 538-8000
Fax: (202) 538-8100

*/s/ Katharine L. Carmona*
Katharine Lee Carmona
Texas State Bar No. 00787399
kcarmona@jw.com
Jackson Walker L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 (facsimile)
Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)
Erica Benites Giese
Texas State Bar No.  24036212
egiese@jw.com
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 (facsimile)
*Counsel for Defendant Google LLC*

</div>

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 19, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to counsel for all parties of record.

<div align="right">

*/s/ Deepa Acharya*

</div>