**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| VIRTAMOVE, CORP., | |
| Plaintiff, | |
| v. | Case No. 7:24-CV-00033-DC-DTG |
| GOOGLE LLC | |
| Defendant. | |

## EMERGENCY MOTION TO EXTEND THE STAY OF TRANSFER

VirtaMove moves the Court to extend the stay of this case and to extend the date of transfer (currently set for February 22, 2025) until the appeal is resolved.

The Court granted Google's Motion to Transfer but ordered that "the transfer be stayed until February 22, 2025, to allow Plaintiff time to appeal this decision if it so chooses." Dkt. 86 at 4. VirtaMove hereby gives notice that it intends to appeal the transfer decision of this *Google* case and the related *Amazon* case. *VirtaMove, Corp. v. Amazon.com, Inc.*, No. 7:24-cv-00030-ADA-DTG, Dkt. 90 at 1 (W.D. Tex.). To give the Court time to rule on the objections and to allow time for the appeal process, VirtaMove moves the Court to extend the stay of this case and to extend the date of transfer.

## I.    BACKGROUND

After the Court granted Google's Motion to Transfer, VirtaMove filed its Objections to the Transfer Order (Dkt. 89) as part of the appeal process because mandamus relief requires there must be "no other adequate method of obtaining relief." *In re Viasat, Inc.*, No. 2025-110, 2025 WL

227592, at *1 (Fed. Cir. 2025) (denying mandamus petition without prejudice due to the "availability of reconsideration").

Google indicated that it, like Amazon, would not ultimately oppose extending the stay if this Court still had jurisdiction. In fact, Google desires an even longer stay (through IPR) compared to what VirtaMove is asking for now.

Google's only objection is that Google believes the NDCA, and not this Court, now has jurisdiction because the WDTX docket indicates "case transferred to District of California, Northern (jb3)." Google explained to VirtaMove that the case should first be transferred back from the NDCA to the WDTX, and then stayed in the WDTX. Google does not oppose "transferring" the case back from the NDCA, before staying in the WDTX. VirtaMove disagrees with Google regarding whether the NDCA currently has jurisdiction that needs to be "transferred" back to the WDTX, and VirtaMove needs immediate relief that cannot wait for lengthy motion practice in the NDCA.

VirtaMove attempted to raise this issue sooner here in the WDTX. Over the past month, VirtaMove's and Google's attorneys met and conferred several times, attempting to bring a joint motion before the NDCA that would have mooted this dispute here in the WDTX. Several drafts were exchanged, and the parties came close to agreement, but the parties were ultimately not able to agree on the precise nature of the relief due to the unique procedural issue presented in this case. Hence, VirtaMove seeks immediately relief.

A.      **Argument: The Court Should Issue a Contingent Order Extending the Unopposed Stay**

One way or another (whether via continuing jurisdiction, or whether via transfer to the NDCA and transfer back to the WDTX), it is unopposed that the ultimate transfer of this case to

the NDCA should be extended pending appeal. So, VirtaMove asks the Court to grant at least the unopposed part of this motion—the extension of the transfer date to the NDCA—to the extent this Court has jurisdiction. The Court may leave the question of its actual jurisdiction for later, after the parties file their parallel jurisdictional dispute in the NDCA.[1] The NDCA's ruling may moot the jurisdictional question here. At minimum, the Court should enter the Proposed Order **Granting-in-Part** Plaintiff VirtaMove's Motion to Extend the Stay of Transfer.

### B.    Argument: This Court Has Jurisdiction to Extend the Stay

By this Court's order, transfer will not occur until February 22, 2025. Dkt. 86 at 4. The latest relevant docket entry reads "Notice of Correction: Case was prematurely transferred. . . . Case is stayed until ordered transfer date." Docket entry between Dkts. 87–88. This means the case is pending and stayed here.

