**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

VIRTAMOVE, CORP.,

               Plaintiff,
                v.

GOOGLE LLC,

               Defendants.

Case No. 7:24-CV-00033-DC-DTG

**PLAINTIFF VIRTAMOVE, CORP.'S REPLY IN SUPPORT OF OBJECTIONS**
**TO MAGISTRATE JUDGE GILLILAND'S TRANSFER ORDER**

## <u>TABLE OF CONTENTS</u>

I.    The Error of Law Regarding Burden of Proof is Apparent From Google's Response ...................................................................................................1

II.   Clear Error of Law: the "rigid" 100-Mile Rule Applies ...............................1

III.  Error of Law by Discounting the Court Congestion Factor.......................3

IV.   Error of Law in Assessing Local Interest .................................................3

V.    Google's "Advisory Opinion" Argument is Irrelevant................................4

# **TABLE OF AUTHORITIES**

**Cases**

*Def. Distributed v. Bruck*,
    30 F.4th 414 (5th Cir. 2022) ........................................................................... 4

*Express Mobile, Inc. v. Atlassian Corp. PLC*,
    No. 6:20-CV-00805-ADA, 2021 WL 3355375 (W.D. Tex. Aug. 2, 2021) .................... 5

*In re Clarke*,
    94 F.4th 502 (5th Cir. 2024) ................................................................... 1, 2, 3

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009) ...................................................................... 2

*In re Planned Parenthood Fed'n of Am., Inc.*,
    52 F.4th 625 (5th Cir. 2022) ........................................................................... 3

*In re Samsung Elecs. Co., Ltd.*,
    2 F.4th 1371 (Fed. Cir. 2021) ......................................................................... 4

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023) ........................................................................ 2, 3

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
    No. 2:22-cv-00322-JRG-RSP, 2023 WL 7491853 (E.D. Tex. Nov. 12, 2023) .............. 1

*Motion Offense, LLC v. Google LLC*,
    No. 6:21-CV-00514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022) .................... 5

**Statutes**

28 U.S.C. § 1292 ............................................................................................ 4

35 U.S.C. § 271 .......................................................................................... 3, 4

**Rules**

Fed. R. Civ. P. 19 .......................................................................................... 4

## I.    The Error of Law Regarding Burden of Proof is Apparent From Google's Response

It is undisputed that Judge Gilliland's Transfer Order (Dkt. 86) did not even recite the "actually materialize" standard from *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024). The failure to apply the correct burden of proof is reason enough to overturn the Transfer Order because this was *solely* Google's burden, and Google never argued that it met this burden in its Motion. *Id.*; Dkt. 49. For reference, the previous, significantly lower burden for witnesses and evidence was mere relevance. *See, e.g., Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-cv-00322-JRG-RSP, 2023 WL 7491853, at *4 (E.D. Tex. Nov. 12, 2023) (citing Federal Circuit authority).

Google's Response to Objections makes clear that this is purely a legal dispute that does not turn on any factual findings. Dkt. 92 at 4 (arguing "*In re Clarke* created a new standard. . . . In no way did *Clarke* indicate it set a new 'standard.'"). But *Clarke did* create a new evidentiary burden that Google still does not believe in and made no effort to meet. If the Court reads *In re Clarke* to update the burden of proof as being "the movant's burden—and the movant's alone" to show that the alleged "marginal gains[1] will *actually* materialize in the transferee venue," then the Transfer Order erred by failing to apply the burden of proof, and Google's transfer motion must be denied for a *per se* failure to meet the burden of proof. *Clarke*, 94 F.4th at 508.

## II.    Clear Error of Law: the "rigid" 100-Mile Rule Applies

Google admits that for VirtaMove's witnesses[2] far from either district, Judge Gilliland gave them "less weight." Dkt. 92 at 5. This was clear error. Such discounting of distant witness

---

[1] This refers to marginal gains in convenience. The boarder question of whether convenience will *actually* materialize necessarily requires that the witnesses or evidence will appear in Court, or else the witnesses and evidence won't travel at all.

