# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **RED ROCK ANALYTICS LLC,** | |
| *Plaintiff,* | **Case No. 6:21-cv-00346-ADA** |
| v. | |
| **APPLE INC., QUALCOMM INC.,**<br>*Defendant.* | **REDACTED PUBLIC VERSION** |

## ORDER DENYING MOTION TO TRANSFER VENUE

### I)  SUMMARY

After careful consideration of the parties' briefing, the relevant facts, and the applicable law, this case would not be clearly more convenient to try in the Northern District of California. **THEREFORE**, **IT IS ORDERED** that the Defendant's Motion to Transfer Venue is **DENIED**.

### II) BACKGROUND

#### A.  PROCEDURAL HISTORY

Red Rock Analytics, LLC [hereinafter "Red rock"] filed its complaint on April 8, 2021. ECF No. 1. The complaint alleges patent infringement by the Defendants in this case, Apple Inc. [hereinafter "Apple"] and Qualcomm, Inc [hereinafter "Qualcomm"]. *Id*. Apple filed a Motion to Dismiss on June 17, 2021.  ECF No. 18. Qualcomm answered the complaint on June 17, 2021. ECF No. 19. Defendants Qualcomm and Apple filed a Motion to Transfer on August 24, 2021. ECF No. 45. Plaintiff Red Rock opposed the motion and filed a response in opposition on January 14, 2022. ECF No. 73. Defendants Qualcomm and Apple replied to Red Rock's

1

opposition on March 4, 2022. ECF No. 101. Plaintiff Red Rock filed a sur-Reply in opposition to Defendants' Motion to Transfer on March 31, 2022. ECF No. 109.  Defendants Qualcomm and Apple filed a sur-sur-Reply to Red Rock's opposition on April 14, 2022. ECF No. 112.

Red Rock also filed a first Notice of Supplemental Authority on November 30, 2022. ECF No. 136. Defendants Qualcomm and Apple filed a response to Red Rock's motion for leave to file supplemental briefing on December 15, 2022. ECF No. 141. Red rock filed a second supplemental brief on April 18, 2023. ECF No. 153. Defendants Qualcomm and Apple filed a response to Red Rock's second supplemental brief on April 28, 2023. ECF No. 154. Red Rock filed a third supplemental brief on March 1, 2024. ECF No. 159. Red Rock filed a fourth supplemental brief on March 15, 2024.  ECF No. 162.  Defendants Qualcomm and Apple filed a response and corrected response to Red Rock's third and fourth supplemental brief on March 15, 2024. ECF No. 163. Red Rock Red Rock filed a fifth supplemental brief on September 16, 2024. ECN No. 166. Defendants Qualcomm and Apple filed a response to Red Rock's fifth supplemental brief on September 27, 2024. ECF No. 168.

## B. REQUESTED RELIEF

Red rock exercised their right as the plaintiff in selecting the Western District of Texas as an appropriate venue. Qualcomm and Apple asserts that the Northern District of California [hereinafter "NDCA"] would be a clearly more convenient venue than the Western District of Texas [hereinafter "WDTX"].  Accordingly, Apple requests that under 28 U.S.C. § 1404(a) this case be transferred to NDCA.

### III)    LEGAL OVERVIEW

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Air-craft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4)

3

the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is **clearly** more convenient. *Id*. at 314–15. This is because "the Court must give some weight to the plaintiffs' choice of forum." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 302 (5th Cir. 2024) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013). While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In addition, the "movant must show (1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue." *In re Clarke*, No. 24-50079, 2024 WL 886953, at *2 (5th Cir. Mar. 1, 2024) (emphases in original). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show any individual factor clearly favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## IV)ANALYSIS

### A.  PROPER VENUE AND JURISDICTION IN TRANSFER VENUE

As an initial step before further considering the transfer for convenience, Qualcomm and Apple must show that both venue and jurisdiction would have been proper in the proposed transferee forum, here the NDCA. Apple has satisfied this burden by showing that it is headquartered in the NDCA. ECF No. 45 at 6. Qualcomm has satisfied this burden by showing it has multiple offices located in NDCA, including locations in Santa Clara and San Jose. *Id.*

