UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 7:24-cv-00033-DC-DTG |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF VIRTAMOVE, CORP.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

VM's Notice of Supplemental Authority regarding *Red Rock Analytics LLC v. Apple Inc., Qualcomm, Inc.*, Case No. 6:21-cv-00346-ADA, Dkt. 172 (W.D. Tex. Feb. 12, 2025), is in actuality a supplemental brief filed without leave. But even if considered, it still does not provide any basis for the Court to overrule Judge Gilliland's Order Granting Google's Motion to Transfer Venue (the "Transfer Order," Dkt. 86).[1]

*First*, *Red Rock Analytics* provides no support for VM's position that *In re Clarke* created a new standard by which Google had to identify "with certainty" the witnesses it will call at trial, two years in advance. VM's argument is based on a single passage where Judge Albright simply concluded that there was "uncertainty surrounding which witnesses are likely to actually appear at trial." Dkt. 97 at 1 (citing Ex. A at 12). But on its face, this does not require "certainty" regarding who **will** appear at trial. *See also S.M.R Innovations Ltd. et al. v. Apple Inc.*, No. 6:23-CV-00479, Dkt. 80 at 6 (W.D. Tex. Nov. 14, 2024) (Albright, J.) ("Regardless of the degree of speculation on how likely Apple's witnesses' involvement in this case may be, there are a number of potential

---

[1] Google is filing this response in both WDTX and NDCA for the reasons described in Dkt. 92, n.1.

1

key witnesses situated in NDCA and it appears unlikely that this case will involve any witnesses located near WDTX.").

*Second*, VM contends that *Red Rock Analytics* adopted its "rigid" interpretation of the 100-mile rule. Dkt. 97 at 1.  But, fatal to its argument, instead of adopting VM's position that the convenience of witness factor is exclusively concerned with distance, Judge Albright explicitly considered travel time: "Florida is closer to WDTX by both distance ***and travel time***." Dkt. 97-1 at 12 (emphasis added).  VM further contends that *Red Rock Analytics* "confirm[s] that *In re TikTok, Inc.*, 85 F.4th  352, 361 (5th Cir. 2023) overruled *In re Apple*, No. 2022-128, 2022 WL 196768, at *3 (Fed. Cir. Apr. 22, 2022)." Dkt. 97 at 1-2.  While again, it is unclear how VM's argument is relevant as the Transfer Order does not cite *In re Apple*, *Red Rock Analytics* explicitly cites *In re Apple* in holding that "Red Rock's Florida witnesses do not weigh heavily on the outcome of this factor, as there are largely insignificant differences in both time and distance for the witness to travel."   Dkt. 97-1 at 10.[2] VM's objections to the Transfer Order should be overruled.

---

[2] VM's Reply (Dkt. 96) incorrectly argued Judge Gilstrap's transfer orders in the IBM and HPE cases refused to discount the inconvenience to out-of-district employees.  While Judge Gilstrap rejected IBM and HPE's suggestion that these witnesses should be ignored entirely, he agreed not to afford these witnesses  "too much significance," citing *In re Apple*.  Dkt. 91-1 at 15.

DATED: March 13, 2025                    Respectfully submitted,

/s/ David A. Perlson
David A. Perlson (*admitted pro hac vice*)
david.perlson@hoganlovells.com
Hogan Lovells US LLP
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2412

Deepa Acharya
deepaacharya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
Telephone: (202) 538-8000
Fax: (202) 538-8100


/s/ Katharine Lee Carmona
Katharine Lee Carmona
Texas State Bar No. 00787399
kcarmona@jw.com
Jackson Walker L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 (facsimile)

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)

Erica Benites Giese
Texas State Bar No.  24036212
egiese@jw.com
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 (facsimile)

*Counsel for Defendant Google LLC*

3

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 13, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to counsel for all parties of record.

<em>/s/ Katharine Lee Carmona</em><br>
Katharine Lee Carmona