The erroneous docket entry did not *actually* transfer this case because the docket clerk had no authority to do so. Docket clerks have no actual or express authority to transfer a case, whether intentional or by mistake. Only district and magistrate judges have actual power to transfer a case under Section 1404. 28 U.S. Code § 636. The docket clerk also had no implied, apparent, or delegated authority to transfer the case until February 22, 2025. Dkt. 86 at 4.

Except for the jurisdictional concern, Google has indicated that it does not oppose extending the stay, which is needed to allow give "Plaintiff time to appeal this decision" as the Court intended. Dkt. 86 at 4.

### C.    Argument: This Court Fixed Any Mistake

Federal Rule of Civil Procedure 60(a) provides this Court the power to "correct clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment,

---

[1] The parties also met and conferred to prepare filings in the NDCA about this dispute.

order, or other part of the record. The court may do so on motion or on its own, with or without notice."

There is no dispute that the docket clerk's entry was a clerical mistake in the record.  To the extent a mistake was made on the record, this Court already fixed it using its power under Rule 60.  Docket entry between Dkts. 87–88. ("Notice of Correction: Case was prematurely transferred. . . . Case is stayed until ordered transfer date.").  Thus, the case was not yet transferred to the NDCA, and this Court still has jurisdiction.

### D.    Argument: Google's Filings Here Contradict Google's Argument

Although Google argues that this Court lacks jurisdiction, Google has contradicted its own argument by continuing to file in this Court that Google alleges lacks continuing jurisdiction. Indeed, Google filed a motion on Docket 88, and Google filed an opposition on Docket 92.  If Google really believed that this Court now lacks jurisdiction, then Google had no need to make these filings.

### E.    Conclusion: Either Way, The Court Should Extend the Stay

There is no dispute between the parties that the stay should be extended. The Court should enter either of the the proposed orders modeled off of the recent order entered in the related *VirtaMove v. Amazon* case.

If the Court declines to rule on the jurisdictional question for now, it should enter the Proposed Order Granting-in-Part Plaintiff VirtaMove's Opposed Motion to Extend the Stay of Transfer. This order defers the jurisdictional question, which can be revisited after the parties conclude their dispute regarding the same issue in the NDCA.

Otherwise, the Court should enter the Proposed Order Granting Plaintiff VirtaMove's Opposed Motion to Extend the Stay of Transfer in its Entirety.

Dated: February 21, 2025                    Respectfully submitted,

                                            By: /s/ *Qi (Peter) Tong*

                                            Reza Mirzaie (CA SBN 246953)
                                            rmirzaie@raklaw.com
                                            Marc A. Fenster (CA SBN 181067)
                                            mfenster@raklaw.com
                                            Neil A. Rubin (CA SBN 250761)
                                            nrubin@raklaw.com
                                            James A. Milkey (CA SBN 281283)
                                            jmilkey@raklaw.com
                                            Amy E. Hayden (CA SBN 287026)
                                            ahayden@raklaw.com
                                            Jacob Buczko (CA SBN 269408)
                                            jbuczko@raklaw.com
                                            James Tsuei (CA SBN 285530)
                                            jtsuei@raklaw.com
                                            Christian W. Conkle (CA SBN 306374)
                                            cconkle@raklaw.com
                                            Jonathan Ma (CA SBN 312773)
                                            jma@raklaw.com
                                            Daniel B. Kolko (CA SBN 341680)
                                            dkolko@raklaw.com
                                            Mackenzie Paladino (NY SBN 6039366)
                                            mpaladino@raklaw.com
                                            **RUSS AUGUST & KABAT**
                                            12424 Wilshire Boulevard, 12th Floor
                                            Los Angeles, CA 90025
                                            Telephone: (310) 826-7474

                                            Qi (Peter) Tong (TX SBN 24119042)
                                            **RUSS AUGUST & KABAT**
                                            8080 N. Central Expy., Suite 1503
                                            Dallas, TX 75206
                                            Telephone: (310) 826-7474

                                            *Attorneys for Plaintiff VirtaMove, Corp.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on February 21, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notifications to all parties of record.

Dated: February 21, 2025

/s/ *Qi (Peter) Tong*
Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: (310) 826-7474