[2] Google's Response to Objections feigns ignorance of who these are. Judge Gilliland's Order mentions "potential witnesses in Ontario, Canada and several Google employees who reside outside NDCA." Dkt. 86 at 3. This refers to Stokes, Cameron, Burgins, Antonine, Sousa, Vasetsky, Yaron, Allen, Tsvetanov, Akella, Rajaram, Villalba, and Rubbo, and Burhan. Dkt. 78 at 7–9.

contradicts the Fifth Circuit's rigid 100-mile rule (weight should be *proportional* to distance) and it fails to follow the Federal Circuit's rule of disregarding such witnesses entirely. *See* Dkt. 78 at 4 (explaining 100-mile rule differences). This was error regardless of which law applies.

Again, Google makes clear that this is a dispute of law. Google has reiterated its argument that courts (like Judge Gilliland) "continue to consider travel time" instead of distance. Dkt. 92 at 7. But the Fifth Circuit's 100-mile rule has no articulation of time in the rule itself, and Google has only dicta or Federal Circuit cases. *See* Dkt. 78 at 4 (explaining 100-mile rule differences).

Google incorrectly argues that *TikTok* provides an example of the Fifth Circuit "favorably" citing *In re Nintendo*. Dkt. 92 at 6; *In re TikTok, Inc.*, 85 F.4th 352, 361 n.8 (5th Cir. 2023); *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). *TikTok* found reversable error when the lower court "ignores our 100-mile test" by finding that distant witnesses from China are neutral. *TikTok*, 85 F.4th at 361. It is similarly error for VirtaMove's distant witnesses to receive neutral or discounted weight. The Fifth Circuit cited the *Nintendo* case in footnote 8 using the "*Cf*" signal, used to compare conflicting cases, to show an example of how the Federal Circuit's cases diverged. *TikTok*, 85 F.4th at 361 n.8.

If this Court finds that *Clarke* articulated the rule as only: "Our circuit assesses convenience as a function of distance. We begin by determining whether the transferee venue is more than one hundred miles from the transferor. Where that is so, the factor of inconvenience borne by witnesses positively and linearly scales with the additional distance they must travel," then Judge Gilliland erred. *Clarke*, 94 F.4th at 514. Judge Gilliland's conclusion should have been the same as Judge Gilstrap's conclusion in the HPE and IBM cases. Dkt. 91-1 at 15; Dkt. 91-2 at 13–14. Judge Gilstrap's IBM opinion is particularly relevant here, because Judge Gilstrap explicitly rules that "there is no reason to discount the material inconvenience of these individuals" who "will already

2

be traveling a substantial distance." Dkt. 92-2 at 13–14.[3]  Judge Gilstrap then weighed the willing witness factor against transfer when a similar number and similar geographic distribution of witnesses were presented as in this Google case. *Id.*  Judge Gilliland erred by not doing the same.

Google also argues that VirtaMove made the 100-mile rule argument "only in the Opposition, but not in the Objections." Dkt. 92 at 7.  This is frivolous.  The Objections include the heading: "The Transfer Order Erred by Not Rigidly Applying the 100-mile Rule."  Dkt. 89 at 2.

## III.    Error of Law by Discounting the Court Congestion Factor

Google's Response to Objections relies on time-to-trial statistics.  Dkt. 92 at 9. These are *per se* irrelevant. "In *TikTok*, [the Fifth Circuit] rejected petitioner's statistics . . . explaining that contentions relying on such statistics were 'foreclosed by *Planned Parenthood*' . . . . Accordingly, petitioners' and CFTC's statistics carry little weight." *In re Clarke*, 94 F.4th at 510.

Thus, *Clarke* ruled that *statistics* carry little weight—not the factor itself. But when a case "appears to be timely proceeding to trial . . . [t]hat fact further counsels against transfer" with its full, undiscounted weight. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022).  This case was timely proceeding toward the scheduled trial.  Dkt. 34–35. This factor should have received its full, undiscounted weight against transfer.

## IV.    Error of Law in Assessing Local Interest

Google's Response to Objections is unable to articulate any theory by which design and development gives rise to infringement under 35 U.S.C. § 271 as required by *In re Clarke*.  Thus, it remains that Judge Gilliland erred by finding local interest in the NDCA, rather than neutral due to nationwide infringement. Judge Gilliland could only have reached this decision by adopting

---

[3] Each of the Amazon, Google, HPE, and IBM transfer opinions have substantially similar fact patterns: VirtaMove found witnesses in Eastern Canada and the eastern United States while the defendant identified witnesses, design, and development in California.