## B. PRIVATE INTEREST FACTORS

### 1. The Cost of Attendance and Convenience for Willing Witnesses

#### i. *Legal Overview*

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. However, it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317); *In re Genentech, Inc.*, 566 F.3d 1338, 1345 Fed. Cir. 2009 (finding that little weight should be given when regardless the witnesses "will be traveling a great distance no matter which venue the case is tried in."). Instead, "the inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to

the Federal Circuit, time is weighed more heavily as a metric than distance. *Id.* However, as noted above, the Federal Circuit has held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342.

### ii.     Qualcomm and Apple's Arguments

Qualcomm and Apple argue the relevant witnesses are primarily in NDCA, or at least in California, and that a trial there would be more convenient for those witnesses. ECF No. 45 at 6. Defendants also argue that none of the possible witnesses in WDTX are responsible for the Accused Functionality in the Accused Products. *Id.* at 7.

Defendants argue that, because Apple is headquartered in Cupertino, California, the relevant witnesses from Apple would be in NDCA. *Id.* This includes witnesses with knowledge related to both the technical and financial operations of Apple and, specifically, the Accused Apple Products. *Id.* Further, Apple's witnesses responsible for ███████████████ ████████████████████████████████████████████████████████████. ECF No. 101 at 24–25.

Several of Apple's potential marketing, licensing, and finance witnesses are said to be in NDCA. ECF No. 45 at 8. This includes one of Apple's Senior Finance Managers, Mark Rollins, and his team. *Id.* Defendants argue Mr. Rollins would be the best at providing financial information, since Mr. Rollins ████████████████████████████████. ECF No. 101 at 18. ████████████████████████████████████. *Id.* Potential marketing and financial witnesses located in WDTX have limited or non-applicable information. *Id.* at 21–24. Even if individuals in WDTX do have access to relevant information, Defendants

6

argue witnesses in NDCA (such as Mr. Rollins) have better access to all potentially relevant information. ECF No. 112 at 9.

Defendants argue none of the potential witnesses Red Rock identified within WDTX have the relevant knowledge. Specifically, Apple's technical employees in Austin are said not to work on the accused products or on I-Q calibration. *Id.* at 8. According to Defendants, ██████ ████████████████████████████████████████████████████████████. ECF No. 101 at 25. Defendants also assert Red Rock's statements regarding Austin employees of Apple who do have knowledge of I-Q calibration are irrelevant, since the knowledge of those employees is speculative or outdated. *Id.* at 18–20.

Defendants also point to the large percentage of Qualcomm's U.S. based employees residing in California. ECF No. 45 at 6. Qualcomm argues a majority of the team members responsible for ████████████████████████████████████ ████████████████████████████ are based in NDCA. *Id.* Defendants also assert the potential technical witnesses in Texas ██████████████ ████████████████████. ECF No. 101 at 21. Defendants argue the ████████████ identified by Red Rock aren't relevant since the claims at issue recite "conventional hardware." ECF No. 112 at 6. Therefore, the ████████ are only tangentially relevant. *Id.* Defendants assert any potential witnesses who do work related to I-Q calibration were ████████████ ████████████████████████. ECF No. 101 at 22–24. Defendants further state and potential ████████████ identified by Red Rock wouldn't have the relevant information related to the claimed technology. ECF No. 101 at 19.

For Red Rock's key witness in Florida, Qualcomm and Apple argue the differences between the venues are *de minimis*. *Id.* at 31. Defendants also argue it is more convenient for the Plaintiff's consultant in San Diego, California to attend trial in NDCA than in WDTX. *Id.* at 32. The two likely witnesses from Red Rock are located in Florida and SDCA, which Qualcomm and Apple argues makes the inconvenience of each forum relatively equivalent or favoring transfer. Defendants further argue that a consultant for a defendant "should not be given similar weight to that of a party witness. *Id.* Defendants further assert there are multiple named inventors on prior art patents, patent applications, and papers relevant to the technology at issue who are in NDCA and who could be witnesses. ECF No. 45 at 9–10.