Google's argument that "research[], design[], and develop[ment]" of accused technology are significant factors based on conflicting Federal Circuit law. Dkt. 49 at 18–19 (citing *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021).[4]

Google's only Fifth Circuit based argument is that "research, design, development, manufacturing, and publishing," created a localized interest in *Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022). *Def. Distributed* was not a patent case arising under 35 U.S.C. § 271. It was a first amendment or second amendment case regarding the right to develop, manufacture, and publish 3D firearm materials. *Id.* at 421–423. The development and publishing of 3D firearm files may very well give rise to a cause of action under the first or second amendment, but it does not mean that research and development fall under 35 U.S.C. § 271. Manufacturing falls under § 271, but there is no evidence of manufacture of the accused Google products exclusively in the NDCA.

## V.    Google's "Advisory Opinion" Argument is Irrelevant.

Whether or not VirtaMove seeks an advisory opinion is irrelevant to whether Judge Gilliland erred; this is not a reason to overrule the objections. But if the Court does overrule the objections, the Court should allow VirtaMove to focus its appeal on the split of law that is central to the transfer motion dispute by entering Proposed Order Dkt. 89-2, effectively certifying a question of law for interlocutory appeal instead of certifying a question that hinges on factual findings or discretionary weighing of factors. *See* Fed. R. Civ. P. 19; 28 U.S.C. § 1292. Indeed, the Court envisioned an appeal. Dkt. 68 at 4 ("to allow Plaintiff time to appeal"). Otherwise, if VirtaMove wins on appeal, the Federal Circuit may vacate the lower court's decision instead of

---

[4] Google Response to Objections repeatedly argues that VirtaMove did not address the holdings in the Transfer Order. *E.g.,* Dkt. 92 at 8. These are confusing or frivolous, as VirtaMove identified legal error and explained how the Court should have ruled instead. Dkt. 89 at 3 ("the local interest factor is neutral.").

reversing it, requiring extra work. Indeed, this Court has repeatedly issued opinions that noted how the outcome would have been different if the law was correctly applied. *E.g., Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *4–13 (W.D. Tex. Oct. 4, 2022). Just last month, this Court again acknowledged the "apparent contradiction" in the application of transfer law and noted that parties "may raise any arguments to clear up any misapprehensions in Fifth Circuit and Federal Circuit precedent." Ex. C[5] at 17. Indeed, law firms, law reviews, and RPX have all noted the circuit split. *See, e.g.,* Ex. D at 5 ("the discrepancies between the Fifth Circuit and Federal Circuit had become obvious."); Ex. E at 3 (pro-defendant entity RPX reporting that "the Fifth Circuit took positions on other factors that appeared to be less in line with current Federal Circuit thinking, and potentially more so with Judge Albright's posture."); Ex. F at 5 ("The Federal Circuit Fails to Consistently Apply Regional Circuit Law").

As a result of the Federal Circuit forcing this Court to depart from Fifth Circuit law, small companies like VirtaMove are now harmed while big companies like Google continue to infringe VirtaMove's patents. VirtaMove brought this case here, in a closer court, due to travel convenience, lower costs, and because this Court had a consistent record of trial in approximately two years. *See, e.g., Express Mobile, Inc. v. Atlassian Corp. PLC*, No. 6:20-CV-00805-ADA, 2021 WL 3355375, at *9 (W.D. Tex. Aug. 2, 2021). By contrast, the undersigned's counsel's last patent case that approached trial in the NDCA had languished for over 6 years. Ex. F at Dkt, 1 (filing in 2017), Dkt. 175 (setting June 2024 trial). Bad Federal Circuit transfer law is now causing injustice.

Dated: February 26, 2025                    Respectfully submitted,

---

[5] Exhibits filed herewith.  Exhibits A and B are not included in this case.

By: /s/ *Qi (Peter) Tong*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN: 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75204
Telephone: (310) 826-7474

*Attorneys for Plaintiff VirtaMove, Corp.*

6

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on February 26, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notifications to all parties of record.

Dated: February 26, 2025

/s/ *Qi (Peter) Tong*
Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75204
Telephone: (310) 826-7474