### iii.    *Red Rock's Arguments*

Red Rock responds by pointing out potential shortcomings in Defendants' description of affected witnesses. ECF No. 73 at 12. Red Rock points out that Defendants ignore several teams who developed related hardware in Texas. *Id.* This includes . *Id.* at 19. There are also other potential Texas-based witnesses employed by Apple who . *Id.* at 19–20. Red Rock further argues that several of Apple's teams with information relevant to damages, such as

. ECF No. 109 at 14.

Red Rock represents that Qualcomm has several potential technical witnesses in WDTX or in Richardson, TX. ECF No. 73 at 20. This includes Qualcomm's

█████████████████████████████████████. *Id.* At least one Texas-based

employee is asserted to ████████████████████. ECF No. 109 at 17. Red Rock argues

there are also several potential Qualcomm damages witnesses in or near WDTX. ECF No. 73 at

22. Red Rock further argues the limitation placed by Qualcomm in that potential sales and

marketing witnesses need knowledge of I-Q gain calibration technology, is undue as the non-

technical Qualcomm witnesses in NDCA (put forth by Defendants) do not have knowledge of I-

Q gain calibration technology. ECF No. 109 at 16.

Red Rock represents their own witnesses are less inconvenienced by a trial in WDTX

than in NDCA. Red Rock asserts the inventor of the Asserted Patent is located in Florida, which

is closer to WDTX than NDCA. ECF No. 73 at 22. Red Rock's consultant, Jeffrey Rischer, lives

in San Diego, but has also stated it is more convenient for him to travel to WDTX for trial. *Id.*

Red Rock also argues the inventors of Defendant's proposed prior art and authors of

related papers are irrelevant as witnesses. ECF No. 109 at 18.

### iv.     Analysis

The Court finds that this factor is ultimately neutral. Both parties point to a variety of

possible witnesses who may serve roles within this lawsuit. While the Defendants point to

witnesses with a greater amount of knowledge related to the Accused Product's I-Q calibration,

Red Rock has shown several potential witnesses with relevant knowledge of the claimed

hardware. Both Red Rock and the Defendants have provided numerous potential witnesses for

consideration, many with varying degrees of relevance. However, this analysis should not consist

of stacking the scale with as many potentially frivolous witnesses as is possible to venue shop for

either party. The question can be simply framed as "what is the cost of attendance for willing witnesses that are likely to appear at trial?"

Red Rock's Florida witness does not weigh heavily on the outcome of this factor, as there are largely insignificant differences in both time and distance for the witness to travel. *See In re Apple*, 979 F.3d at 1342. At most, WDTX appears to be marginally closer and quicker for these witnesses.

Apple's Cupertino witnesses would clearly be better served with the trial being held in NDCA. However, Apple does possess a campus in Austin which could help to mitigate interruptions to their workflow and, as a result, would reduce the cost of attendance for these witnesses. Qualcomm's California-based witnesses would also likely be better served if the trial was held in NDCA. However, the relevant witnesses for Qualcomm appear split between NDCA and San Diego. Any witnesses from San Diego would still be required to travel to NDCA for trial. Further, Qualcomm also has a facility in Austin to mitigate interruptions in workflow and reduce the cost of attendance for Qualcomm's witnesses.  The presence of a place where Defendants' witnesses can conduct work is directly related to the cost of their attendance. *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) ("the inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes **and work** for an extended period of time.") (emphasis added). Simply put, it is not dispositive and does not carry weight in this analysis if a corporation solely has a large presence in any venue without more information about what that presence entails. However, having a reliable location to work from which is near a prospective venue would help mitigate the cost of attendance for witnesses. While the Defendants point to

time away from family for witnesses in NDCA and San Diego, common sense again rears its head. A major corporation intending to call a witness for a patent trial is likely to have taken that witness away from their family for several days to ready them for trial. The reality of modern patent trials often includes a week or more of witness preparation, regardless of if the Courthouse is nearby. Witnesses are unlikely to be driving in from home, testifying, and driving back (let alone flying to and from San Diego as argued by Defendants). Simply put, there will be some baseline cost to any witness that may be called to trial. While this may be somewhat mitigated by a trial closer to home, this Court finds it unlikely that the discrepancy is so great that the trial witnesses are only likely to lose time with family when traveling to WDTX. This reality of what willing witnesses are likely to face must be considered when weighing the cost of attendance in different venues and it mitigates some of the cost reductions that will be realized by a witness in an otherwise closer venue. Regardless of that reality, the Defendants have not presented any strong indications for why each of these witnesses are likely to appear in this trial. This severely reduces the weight that many of the witnesses in Cupertino, or elsewhere in California, carry for consideration of this factor.

The location of Red Rock's sole employee and inventor of the Asserted Patent is neutral. It is also largely immaterial that Red Rock's consultant is in San Diego and would be reviewing documents with Red Rock's attorneys in Texas. That just makes him a willing witness. The remainder of the analysis is the time and distance between the venues and the cost that will be imposed on the witnesses. This is not guided by preference but by the geographical constraints imposed by having a trial in the different proposed venues. NDCA is closer to San Diego, but

Florida is closer to WDTX by both distance and travel time. These competing interests result in a net neutral for the two key Red Rock witnesses.

As is clear from the briefing by both Red Rock and Defendants, there are members of both Apple's and Qualcomm's teams with relevant knowledge in both proposed venues. The Court finds that both venues contain witnesses with specialized knowledge not found in the other venue. For instance, there are several NDCA witnesses— ███████████████████ ███████████████████ —with specialized knowledge that witnesses found in WDTX do not seem to possess. Ultimately, with the balance being nearly equal, and the uncertainty surrounding which witnesses are likely to actually appear at trial, this Court has determined that this factor is neutral.

### 2. The Relative Ease of Access to Sources of Proof

#### i. Legal Overview

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "[W]hile electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources-of-proof factor irrelevant." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) (citing Volkswagen II, 545 F.3d at 316). The Court acknowledges that the Fifth Circuit's decision in *In re Planned Parenthood* indicates a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either

forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id.* But the Federal Circuit has held that it is an error to conclude this factor is neutral only because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No. 2022-128, 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed. However, the Court still considers physical locations of electronically stored documents in its analysis of this factor. *In re Google LLC*, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). When considering both parties generally, "in patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

### ii.    *Qualcomm and Apple's Arguments*

The Defendants argue that this factor strongly favors transfer. To support the argument, the Defendants assert that NDCA, and California generally, is the primary location where the research, design, development, and testing of the accused features occurred. The Defendants argue that documents related to ███████████████████████████████████████ ███████████████████████. ECF No. 45 at 13. The Defendants also assert that ████████████ ██████████████████████████████████████. *Id.* Meanwhile, the Defendants represent ████████████████████████████████████████████████ ████████████████████████████. ECF No. 101 at 39. The Defendants also argue that

the housing of Red Rock's documents in Houston is due to their choice of counsel and should not be considered in this analysis. *Id.* at 41.

### iii.    *Red Rock's Arguments*

Red Rock points out that Apple's financial records are ███████████████████████ ███████████████████████████████. ECF No. 73 at 13–14. Red Rock also represents there are several Qualcomm ███████████████████████ ███████████████. *Id.* at 22. Red Rock further asserts both Apple and Qualcomm are likely to have relevant technical documents stored in Texas due to the technical witnesses discussed above. *Id.* at 13–15. Red Rock also asserts technical documents held by Samsung Austin Semiconductor (SAS) would be relevant to proving infringement since ████████ ███████████████████████. *Id.* at 16. SAS would also have testing data that could help show the difference between pre-calibration and post-calibration metrics relevant to damages. ECF No. 109 at 20. Regarding Red Rock's own documents, Red Rock represents to have 47,985 pages of documents from a prior lawsuit stored on a server in Houston and maintained by Heim, Payne and Chorush. ECF No. 73 at 13.

### iv.    *Analysis*

The fact that shared documents are accessible from NDCA is irrelevant in this analysis, unless those same electronically shared documents are not accessible in WDTX or are stored in NDCA. The only documentation which has been explicitly stated as being stored in California is ███████████████. However, even the ████████████████████. Qualcomm and Apple have also not specified what information is █████████ in NDCA compared to servers in other locations. There is also no showing by the Defendants that

documents from any of Defendants' servers would not be accessible in WDTX. While CDCA is closer to NDCA than to WDTX, the impact of this consideration for this factor is significantly lessened by the fact ████████████████████████████████████████.

The technical and testing documents held by SAS are likely to be of some limited importance. This is especially true if pre-calibration testing data by SAS would be unique to SAS, as represented by Red Rock. However, the relevance of documents held by SAS are likely to be small compared to the relevance of documents held by Red Rock, Apple, or Qualcomm. SAS manufactures and performs testing on wafers, but these wafers are not an end-product or themselves an accused product.

Finally, Red Rock's own documents from prior litigation, and held by counsel, do not weigh heavily on this factor. Although stored on a Houston server, there is no indication the documents from the prior litigation are unable to be accessed outside of Houston or the state of Texas. Further, it appears to have merely been Red Rock's counsel's choice to store the documents in Houston. Still, following precedent, the location of those electronically stored documents should be considered in this analysis.

Neither party has presented a compelling argument for an increased ease of access to sources of proof being present in either venue. If anything, the greater access to SAS technical and testing documents slightly disfavors transfer. The other arguments present little reason why this factor either favors or disfavors transfer. Therefore, this factor leans slightly against transfer.

**3.  Availability of Compulsory Process to Secure Attendance of Witnesses.**

**i.  *Legal Overview***

15

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). This factor focuses on "non-party witnesses whose attendance may need to be secured by a court order." *WirelessWerx, LLC v. Google, LLC*, No. 6:22-CV-1056-RP, 2023 WL 11921792, at *3 (W.D. Tex. Apr. 14, 2023) (collecting cases). "When there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *Id*. citing *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). However, the Fifth Circuit has clarified that "the availability of compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am. Inc.*, 52 F.4th 625, 630−31 (5th Cir. 2022) (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 499 (6th Cir. 2016)). To note, this factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345).

### ii.    *Qualcomm and Apple's Arguments*

The Defendants argue that this factor favors transfer. To support that argument, the Defendants point to multiple potential prior art inventors that Defendants picked out and that conveniently live within the subpoena power of NDCA. ECF No. 45 at 14. As a note, this Court does not find that the proposed prior art inventors provide much weight in this analysis. *See*

*Fintiv, Inc. v. Apple Inc.*, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019). The Defendants also point to a co-author of a paper referenced by Red Rock that discusses I-Q gain imbalance calibration. ECF No. 45 at 9–10.

The Defendants assert that the potential SAS witnesses in Austin are irrelevant. ECF No. 101 at 35. The Defendants assert that the wafers produced by SAS are not claimed by the Asserted Patent and any information that could be provided by SAS is, at best, tangential to the core disputes in this lawsuit. *Id.* at 37.

### iii.    *Red Rock's Arguments*

Red Rock counters that this factor weighs against transfer. Red Rock points out that the prior art inventors, or paper authors referenced by the Defendants, are unlikely to actually be called to trial. ECF No. 73 at 17. Red Rock also points out that the wafers manufactured by SAS ███████████████████████████████████████. *Id.* Red Rock represents that SAS employees may also be the only individuals with access to some pre-calibration testing data. ECF No. 109 at 20. For these reasons amongst others, the Plaintiff asserts that SAS employees in Austin may have relevant information related to infringement and damages. *Id.* at 21.

### iv.    *Analysis*

The Court finds this factor slightly disfavors transfer. It is unlikely that any of the prior art inventors or paper authors who were hand-picked by the Defendants will testify at trial. Despite what the Defendants have represented, it is abundantly clear in this Court's experience that the authors of alleged prior art are unlikely to be utilized over an expert witness when arguing invalidity come time for trial. However, it is likely at least one witness from SAS will be called to testify regarding pre-calibration testing data. As the relationship between SAS and

Qualcomm is further developed in discovery, it may also be that SAS witnesses can be called to discuss additional technical features of the Accused Products. Therefore, this factor disfavors transfer.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive.

#### i. *Legal Overview*

"When considering the private interest factors, courts must also consider all other practical problems that make trial of a case easy, expeditious and inexpensive." *WirelessWerx, LLC v. Google, LLC*, No. 6:22-CV-1056-RP, 2023 WL 11921792, at *4 (W.D. Tex. Apr. 14, 2023) (citing *Volkswagen II*, 545 F.3d at 315.) "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). It runs counter to judicial efficiency to have "two courts [construing] the same patent asserted by the same plaintiff." *Acqis, LLC v. Sony Interactive Entm't Inc.*, No. 6-22- cv-00386-ADA, ECF No. 63 at 15 (W.D. Tex. July 19, 2023).

#### ii. *Analysis*

There are no known co-pending or duplicative suits related to this lawsuit. Both parties contend this factor is neutral, and this Court agrees. With all concerned parties in agreement, this factor is neutral.

### C. PUBLIC INTEREST FACTORS

### 1. Administrative Difficulties Flowing from Court Congestion

#### i. *Legal Overview*

18

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). It considers "[t]he speed with which a case can come to trial and be resolved." *In re Genentech*, 566 F.3d at 1347; *see Smart Mobile Techs. LLC v. Apple Inc.*, 2023 WL 5540152, at *9 (W.D. Tex. Aug. 28, 2023). However, "this factor should not weigh against transfer when the patentee 'is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution.'" *In re Meta Platforms, Inc.*, No. 2023-143, 2023 WL 7118786, at *2 (Fed. Cir. Oct. 30, 2023) (quoting *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023)).

### ii.     *Qualcomm and Apple's Arguments*

The Defendants argue that this factor should be neutral. The Defendants assert the time-to-trial data is similar in both WDTX and NDCA. ECF No. 101 at 42–43. The Defendants also point out the significant delay caused by extended transfer discovery and by Red Rock's delay in filing their initial complaint. *Id.* at 43. The Defendants also assert that, even if there is a difference in time-to-trial of six or seven months, that time difference is not significant. *Id.*

The Defendants further assert the "opportunity costs" of being in NDCA compared to WDTX, as cited by Red Rock, are unreliable and not relevant since Red Rock has not been actively investing in developing a product. *Id.* The Defendants also take issue with Red Rock's estimations for other losses and damages. *Id.* at 44.

### iii.     *Red Rock's Arguments*

Red Rock argues that this factor should weigh against transfer, as WDTX and the Waco division is less congested than NDCA. ECF No. 73 at 23. Red Rock represents the average time

19

to trial in Waco for patent trials, since 2018, is around seven months faster than in NDCA. *Id.* Red Rock also makes additional assertions regarding the increased cost of litigation in NDCA compared to in Texas and the loss of opportunity costs caused by potential delay due to congestion, if this lawsuit is transferred to NDCA. *Id.* at 23–24.

> ### iv.    Analysis

In attempting to apply governing precedent, the Court finds that this factor is neutral. The Federal Circuit has instructed that court congestion cannot weigh against transfer where an entity like Red Rock "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *See In re Meta*, 2023 WL 7118786, at *2. However, this Federal Circuit precedent appears to contradict Fifth Circuit rulings. For example, in *In re Planned Parenthood Federation of America, Inc.*, 52 F.4th 625, 631–32 (5th Cir. 2022), the Fifth Circuit held that it was not an abuse of discretion for the district court to weigh court congestion against transfer based on just two rationales: 1) that its docket was less congested than the transferee venue's; and 2) that the case "appear[ed] to be timely proceeding to trial" before the transferor venue. *See also U.S. v. Planned Parenthood Fed. of Am., Inc.*, No. 2:21-CV-022-Z, 2022 WL 19006361, at *4–5 (N.D. Tex. Sept. 20, 2022). Further, the Fifth Circuit later defined this case progression factor as follows: "This factor normally weighs against transfer when the case appears to be timely proceeding to trial before the transferee [sic] district." *In re TikTok, Inc.*, 85 F.4th 352, 363 (5th Cir. 2023) (cleaned up). This conflict is dispositive here—Red Rock only argues that the public interest in speedy resolution of disputes causes this factor to weigh against transfer. Red Rock does not allege that it competes with Apple in the marketplace. Red Rock's arguments about the difference in time to

trial between NDCA and this Court would hold weight according to Fifth Circuit caselaw on this factor. *See In re TikTok*, 85 F.4th 352, 363–64 (5th Cir. 2023). Concerns with time to trial considerations originated over the court congestion factor being given "particular significance" or "significant weight." *See In re Morgan Stanley*, 417 F. App'x at 950. In contrast, our precedent now seems to require categorically prejudicing specific groups of plaintiffs. This prejudice takes the form of preventing court congestion being assigned *any* weight against transfer in circumstances involving non-practicing entities or those which are not competitors in a patent suit. *See In re Meta*, 2023 WL 7118786, at *2; *Zentian Ltd. v. Apple Inc.*, No. W-22-CV-00122-ADA, 2023 WL 4167746, at *10. This Court ultimately aims to apply precedent in the only way that seems to follow this apparent contradiction. Accordingly, non-practicing entities in patent cases will be prejudiced relative to other plaintiffs. Court congestion will be awarded no weight in their cases. Therefore, this factor is neutral. Should a petition for mandamus be filed, Red Rock is encouraged to raise arguments to clear up any misapprehensions in Fifth Circuit and Federal Circuit precedent regarding the differential treatment of certain plaintiffs.

If this ruling is brought to appeal, and the Federal Circuit finds that non-practicing entities are not subject to this prejudice, but that in the alternative the district courts are best situated to evaluate their own docket efficiency, as the Fifth Circuit held in *In re Clarke*, this Court believes that this factor weighs against transfer. Red Rock's estimated cost increases are speculative and backed by unreliable estimates. Although there has been significant delay in the transfer proceedings for this case (caused by extensive transfer discovery and briefing), the average time to trial in Waco for patent trials is still several months less than the average time of a patent trial in NDCA. There is no indication transfer of this case to NDCA would result in less

delay than WDTX, moving forward. Therefore, if the difference in court congestion can be awarded weight in this case, this factor weighs against transfer.

### 2. Local Interest

#### i. Legal Overview

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (per curiam)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319. "We focus on the *events—*not the *parties*. We do not consider

the parties' connections to the venue because the local interest analysis is a public interest factor. Accordingly, the local-interest inquiry is concerned with the interest of *non-party citizens* in adjudicating the case." *In re Clarke*, No. 24-50079, 2024 WL 886953, at *5 (5th Cir. Mar. 1, 2024) (emphases in original).

### ii. *Qualcomm and Apple's Arguments*

The Defendants' position is that this factor strongly favors transfer. In support of that position, the Defendants point out that Apple's engineering groups responsible for integration and testing of Qualcomm transceivers with Apple products are in NDCA. ECF No. 45 at 18. The Defendants also point to Apple's general presence within NDCA such as their headquarters. The Defendants further represent that Qualcomm's ███████████████████████████████ ████████████████████████████. *Id.*

### iii. *Red Rock's Arguments*

Red Rock's view is that this factor is against transfer. Red Rock argues that WDTX has a strong local interest due to significant current development and relevant witnesses found in WDTX. ECF No. 73 at 24. Red Rock further represents there is significant development of hardware features in WDTX that are a part of the Accused Products. *Id.*

### iv. *Analysis*

This Court finds that this factor leans slightly in favor of transfer. This is not a case where there exists no local interest in the outcome of this case. *In re Samsung Elecs. Co.*, 2 F.4th at 1380. The general presence in either venue does not move the needle in either direction. Past and present research related to the Accused Products is performed in both WDTX and NDCA. Significant current development and the development of applicable hardware features in Austin

23

provide a local interest in WDTX. However, NDCA also has its own local interests due to the presence of Apple's engineering groups responsible for integrating Qualcomm's transceivers into Apple products.  Qualcomm also has some local interest in California generally, however it is unclear from the Defendant's briefing how much of the research, design, and development of the Accused Products actually occurred in NDCA compared to elsewhere in California.

When the two venues are compared to one another, it is not clear that either WDTX or NDCA have a significant local interest. Therefore, this factor is neutral.

### 3. Familiarity of the Forum with the Law That will Govern the Case And Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law.

#### i. Analysis

There is no reason to believe that the federal courts in NDCA are any more or less familiar with federal law than the federal courts in WDTX. Nor are there issues involving conflicts of foreign laws. The parties both contend that these two factors are neutral, and this Court agrees. With all concerned parties in agreement, these two factors are neutral.

## D. RED ROCK'S EXPERT DECLARATIONS

The Court acknowledges Defendants' concerns regarding Red Rock's expert declarations. However, as it is the Court itself reviewing the declarations at this time, and not a jury, the concerns regarding legal arguments by non-lawyers and any potential use of unreliable methods of gathering data are not as pressing.  The Court does not provide a current opinion on whether the methodology or discussion within Red Rock's expert declarations are sufficient to survive a later challenge.

## E. *RESONANT SYSTEMS* APPLICABILITY

24

The Court further acknowledges Red Rock's comparison of the Defendants' actions to those leading to the Federal Circuit's affirmance of the order denying transfer in *Resonant Systems, Inc. v. Apple, Inc.*, No. 7:23-cv-00077-ADA, Dkt. 83 (W.D. Tex. April 18, 2024); *In re Apple Inc.*, No. 2024-129, 2024 U.S. App. LEXIS 21081 (Fed. Cir. August 21, 2024) (denying mandamus). Red Rock asserts this case should be compared to *Resonant*, since the Defendants' today have also failed to adequately investigate and identify relevant witnesses in WDTX. ECF No. 166 at 2. Red rock further asserts the Defendants placed a "thumb [on] one side of the scale[s]" by providing "selectively ignorant declarations." *Id.*

The Defendants represent that they have "provided extensive discovery into their WDTX activities." ECF No. 168 at 2. The Defendants represent that they have interviewed multiple Texas site managers and managers overseeing Austin teams, surveyed Texas employees, and provided lists of Texas-based employees. *Id.* However, motions to transfer are reviewed on an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The Court does not need to make a comparison to *Resonant* to determine whether or not to grant Defendants' motion to transfer venue, as the facts here are sufficiently different and the decision regarding transfer stands on its own merit.

## V) CONCLUSION

The factors considered in a transfer for convenience are considered in their totality. After the factors are considered, the standard requires a determination of if the transferee venue would be "clearly more convenient." *Volkswagen II*, 545 F.3d at 314. This deference arises due to the plaintiff's right to choose an appropriate venue to bring their case. *See In re Chamber of Com. of*

*United States of Am.*, 105 F.4th at 302 (5th Cir. 2024). The movant has not established that this case would be clearly more convenient in the Northern District of California. The chart below summarizes the Court's analysis; however, it is in weighing the totality of these factors and circumstances of this case that this Court determines that this motion must be denied.

**ACCORDINGLY, IT IS ORDERED** that the Defendants' Motion to Transfer is **DENIED.**

| FACTOR | THE COURT'S FINDING |
|---|---|
| Relative ease of access to sources of proof. | Slightly against transfer. |
| Cost of attendance for willing witnesses. | Neutral. |
| Availability of compulsory process to secure the attendance of witnesses. | Against transfer. |
| All other practical problems that make trial of a case easy, expeditious, and inexpensive. | Neutral. |
| Administrative difficulties flowing from court congestion. | Neutral, see above. |
| Local interest. | Neutral. |
| Familiarity of the forum with law that will govern case. | Neutral. |
| Problems associated with conflict of law. | Neutral. |

So **ORDERED** this 12th of February, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

26